Theresa L. Evans
134 Lariat Road
Baltimore, MD 21220
August 22, 2007

RECEIVED
AUG 27 2007
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

Mitchell H. Cohen Building
 & U.S. Courthouse
4th & Cooper Street
Room 1050
Camden, NJ 08101

Attn: Judge Noel Hillman

Dear Judge Hillman:

This is in regards to the Menufoods recall decision you made telling Crawford and Company to stop calling people who are participating in a lawsuit against Menufoods.

However, my family and I are not one of these people. We had a dog die from eating one of the contaminated foods and were working privately with Crawford and Company. They only called our house twice and both times were very compassionate and understanding. They only asked me the same questions that were on the paperwork that they sent to us to fill out and send back to them pertaining to what kind of dog, food, illness/death, etc. I never received any taped messages from Crawford and Company threatening us. I don't know how many others there are out there, who were privately working with Crawford & Co. but there were quite a few, if what I am reading on the websites is true.

When you gave your order to Crawford & Company to cease and desist your calls to the people without having their lawyer present, they also stopped calling the people that were working with them privately. Unfortunately, this now puts us at a disadvantage, because we were not working with a lawyer, and felt that Menufoods would treat us fairly. Now, Crawford and Co. won't even talk to us. They are sitting around doing nothing for us because of your order. We don't think this is fair to the people who were working privately with this company. We lost our pet of almost 11 years, which was in perfect health until fed this food. Menufoods bought tainted wheat gluten, and they are ultimately responsible for the thousands of illnesses and deaths.

The private citizens should not have to suffer because of a bunch of people who feel they should get a lot of money for they trouble. Money won't really solve the problem, and my family is only asking for expenses pertaining to our pet's death. Our expenses don't even come to $700.00, because our pet died very fast. Within two weeks of the vet's visit, she was dead in my arms. I don't think we have should have to suffer because of the people in the lawsuit.

I'm sorry for being so long-winded, but I felt that you should know what is going on with the private citizens that felt MenuFoods would treat them fairly. We didn't have a problem with Crawford and Company, the people who filed the lawsuits are the one's with hot heads. We private citizens just want our expenses resolved.

Thank you for listening.

Sincerely yours,

*Theresa L. Evans*

Theresa L. Evans

August 2, 2007

**RECEIVED**

AUG - 9 2007

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

The Honorable Noel L. Hillman
District Judge
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets
Room 1050
Camden, NJ 08101

Re: Pet Food Liability Litigation
    MDL Docket Number: 1850
    Master Docket in New Jersey: 1:07cv2867 (NLH)(AMD)
    Nutro Products Claim Number GL0007074682

Dear Judge Hillman,

I had two cats that went into kidney failure after eating Nutro cat food. Unfortunately, after a two-week stay at the veterinarian, one of them died. The other survived and has been receiving treatment for 6 months. I had been in contact with the company and their insurer (The Hartford) in connection with reimbursement for the vet's bills, and we were prepared to resolve all issues between us by their agreeing to reimburse me for these expenses.

Recently, I received the enclosed letter from the insurer indicating that, because of an order you issued, they were no longer permitted to discuss the matter with me. From what I read, the Court was concerned with the company or its representatives contacting parties involved in the actions before the Court. I am not represented by counsel in this matter and I have not joined or been asked to join in any actions before this or any other court. I would like to resolve this with the company simply for reimbursement of my expenses.

My question is whether the Court intended to restrain the company and its representatives from dealing with me to resolve my claim, or has the company misunderstood the Court's instructions. If the company cannot discuss this with me, does the court require me to become a party to the action before it in order to obtain reimbursement as opposed to my resolving the case with the company on my own?

I appreciate the Court's attention to this matter.

Respectfully,

*Carol Byrnside*
Carol Byrnside
152 Yacht Watch Dr.
Holden Beach, NC 28462

**RECEIVED**

**JUL 3 0 2007**

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

July 25, 2007

Honorable Noel L. Hillman
United States District Court
District of New Jersey,
1050 Mitchell H. Cohen
Unites States Court House
400 Cooper Street
Cambden, NJ 08102

Dear Sir;

As a pet owner caught up in the Menu Foods issue, I need some clarification. It appears that your court order preventing Menu Foods or its insurer, Camden and Company, has backfired, or at least created a Catch-22 situation for some of us who lost our pets and are confused about how to proceed.

I am one of those who, so far, has opted not to get involved in a lengthy class action suit. Consequently, I filled out the online questionnaire linked to Camden and Company. That was months ago and there has been no response, no reimbursement of some $500 in vet fees for my pet which subsequently died of renal failure. I still retain pouches of the cat food which match both bar code and date information identifying them as among the tainted batch.

My understanding is that the gag order was in response to Menu Foods' harassment of pet owners represented by counsel. I'm not represented by counsel, but both Menu Foods and Camden are hiding behind the court order as an excuse not to talk to me and not to pay expenses incurred as promised by the president of Menu Foods. They offer only a curt, automated phone message stating that they are not allowed to talk to pet owners. They state that when the court order is lifted they will resume processing of claims. (When I asked Menu Foods spokesmen who issued the court order they stated that they did not have that information!) When asked about Camden and Company, they further state that they have no affiliation with any second party!

I don't know what to believe. Is a Federal court order ever lifted? Is a class action the only way?

Now I am being urged by various law firms to join their class action suits. All of this has left me totally confused. By responding to the Camden questionnaire am I exempt from joining a class action?

Can your office provide some clarity on the matter?

Sincerely,

Thomas Lincoln

Thomas Lincoln
616 South 71st Street
Springfield, OR 97478

Paula A. Somsky
10559 Sandalfoot Blvd. W.
Boca Raton, FL 33428

Honorable Judge Noel Hillman
Mitchell H. Cohen Bldg &
US Courthouse
4th and Cooper Streets
Room 1050
Camden, NJ 08101

**RECEIVED**

JUL 2 6 2007

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

Dear Judge Hillman,

I have been advised that you have issued an order preventing Menu Foods and Crawford & Company from negotiating with individuals who have lost pets due to the tainted pet food.

I wish to petition for an exception to your ruling so I can negotiate on my own behalf. I am a working woman who not only lost her beloved cat but now must deal with the fact that I am being blocked from regaining as much as possible of the $1000.00 in vet bills and lab fees.

To someone, such as myself, $1000.00 is a lot of money. If I am forced to become part of a class action suit, the lions share of any recovery will go to attorneys. This creates a hardship I should not have to endure as I am likely to see little or nothing of what I have spent after all the attorney's fees.

I have recalled food, food receipts, vet bills, diagnosis, lab results from the autopsy by the Florida Department of Agriculture all pointing to the pet food.

One thousand dollars is a great deal of money. I implore you to issue an exception to your ruling to permit me the opportunity to deal directly with Menu Foods and Crawford & Company. I do not have an attorney, nor can I afford one.

Regards,

Paula A. Somsky