# MCLAUGHLIN & STERN, LLP

**ALAN SASH**
Partner
Direct Phone: (212) 448–6250
E–Mail: asash@mclaughlinstern.com

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066

**MILLBROOK OFFICE**
Franklin Avenue
P.O. Box 1369
Millbrook, New York 12545
(845) 677–5700
Fax (845) 677–0097

September 11, 2007

<u>**VIA ECF SYSTEM**</u>

United States District Court
Mitchell H. Cohen Building and U.S. Courthouse
District of New Jersey
4th and Cooper Streets
Camden, New Jersey 08101

        Re:    In re Pet Food Products Liability Litigation - Agenda Items
                Civil Action Number 07-2867 (NLH)
                MDL Docket No. 1850
                <u>ALL CASES</u>

Dear Judge Hillman,

      I am one of the counsel representing the plaintiffs in *Tinker, et. al. v. Menu Foods, Inc.*, which has been consolidated into the above-referenced action. My firm, and Abbey Spanier Rodd & Abrams, LLP, have jointly submitted a motion to be appointed Interim Class Counsel in the consolidated actions. I write pursuant to the Court's August 14, 2007 Practice and Procedure Order requesting that counsel suggest agenda items to be covered at the September 26, 2007 conference in this matter.

      In addition to the respective motions for interim lead counsel and defendants' contact with unrepresented class members seeking to settle their claims, we respectfully submit that the following three matters be discussed at the September 26th conference:

      1. Comprehensive pleadings    2. Discovery schedule    3. Settlement

      First, the filing of comprehensive pleadings should be discussed because, to date, we have approximately 100 complaints in these consolidated actions. Plaintiffs and defendants should each be encouraged to file one complaint and one answer wherein all of the allegations and

Dockets.Justia.com

MCLAUGHLIN & STERN, LLP

defenses be laid out. This would undoubtedly make life much easier on counsel and the court.

Second, the parties should be permitted to begin the discovery process after comprehensive pleadings are served and filed. A Case Management Plan should be entered into at the conference setting forth specific discovery deadlines.

Third, the Court should discuss the possibility of settlement even at this early stage. Having recently litigated two putative class actions concerning death and injury to companion animals that are on the eve of settlement, I truly believe that these consolidated actions should (and can) be settled. Mediation may also be a good alternative and I am confident that counsel for plaintiffs and defendants can agree on an impartial mediator.

We appreciate the opportunity to submit this letter.

Respectfully submitted,

Alan E. Sash