# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  PET FOOD PRODUCTS LIABILITY LITIGATION | Civil Action No.  07-2867 (NLH)<br><br>MDL DOCKET NO. 1850 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | DECLARATION OF PAUL J. GELLER IN REPLY TO KAMBER GROUP'S OPPOSITION TO MAJORITY PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD AND LIAISON COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)<br><br>Date:  September 26, 2007<br>Time:  11:00 a.m.<br>Courtroom:  3A<br><br>The Honorable Noel L. Hillman |

Pursuant to 28 U.S.C. § 1746, I, Paul J. Geller, hereby declare:

1.  My name is Paul J. Geller.

2.  I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration.  I have personal knowledge of the matters set forth herein, and if called upon to testify, would be competent to do so.

3.  I am a member of the bar of the State of Florida, and I am the managing partner of the Boca Raton, Florida office of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia").

4.  Coughlin Stoia is counsel for the named plaintiffs in a number of actions now pending before this Court and consolidated into the above-captioned action.

5. I have previously submitted a declaration, [Dkt. No. 32-6], in support of Majority Plaintiffs' Motion for Appointment of Interim Lead Co-Lead Counsel and Liaison Counsel Pursuant to Fed. R. Civ. P. 23(g) (the "Majority Plaintiffs' Motion"), [Dkt. No. 32]. That declaration, and Coughlin Stoia's firm resume attached thereto as Exhibit A, detailed the experience and qualifications my firm possesses that make it well-suited for appointment as interim co-lead counsel in this action.

6. On September 12, 2007, lawyers Scott A. Kamber, Jay Edelson and William M. Audet (collectively, the "Kamber Group") filed a Consolidated Opposition brief (the "Kamber Opposition Brief"), [Dkt. No. 52], in response to, among other things, the Majority Plaintiffs' Motion.

7. This declaration is submitted in response to the arguments made by the Kamber Group on pages 8-9 of the Kamber Opposition Brief wherein they contend – with no support – that the law firms of Hagens Berman Sobol Shapiro, LLP and Coughlin Stoia "seem to offer little more than their resumes and "promises" to contribute in the future" and "have made a limited contribution to the litigation." (Kamber Opp. at 9)

8. These contentions are simply incorrect. Coughlin Stoia has been intimately involved in this litigation – and the protection of aggrieved pet owners – since March 26, 2007, when the firm was retained by its first client pet owner and initiated a lawsuit in the United States District Court for the Southern District of Florida, styled *Troiano v. Menu Foods, Inc., et al.*, Case No. 07-60428-CIV-COHN/SNOW (S.D. Fla.) (the "*Troiano* Action").[1]

---

[1] Coughlin Stoia has since been formally retained by 21 additional pet owners to represent their interests in this litigation, and maintains regular contact with an additional 206 affected pet owners from across the nation to provide them with frequent updates on the status of this litigation.

2

9. Following the filing of the *Troiano* Action, my firm reached out to the law firms of Wexler Toriseva Wallace LLP ("Wexler Toriseva") and Berger & Montague, P.C. ("Berger & Montague") to ascertain whether those firms would be interested in combining all three firms' substantial class action experience and resources to protect the interests of aggrieved pet owners in this multidistrict litigation. Indeed, it quickly became clear to me that, given the number of potentially responsible parties and the expansiveness of the pet food recalls, more than one law firm would be beneficial to ensure the protection of the interests of the putative class. Accordingly, as early as late-March/early-April 2007, Coughlin Stoia, Wexler Toriseva and Berger & Montague quickly formed a professional bond that remains unbroken to this day.[2] Since then, these firms, along with Hagens Berman, have held weekly, if not daily, conference calls regarding all aspects of litigation strategy.

10. Over the course of the next few weeks, Coughlin Stoia worked closely with Wexler Toriseva and Berger & Montague to try to organize the multiple plaintiffs' law firms then involved in the litigation. To this end, our three firms collectively did two things: First, we together proposed that counsel for the then 80+ plaintiffs meet in Chicago in an attempt to come to a consensus regarding a number of outstanding issues, including, among others, evidence preservation, expert retention, as well as to discuss the factual and legal aspects of this case.[3] While the Kamber Group has chastised the Chicago meeting as "imprudent" and one which "led to confusion," (Kamber Opp. at 10), such is simply not the case. Indeed, in the weeks following the Chicago meeting, my firm, Wexler Toriseva and Berger & Montague were each contacted by

---

[2] As the Declaration of Steve W. Berman filed contemporaneously herewith attests, Hagens Berman joined the Majority Plaintiffs' Group in May 2007.

