

**DLA Piper US LLP**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Amy W. Schulman
amy.schulman@dlapiper.com
**T**  212.335.4700
**F**  212.884.8508

October 17, 2007
*VIA ECF*

Honorable Noel L. Hillman
United States District Court
Federal Building
One John F. Gerry Plaza, Room 6020
Camden, NJ  08101

Re:    *In re Pet Food Litigation,* **MDL No. 1850;  letters to be sent to eight non-party**
       **members of the putative class pursuant to the Court's September 26, 2007 Order**

Dear Judge Hillman:

Pursuant to your Order dated September 26, 2007, attached please find draft letters for use with seven of the eight non-party members of the putative class who contacted you by phone or letter:  (1)  Carol Byrnside; (2) Robert Cazuoti; (3) Theresa L. Evans; (4) Jodi Golbeck; (5) Thomas Lincoln; (6) Paula Somsky; and (7) Brian Varian.  Counsel for Procter & Gamble has advised that it reached a settlement with Brian Gordon, the eighth non-party member of the putative class who contacted the Court following his call to Your Honor, so we have not prepared a letter to him.

In compliance with your Order, we, along with Lisa Rodriguez, contacted the four non-party members of the putative class who contacted the Court by telephone.  As a result of those conversations, we were able to obtain their addresses and determine the brand manufacturer or retailer from whom they purchased the pet food at issue.  We have tailored the letters for those individuals: Mr. Cazuoti; Ms. Golbeck; and Mr. Lincoln.  In addition, we have tailored the letter for Ms. Byrnside, who identified the brand manufacturer of the pet food she purchased in her letter to you.  The remaining three non-party members of the putative class who contacted you by letter, Ms. Evans, Mr. Lincoln, and Ms. Somsky, did not indicate the brand manufacturer or retailer from whom they purchased the pet food at issue.  Accordingly, we have included a generic letter that can be used for each of them.

Defendants have all reviewed and approved of these letters.  The plaintiffs have reviewed these letters and have indicated that they do not have any issues with the substance of the letters. The plaintiffs, however, have not undertaken a review of each of the defendants' settlement programs to see if they comply with this Court's prior rulings on communications with putative class members.  With one exception noted below, defendants have represented to plaintiffs that they are using curative communications that comply with the Court's prior rulings on communications with putative class members.  In the case of Ms. Golbeck, she purchased a brand of pet food sold by Dominick's, a grocery store owned by Safeway/Vons.  Dominick's and

Dockets.Justia.com



Honorable Noel L. Hillman
October 17, 2007
Page Two

Safeway/Vons do not have a settlement program. In this instance, we have proposed that Ms. Golbeck contact Dominick's/Safeway's counsel, Mark Goodman, who will provide her with a curative communication that complies with the Court's earlier rulings. This will provide Ms. Golbeck with an outlet to pursue resolution of her claim should she choose to do so after receiving a curative communication from counsel.

We are available to address any questions that the Court may have regarding these letters.

Respectfully submitted,

Amy Weinfeld Schulman

cc:    Lisa J. Rodriguez, Esq.
       Mark Goodman, Esq.
       Craig Hoover, Esq.
       Jeffrey Ireland, Esq.

WASH1\4932288.1
365652-1

4932288-1