UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Hon. Noel L. Hillman<br><br>MDL Docket No. 1850<br><br><u>ALL CASES</u> |

**AGREEMENT REGARDING THE PRESERVATION AND DESTRUCTION OF ORGANIZED PRODUCT AND THE DESTRUCTION OF UNORGANIZED INVENTORY**

The Parties hereby enter into the following agreement (the "Agreement") with respect to the preservation and destruction of Organized Product and the destruction of Unorganized Inventory:

1. **DEFINITIONS**

    A. **Party or Parties**: "Party" or "Parties" means Menu Foods, Inc.; Menu Foods Income Fund; Menu Food GenPar Limited; Menu Foods Holdings, Inc.; Menu Foods Limited; Menu Foods Limited Partnership; Menu Foods Midwest Corporation; Menu Foods Operating Limited Partnership; Menu Foods South Dakota, Inc.; Menu Foods Operating Trust; Menu Foods Acquisitions Inc.; The Iams Company; The Procter & Gamble Company; Del Monte Foods Company; Nestle Purina PetCare Company; Hill's Pet Nutrition, Inc.; and Nutro Products, Inc. (collectively, the "Defendants"); as well as all named plaintiffs in This Litigation represented by the undersigned plaintiffs' counsel (collectively the "Plaintiffs"). It is intended that all plaintiffs in This Litigation shall benefit from the provisions of this Agreement. It is acknowledged that all plaintiffs and defendants in This Litigation are not signatories to this Agreement. This

**Exhibit 1**

Agreement specifically contemplates that no action will be taken unless and until ordered by the Court.

B. **The Storing Defendants**: "The Storing Defendants" means Menu Foods, Inc.; Menu Foods Income Fund; Menu Food GenPar Limited; Menu Foods Holdings, Inc.; Menu Foods Limited; Menu Foods Limited Partnership; Menu Foods Midwest Corporation; Menu Foods Operating Limited Partnership; Menu Foods South Dakota, Inc.; Menu Foods Operating Trust; Menu Foods Acquisitions Inc.; The Iams Company; Del Monte Foods Company; Nestle Purina PetCare Company; Hill's Pet Nutrition, Inc.; and Nutro Products, Inc. These parties currently possess Organized Product and/or Unorganized Inventory as indicated by The Storing Defendants in their respective declarations in support of Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Recalled Product.

C. **This Litigation**: "This Litigation" means the civil actions consolidated in MDL Docket No. 1850, pending in the United States District Court for the District of New Jersey and collectively captioned *In re: Pet Food Products Liability Litigation*, Civil No. 07-2867 (NLH/AMD) as of the date of this Agreement.

D. **Recalled Pet Food Product**: "Recalled Pet Food Product" means units of pet food, whether in cans, bags or pouches (collectively "units"), that were subject to the voluntary recalls initiated by the Defendants in March, April and May 2007 due to allegedly contaminated wheat gluten contained in the Recalled Pet Food Product.

E. **Customers**: "Customer" or "Customers" means business entities that purchased Recalled Pet Food Product from The Storing Defendants.

F.  **Unorganized Inventory**: "Unorganized Inventory" means containers of varying types, such as banana boxes, drums, garbage bins, etc., which are being stored in a manner dissimilar to the manner in which the Recalled Pet Food Product was packaged and shipped by The Storing Defendants, that were returned by Customers and received by The Storing Defendants in response to the voluntary recalls initiated by the Defendants in March, April and May 2007 due to allegedly contaminated wheat gluten contained in the Recalled Pet Food Product. The Storing Defendants represent that the contents of these containers are haphazardly organized and may contain Recalled Pet Food Product, but often also contain pet food products that were not subject to the Defendants' recalls. The Storing Defendants also represent that many of these containers also contain such items as car parts, household cleaners, and other non pet food products. Because of the manner in which the Unorganized Inventory is stored, The Storing Defendants represent that it cannot be fully inventoried by SKU Date and accounted for at a reasonable cost.