[3] *See* Exhibit B to Appendix of Exhibits in Support of Majority Plaintiffs' Motion, [Dkt. No. 32-12] ("Letter to Plaintiffs' Counsel dated March 30, 2007).

3

numerous law firms representing several plaintiffs in this litigation each of whom indicated their appreciation of and support for the work performed to date by our group. As noted in the Majority Plaintiffs' Motion, our group has the support of a clear majority of the plaintiffs and their lawyers in this litigation.

11. Second, we coordinated a meeting with then national counsel for the Menu Foods defendants in Chicago for the purpose of discussing, among other things, Menu Foods' insurance coverage and Menu Foods' thoughts on which district court should oversee the multidistrict litigation. This meeting represented a beginning dialogue with counsel for Menu Foods that, despite recent changes in defense counsel, continue to this day in a far more substantial way.

12. In April 2007, the Menu Foods defendants filed motions to stay every case pending against them in light of the pending MDL proceedings. Following the filing of these motions, including motions filed in all five of Coughlin Stoia's cases, my firm was instrumental in obtaining one of the first stipulations with the Menu Foods defendants to preserve evidence during the pendency of the stay.[4] This order served as the model for similar orders entered in a substantial number of the pet food cases in other district courts throughout the nation.

13. In early May 2007, it became clear to my group that the Menu Foods defendants, through their hired claims administrator, had been engaging in improper communications with members of the putative class in an attempt to obtain information from them and, eventually, to settle their individual claims. Accordingly, during the first week of May 2007, my firm, along with Wexler Toriseva, Berger & Montague and Hagens Berman, researched the law concerning communications with class members and communications with represented persons generally and concluded that immediate intervention by the Court was necessary. My firm then worked

---

[4] *See* Order Granting Defendants' Motion to Stay All Proceedings dated April 26, 2007 in the *Troiano* Action, a copy of which is attached hereto as Exhibit A.

4

closely with Wexler Toriseva, Berger & Montague and Hagens Berman in the drafting of the show cause motion against Menu Foods in *Workman v. Menu Foods, et al.*, Case No. 07-1338 (NLH) (D.N.J.) (the "*Workman* Action"), which this Court set for hearing on May 18, 2007. Lawyers from Coughlin Stoia did not personally attend the hearings on the show cause motion in light the fact that Berger & Montague's offices in Philadelphia were close to the courthouse, and Wexler Toriseva attorneys were to attend and any additional attorneys at the hearing would have clearly been a waste of resources.

14. However, once the issue of the crafting of a proposed curative communication to class members from Menu Foods arose, Coughlin Stoia worked closely with Wexler Toriseva, Berger & Montague and Hagens Berman, and over a very short period of time, to draft such a proposed communication. In addition, following a subsequent hearing on the show cause motion held on May 24, 2007, Coughlin Stoia worked closely with Wexler Toriseva, Berger & Montague and Hagens Berman in connection with the drafting and negotiation with Menu Foods over the form of a proposed Consent Order, which was entered by the Court in the *Workman* Action on June 4, 2007. [*Workman* Action, Dkt. No. 31] This same amount of substantive work was performed by Coughlin Stoia with respect to my group's show cause motion against Proctor & Gamble in the action styled *Sokolowski v. Menu Foods, Inc., et al.*, Case No. 07-01709 (NLH) (D.N.J.), which this Court granted on June 27, 2007 by ordering Proctor & Gamble to send curative letters to class members, temporarily suspend the settlement component of its reimbursement program, and not to communicate with represented individuals. [*Sokolowski* Action, Dkt. No. 16] In sum, Coughlin Stoia attorneys have worked tirelessly with attorneys at

Wexler Toriseva, Berger & Montague and Hagens Berman to ensure that putative class members are protected from misleading and improper contacts by certain defendants in this litigation.[5]

15. In addition, in mid-May 2007, Coughlin Stoia was contacted by attorneys at the California law firm of Berding & Weil who advised my firm that they had been retained by hundreds of pet owners seeking to hold Menu Foods and others responsible for injuries to or the death of their pet(s). In light of Coughlin Stoia's significant involvement in this litigation and preeminence in the field of class action litigation, Berding & Weil wished to associate itself with Coughlin Stoia in connection with the pet food litigation. Berding & Weil now represents 913 pet owners and maintain regular contact with 2,513 class members in this case.