G.  **Organized Product**: "Organized Product" means cases of Recalled Pet Food Product stored by The Storing Defendants that were returned by Customers or held by The Storing Defendants in a manner similar or identical to that in which they were originally packaged by The Storing Defendants. Typically, the Organized Product is packaged by The Storing Defendants with individual units contained within cardboard cases. The cases are then stacked and shrink-wrapped together on top of a wooden pallet. Because Organized Product exists in a manner similar or identical to that in which it was packaged by The Storing Defendants, the Storing Defendants represent that it can be inventoried and accounted for at a reasonable cost.

H.  **SKU date**: "SKU date" means the total number of units of the same recipe of Recalled Pet Food Product produced on the same production day.

I.  **Sampling Plan**: "Sampling Plan" means the plan set forth in the Declaration of Dr. George P. McCabe In Support of Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory filed with the Court as an attachment to such motion (the "McCabe Declaration") in which Dr. McCabe identifies the quantity of Organized Product which should be preserved in order for a statistically representative sample of the Recalled Pet Food Product to exist to satisfy the research and testing needs of Plaintiffs and other interested parties, including a determination of the presence and range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Recalled Pet Food Product. Dr. McCabe, who was engaged by The Storing Defendants to develop the Sampling Plan and the Retrieval Plan, is Professor of Statistics and Associate Dean for Academic Affairs, College of Science, at Purdue University.

J.  **Retrieval Plan**: "Retrieval Plan" means the general plan included in the McCabe Declaration in which Dr. McCabe identifies the method by which each Storing Defendant will retrieve samples pursuant to the Sampling Plan to accommodate the varying manners in which The Storing Defendants are storing their respective Organized Product. The Parties and their experts have not reached consensus on the specific details of the Retrieval Plan, including the number of pallets and cases of Organized Product from which the samples will be retrieved.

2.  **RECITATION OF FACTS**

A.  **Whereas** the Parties agree that The Storing Defendants have in their possession Organized Product and Unorganized Inventory.

4

B.	**Whereas** The Storing Defendants have advised Plaintiffs that they are storing millions of units of Organized Product and Unorganized Inventory at an aggregate cost of over $500,000 per month.

C.	**Whereas** The Storing Defendants have advised Plaintiffs that the continued storage of large quantities of the Organized Product and Unorganized Inventory gives rise to health and safety concerns.

D.	**Whereas** The Storing Defendants have advised Plaintiffs that the United States Food and Drug Administration has informed Storing Defendant Del Monte Foods Company that the storage of large quantities of recalled pet food and ingredients in their possession has given rise to health and safety concerns and should be destroyed.

E.	**Whereas** The Storing Defendants provided to Plaintiffs their respective inventories of Organized Recalled Pet Food for each SKU date.

F.	**Whereas** the Parties agree that the quantity of Organized Product The Storing Defendants have in their possession exceeds the quantity that would be used for the Parties and other interested persons' research and testing needs, including a determination of the presence and range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Recalled Pet Food Product.

G.	**Whereas** as reflected in the inventories of Organized Product each Storing Defendant provided to Plaintiffs, The Storing Defendants do not have 500 units for each SKU date within the Organized Product and in some instances do not have any units for a specific SKU date within the Organized Product.

H.	**Whereas** the Sampling Plan calls for, among other things, the preservation of 500 units of Recalled Pet Food Product per SKU date from the Organized Product for SKU dates

where 500 units are available within the Organized Product and the preservation of all available units from the Organized Product for SKU dates where 500 units are not available within the Organized Product.

I.      **Whereas** Plaintiffs engaged Nicholas P. Jewell, Ph.D., Vice Provost, Academic Personnel, Office of the President, University of California and Professor of Biostatistics & Statistics, School of Public Health & Department of Statistics, University of California at Berkeley, to review on behalf of Plaintiffs The Storing Defendants' SKU date inventories and analyze the Sampling Plan and Retrieval Plan.