16. Finally, during the course of the past several months, Coughlin Stoia has also not waited to begin the necessary research concerning many of the key legal issues confronting the plaintiff class in this case. Two of these issues are the effect of indemnity agreements purportedly in existence between Menu Foods and its vendors, and the ability of aggrieved pet owners to obtain "special damages" for the loss of their pets as a result of the defendants' negligence and breach of warranty. To this end, Coughlin Stoia attorneys, working cooperatively with other lawyers in our group, have conducted a significant amount of research on both of these issues.

---

[5] All of this information is supported by my firm's time records.

17. In sum, the Kamber Group's criticism of Coughlin Stoia and Hagens Berman appears not to be a swipe at our firms' respective successes, abilities and resources, but rather a belief that since we have not presented a public face in this litigation, we have done nothing to advance the litigation or protect the interests of the putative class. This is demonstrably false and is belied by all of the substantive work we have performed over the course of the past six months, as detailed above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on September 18th, 2007 in Boca Raton, Florida.

**FURTHER DECLARANT SAYETH NAUGHT**

_____
Paul J. Geller

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60428-CIV-COHN/SNOW

CHRISTINA TROIANO, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

MENU FOODS, INC. and MENU FOODS
INCOME FUND,

      Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS

**THIS CAUSE** is before the Court upon Defendants' Motion to Stay All Proceedings [DE 5], and having considered the Motion and the record, and noting the agreement of the parties, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay All Proceedings [DE 5] is **GRANTED**, pending the transfer decision by the Judicial Panel on Multidistrict Litigation in the case styled In re Pet Food Products Liability Litigation, MDL No. 1850, and a determination of class certification by the transferor court. It is further

**ORDERED AND ADJUDGED** that all parties shall, during the pendency of the stay in this matter, comply with their duty to preserve all evidence that may be relevant to this action. This duty extends to documents, electronic data, and tangible things in the possession, custody, and control of the parties to this action, and any employees, agents, contractors, or carriers who possess materials reasonably anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted broadly to

accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be ths subject of discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. "Preservation" includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of materials, the party must, to the extent practicable for the pendency of this Order, do one of the following:

    i.    halt such business practices;

    ii.    sequester or remove such material from the business process; or

    iii.    arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 26th day of April, 2007.

                                            */s/ James I. Cohn*
                                            JAMES I. COHN
                                            United States District Judge

Copies provided to:

Counsel of record

**Nyla Libhart**

**From:** cmecfautosender@flsd.uscourts.gov
**Sent:** Thursday, April 26, 2007 9:25 AM
**To:** flsd_cmecf_notice@flsd.uscourts.gov
**Subject:** Activity in Case 0:07-cv-60428-JIC Troiano v. Menu Foods, Inc. et al "Order on Motion to Stay"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from lc2 entered on 4/26/2007 at 9:24 AM EDT and filed on 4/26/2007
**Case Name:** Troiano v. Menu Foods, Inc. et al
**Case Number:** 0:07-cv-60428
**Filer:**
**Document Number:** 19

**Docket Text:**
ORDER granting [5] Motion to Stay. Signed by Judge James I. Cohn on 04/26/2007. (lc2)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=4/26/2007] [FileNumber=3938367-0
] [2a841de326976986626b206e757c87edf04376bf278bced57712e8bdb34cd72c370
24f97d71232cf6d1953b14b35b3948c1e74d639ba61c950651618f6c5a2bf]]

**0:07-cv-60428 Notice will be electronically mailed to:**

James Lee Davidson    jdavidson@lerachlaw.com, e_file_fl@lerachlaw.com

Stuart Andrew Davidson    sdavidson@lerachlaw.com, e_file_fl@lerachlaw.com

Paul Jeffrey Geller    pgeller@lerachlaw.com

Robert Dewitt McIntosh    rdm@adorno.com, kmp@adorno.com

**0:07-cv-60428 Notice will be delivered by other means to:**

Lawrence M. Kopelman
Kopelman & Blankman

4/26/2007

350 E Las Olas Boulevard
Suite 980
Fort Lauderdale, FL 33301

4/26/2007