J.      **Whereas** following Dr. Jewell's review of the Sampling Plan and Plaintiffs' deposition of George McCabe, Ph.D., in connection with Del Monte's Emergency Motion to Limit the Retention of Recalled Pet Treats and Food, Raw Wheat Gluten and Mixtures Containing Recalled Wheat Gluten ("Del Monte Motion") and all other information voluntarily made available by The Storing Defendants, Plaintiffs agree not to object to the Sampling Plan providing that 500 units per SKU date will be preserved from the Organized Product for SKU dates where 500 units are available within the Organized Product and providing that all available units will be preserved from the Organized Product for SKU dates where 500 units are not available within the Organized Product.

K.      **Whereas** following Dr. Jewell's review of the Sampling Plan and Plaintiffs' deposition of George McCabe, Ph.D., in connection with Del Monte's Retrieval Plan and all other information voluntarily made available by The Storing Defendants, Plaintiffs agree not to object to the Retrieval Plan, subject to the Parties and their experts reaching consensus on the specific details of the Retrieval Plan, including the number of pallets and cases of Organized Product from which the samples will be retrieved. The Storing Defendants and Plaintiffs reserve

their rights to move the Court for approval of a Retrieval Plan in the event that the Parties and their experts are not able to reach consensus in a timely manner.

L.  **Whereas**, although Plaintiffs have not yet commenced formal discovery on this matter as a result of the stay in This Litigation, Plaintiffs are entering into this Agreement on an informed basis based on documents and information (and the contents thereof) provided by The Storing Defendants and requested by Plaintiffs from The Storing Defendants, including but not limited to Plaintiffs' inspection of, and opportunity to inspect, certain of The Storing Defendants warehouses; Plaintiffs' deposition of Dr. McCabe; the representations made by The Storing Defendants; and Dr. Jewell's review and analysis of such documents, information, deposition testimony and representations.

**3. AGREEMENT**

In light of the above, and subject to approval by the Court, the Parties agree as follows:

A.  The Storing Defendants will preserve 500 units per SKU date from the Organized Product for SKU dates where 500 units are available within the Organized Product and The Storing Defendants will preserve all available units per SKU date from the Organized Product for SKU dates where 500 units are not available within the Organized Product.  Each Storing Defendant shall maintain an inventory of all Organized Product that it is preserving and a list of those SKU Dates for which the Storing Defendant does not possess any units within the Organized Product, neither of which the Storing Defendants shall provide Plaintiffs.  Plaintiffs reserve their right to seek an Order from the Court for good cause shown requiring any of The Storing Defendants to produce its respective inventory of units of Organized Product preserved and/or the list of SKU Dates for which The Storing Defendant does not possess any units within the Organized Product.

B.   The Parties agree that the Sampling Plan and the Retrieval Plan provide a sufficient statistically representative sample of the Organized Product and will satisfy the Parties and other interested persons' research and testing needs, including a determination of the presence and range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Recalled Pet Food Product or any other issue in this Litigation. The Parties agree that no Organized Product may be destroyed until the number of pallets and cases of Organized Product from which the samples will be taken is agreed to or the Court enters an order allowing such destruction.

C.   The Storing Defendants are filing a motion with the Court requesting Court approval to destroy any and all of the remaining Organized Product not preserved pursuant to Section A hereto and any and all of the Unorganized Inventory, and Plaintiffs do not oppose the motion.

D.   Plaintiffs reserve all rights to raise claims for spoliation of evidence in This Litigation and to seek factual inferences related to the storage of the Recalled Pet Food Product. Defendants reserve all rights to raise any and all objections, responses or defenses to any such spoliation of evidence claims or factual inferences that Plaintiffs might advance.

E.   The Parties agree that no Party may use the Sampling Plan, Retrieval Plan or the absence and/or destruction of any Organized Product or Unorganized Inventory in any way as against any other Party. Nothing in this Agreement, however, shall preclude a Party from creating assumptions regarding the characteristics of the Organized Product and Unorganized Inventory destroyed by The Storing Defendants based upon the characteristics of the Organized Product preserved by The Storing Defendants pursuant to the Sampling Plan. Similarly, all

Parties reserve the right to object to other Parties' attempt to introduce such assumptions at the trial of This Litigation or otherwise.

F.      The Parties agree that this Agreement is limited to the preservation and destruction of Organized Product and Unorganized Inventory and in no way impacts the Parties' on-going negotiations regarding the Retrieval Plan and the preservation and destruction of raw wheat gluten and work-in-progress. In addition, the Parties reserve all rights to file any motions and make any other submissions with the Court regarding (1) a Retrieval Plan and (2) the preservation and destruction of raw wheat gluten and work-in-progress.

G.      This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

///**SIGNATURES ON FOLLOWING PAGES**///

## **PLAINTIFFS**

By: /s/ William M. Audet
William M. Audet
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@auetlaw.com

By: /s/ Scott A. Kamber
Scott A. Kamber
Jay Edelson
KAMBER EDELSON
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364
skamber@kolaw.com
jay@kamberedelson.com

By: /s/ Sherrie R. Savett
Sherrie R. Savett
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

By: /s/ Lisa J. Rodriguez
Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

By: /s/ Kenneth A. Wexler
Kenneth A. Wexler
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Il 60603
Telephone: (313) 346-2222
Facsimile: (312) 346-0022

By: _____
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

**PLAINTIFFS**

By: _____
William M. Audet
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@auetlaw.com

By: _____
Scott A. Kamber
Jay Edelson
KAMBER EDELSON
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364
skamber@kolaw.com
jay@kamberedelson.com

By: _____
Sherrie R. Savett
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

By: _____
Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

By: _____
Kenneth A. Wexler
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Il 60603
Telephone: (313) 346-2222
Facsimile: (312) 346-0022

By: /s/ _____
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

By: /s/ Stuart A. Davidson
Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

## DEFENDANTS

By: _____
Amy Weinfeld Schulman
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4700
Facsimile: (212) 335-4501

Attorneys for Defendants
Menu Foods, Inc.; Menu Foods Income Fund;
Menu Foods GenPar Limited; Menu Foods
Holdings, Inc.; Menu Foods Limited; Menu
Foods Limited Partnership; Menu Foods
Midwest Corporation.; Menu Foods Operating
Limited Partnership; Menu Foods South
Dakota, Inc.; Menu Foods Operating Trust;
Menu Foods Acquisitions Inc.

By: _____
D. Jeffrey Ireland
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3710
Facsimile: (937) 227-3749

Attorneys for Defendants
The Iams Company and
The Procter & Gamble Company

By: _____
Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

**DEFENDANTS**

By: _____
Amy Weinfeld Schulman
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4700
Facsimile: (212) 335-4501

Attorneys for Defendants
Menu Foods, Inc.; Menu Foods Income Fund;
Menu Foods GenPar Limited; Menu Foods
Holdings, Inc.; Menu Foods Limited; Menu
Foods Limited Partnership; Menu Foods
Midwest Corporation.; Menu Foods Operating
Limited Partnership; Menu Foods South
Dakota, Inc.; Menu Foods Operating Trust;
Menu Foods Acquisitions Inc.

By: _____
D. Jeffrey Ireland
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3710
Facsimile: (937) 227-3749

Attorneys for Defendants
The Iams Company and
The Procter & Gamble Company

11

By: *[signature]*
Lindsay Pennington
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7508
Facsimile: (213) 229-6508

Attorneys for Defendant
Nutro Products, Inc.

By: *[signature]*
~~John J. McDonough~~ Richard Fama
COZEN O'CONNOR
~~1900 Market Street~~ 45 Broadway
~~Philadelphia, Pennsylvania~~ 19103  NY, NY 10006
~~Telephone: (215) 665-2000~~  212 908-1229
~~Facsimile: (215) 665-2013~~
 212 505-9452

Attorneys for Defendant
Del Monte Foods Company


By: *[signature]*
James D. Arden
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5889
Facsimile: (212) 839-5599

Attorneys for Defendant
Hill's Pet Nutrition, Inc.

By: *[signature]*
Craig A. Hoover
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910

Attorneys for Defendant
Nestlé Purina Pet Care Company

12