UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Hon. Noel L. Hillman<br><br>**Civil No. 07-2867 (NLH/AMD)**<br><br>MDL Docket No. 1850<br><br><u>ALL CASES</u> |

## AGREEMENT REGARDING THE PRESERVATION AND DESTRUCTION OF RAW WHEAT GLUTEN

The Parties hereby enter into the following agreement (the "Agreement") with respect to the preservation and destruction of ChemNutra Inc. raw wheat gluten:

**1.   DEFINITIONS**

   A.   **Party or Parties**:  "Party" or "Parties" means Menu Foods, Inc.; Menu Foods Income Fund; Menu Food GenPar Limited; Menu Foods Holdings, Inc.; Menu Foods Limited; Menu Foods Limited Partnership; Menu Foods Midwest Corporation; Menu Foods Operating Limited Partnership; Menu Foods South Dakota, Inc.; Menu Foods Operating Trust; Menu Foods Acquisitions Inc.; Del Monte Foods Company; and Chem Nutra Inc.  (collectively, the "Defendants"); as well as all named plaintiffs in This Litigation represented by the undersigned plaintiffs counsel (collectively the "Plaintiffs").  It is intended that all plaintiffs in This Litigation shall benefit from the provisions of this Agreement.  It is acknowledged that all plaintiffs and defendants in This Litigation are not signatories to this Agreement and this Agreement specifically contemplates that no action will be taken unless and until ordered by the Court.

   B.   **The Storing Defendants**:   "The Storing Defendants" or "Storing Defendant" means Menu Foods, Inc.; Menu Foods Income Fund; Menu Food GenPar Limited; Menu Foods

**Exhibit 2-A**

Holdings, Inc.; Menu Foods Limited; Menu Foods Limited Partnership; Menu Foods Midwest Corporation; Menu Foods Operating Limited Partnership; Menu Foods South Dakota, Inc.; Menu Foods Operating Trust; Menu Foods Acquisitions Inc.; Del Monte Foods Company; and Chem Nutra, Inc. These Storing Defendants currently posess Raw Wheat Gluten.

C. **This Litigation**: "This Litigation" means the civil actions consolidated in MDL Docket No. 1850, pending in the United States District Court for the District of New Jersey and collectively captioned *In re: Pet Food Products Liability Litigation*, Civil No. 07-2867 (NLH/AMD) as of the date of this Agreement.

D. **Raw Wheat Gluten:** "Raw Wheat Gluten" means unprocessed wheat gluten subject to ChemNutra Inc.'s voluntary recall initiated on April 2, 2007 due to alleged contamination. The Storing Defendants are holding Raw Wheat Gluten in 55 pound bags and/or 900 kilogram totes.

E. **Batch Number**: "Batch Number" means an 8 digit identification number assigned to the Raw Wheat Gluten by its Chinese manufacturer and used by ChemNutra Inc.

F. **Sampling Plan**: "Sampling Plan" means the plan set forth in the Declaration of Dr. George P. McCabe In Support of Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory (the "McCabe Declaration") in which Dr. McCabe identifies the number of samples from each Batch Number which should be preserved in order for a statistically representative sample of the Raw Wheat Gluten to exist to satisfy the research and testing needs of Plaintiffs and other interested parties, including a determination of the presence and range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Raw Wheat Gluten. Dr. McCabe, who was engaged by The

2

Storing Defendants to develop the Sampling Plan and the Retrieval Plan, is Professor of Statistics and Associate Dean for Academic Affairs, College of Science, at Purdue University.

G. **Retrieval Plan**: "Retrieval Plan" means the general plan included in the McCabe Declaration in which Dr. McCabe identifies the method by which each Storing Defendant will retrieve samples pursuant to the Sampling Plan to accommodate the varying manners in which The Storing Defendants are storing their respective Raw Wheat Gluten. The Parties and their experts have not reached consensus on the specific details of the Retrieval Plan, including the number of bags and/or totes of Raw Wheat Gluten from which the samples will be retrieved.

2. **AGREED UPON FACTS**

A. **Whereas** the Parties agree that The Storing Defendants have in their possession Raw Wheat Gluten.

B. **Whereas** The Storing Defendants have advised Plaintiffs that they are storing over 600 metric tons of Raw Wheat Gluten at an aggregate cost of approximately $9,000 per month.

C. **Whereas** The Storing Defendants have advised Plaintiffs that the continued storage of large quantities of the Raw Wheat Gluten gives rise to health and safety concerns.

D. **Whereas** The Storing Defendants have advised Plaintiffs that the United States Food and Drug Administration has informed Storing Defendants ChemNutra Inc. and Del Monte Foods Company that the storage of large quantities of Raw Wheat Gluten in their possession has given rise to health and safety concerns and should be destroyed.

E. **Whereas** The Storing Defendants provided to Plaintiffs their respective inventories of Raw Wheat Gluten per Batch Number.

F.    **Whereas** the Parties agree that the quantity of Raw Wheat Gluten The Storing Defendants have in their possession exceeds the quantity that would be used for the Parties and other interested persons' research and testing needs, including a determination of the presence and range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Raw Wheat Gluten.

G.    **Whereas** as reflected in the inventories of Raw Wheat Gluten each Storing Defendant provided to Plaintiffs, The Storing Defendants may not have 500 samples for each Batch Number in some instances.

H.    **Whereas** the Sampling Plan calls for, among other things, the preservation of 500 samples of Raw Wheat Gluten per Batch Number in the possession of each Storing Defendant.

I.    **Whereas** Plaintiffs engaged Nicholas P. Jewell, Ph.D., Vice Provost, Academic Personnel, Office of the President, University of California and Professor of Biostatistics & Statistics, School of Public Health & Department of Statistics, University of California at Berkeley, to review on behalf of Plaintiffs The Storing Defendants' Batch Number inventories and analyze the Sampling Plan and Retrieval Plan.

J.    **Whereas** following Dr. Jewell's review of the Sampling Plan and Plaintiffs' deposition of George McCabe, Ph.D., in connection with Del Monte's Emergency Motion to Limit the Retention of Recalled Pet Treats and Food, Raw Wheat Gluten and Mixtures Containing Recalled Wheat Gluten ("Del Monte Motion") and all other information voluntarily made available by The Storing Defendants, Plaintiffs agree not to object to the Sampling Plan providing that 500 samples per Batch Number will be preserved where 500 samples are available within the Raw Wheat Gluten and the preservation of all available samples for Batch Numbers for which 500 samples are not available, if any.

K.  **Whereas** following Dr. Jewell's review of the Sampling Plan and Plaintiffs' deposition of George McCabe, Ph.D., in connection with the Del Monte Motion and all other information voluntarily made available by The Storing Defendants, Plaintiffs agree not to object to the Retrieval Plan, subject to the Parties and their experts reaching consensus on the specific details of the Retrieval Plan, including the number of bags and/or totes of Raw Wheat Gluten from which the samples will be retrieved. The Storing Defendants and Plaintiffs reserve their rights to move the Court for approval of a Retrieval Plan in the event that the Parties and their experts are not able to reach consensus in a timely manner.

L.  **Whereas** although Plaintiffs have not yet commenced formal discovery on this matter as a result of the stay in This Litigation, Plaintiffs are entering into this Agreement on an informed basis based on documents and information (and the contents thereof) provided by The Storing Defendants and requested by Plaintiffs from The Storing Defendants, including but not limited to Plaintiffs' inspection of, and opportunity to inspect, certain of The Storing Defendants warehouses; Plaintiffs' deposition of Dr. McCabe; the representations made by The Storing Defendants; and Dr. Jewell's review and analysis of such documents, information, deposition testimony and representations.

3.  **AGREEMENT**

In light of the above, and subject to approval by the Court, the Parties agree as follows

A.  The Storing Defendants will preserve 500 samples per Batch Number where 500 samples are available within the Raw Wheat Gluten and The Storing Defendants will preserve all available samples for the Batch Numbers for which 500 samples are not available, if any. Each Storing Defendants shall maintain an inventory of all Raw Wheat Gluten that it is preserving and a list of those Batch Numbers for which The Storing Defendants do not possess any samples, if

5

any, neither of which the Storing Defendants shall provide Plaintiffs. Plaintiffs reserve their right to seek an Order from the Court for good cause shown requiring any of The Storing Defendants to produce its respective inventory of samples preserved and/or the list of Batch Numbers for which The Storing Defendant does not possess any samples, if any.

    B.    The Parties agree that the size of each sample will be no less than 2 grams of Raw Wheat Gluten.

    C.    The Parties agree that the Sampling Plan and the Retrieval Plan provide a sufficient statistically representative sample of the Raw Wheat Gluten and will satisfy the Parties and other interested persons' research and testing needs, including a determination of the range of melamine and/or cyanuric acid (or other toxin), if any, contained in the Raw Wheat Gluten or any other issue in this Litigation. The Parties agree that no Raw Wheat Gluten may be destroyed until the number of bags and/or totes of Raw Wheat Gluten from which the samples will be taken is agreed to or the Court enters an order allowing such destruction; provided, however, that prior to such agreement or Court order regarding the number of bags and/or totes from which samples will be taken, ChemNutra Inc. may destroy Raw Wheat Gluten which it never shipped to the extent it reaches an agreement with Plaintiffs relating thereto.

    D.    The Storing Defendants are filing a motion with the Court requesting Court approval to destroy any and all of the remaining Raw Wheat Gluten not preserved pursuant to Section A hereto, and Plaintiffs do not oppose the motion.

    E.    Plaintiffs reserve all rights to raise claims for spoliation of evidence in This Litigation and to seek factual inferences related to the storage of the Raw Wheat Gluten. Defendants reserve all rights to raise any and all objections, responses or defenses to any such spoliation of evidence claims or factual inferences that Plaintiffs might advance.

F.   The Parties agree that no Party may use the Sampling Plan, Retrieval Plan or the absence and/or destruction of any Raw Wheat Gluten in any way as against any other Party. Nothing in this Agreement, however, shall preclude a Party from creating assumptions regarding the characteristics of the Raw Wheat Gluten destroyed by The Storing Defendants based upon the characteristics of the Raw Wheat Gluten preserved by The Storing Defendants pursuant to the Sampling Plan. Similarly, all Parties reserve the right to object to other Parties' attempt to introduce such assumptions at the trial of This Litigation or otherwise.

G.   The Parties to This Litigation agree that this Agreement is limited to the preservation and destruction of Raw Wheat Gluten and in no way impacts the Parties' on-going negotiations regarding the Retrieval Plan, destruction of unorganized inventory, and preservation and destruction of organized recalled pet food product and work-in-progress. In addition, the Parties reserve all rights to file any motions and make any other submissions with the Court regarding (1) the Retrieval Plan and (2) the destruction of unorganized inventory and the preservation and destruction of organized recalled pet food and work-in-progress.

H.   This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

///**SIGNATURES ON FOLLOWING PAGES**///

## PLAINTIFFS

By: /s/ William M. Audet
William M. Audet
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@auetlaw.com

By: /s/ Scott A. Kamber
Scott A. Kamber
Jay Edelson
KAMBER EDELSON
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364
skamber@kolaw.com
jay@kamberedelson.com

By: /s/ Sherrie R. Savett
Sherrie R. Savett
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

By: /s/ Lisa J. Rodriguez
Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

By: /s/ Kenneth A. Wexler
Kenneth A. Wexler
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Il 60603
Telephone: (313) 346-2222
Facsimile: (312) 346-0022

By: _____
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

## PLAINTIFFS

By: _____
William M. Audet
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@auetlaw.com

By: _____
Scott A. Kamber
Jay Edelson
KAMBER EDELSON
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364
skamber@kolaw.com
jay@kamberedelson.com

By: _____
Sherrie R. Savett
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

By: _____
Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

By: _____
Kenneth A. Wexler
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Il 60603
Telephone: (313) 346-2222
Facsimile: (312) 346-0022

By: _/s/ Jeniphr Breckenridge_
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

By: *Stuart A. Davidson*
Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

## DEFENDANTS

By: _____
Amy Weinfeld Schulman
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4700
Facsimile: (212) 335-4501

Attorneys for Defendants
Menu Foods, Inc.; Menu Foods Income Fund;
Menu Foods GenPar Limited; Menu Foods
Holdings, Inc.; Menu Foods Limited; Menu
Foods Limited Partnership; Menu Foods
Midwest Corporation.; Menu Foods Operating
Limited Partnership; Menu Foods South
Dakota, Inc.; Menu Foods Operating Trust;
Menu Foods Acquisitions Inc.

By: _____
Anthony G. Brazil
MORRIS POLICH & PURDY
1055 W. 7th St.
Los Angeles, CA 90017
Telephone: (213) 417-5120
Facsimile: (213) 488-1178

Attorneys for Defendant ChemNutra Inc.

9

By: _____
Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

**DEFENDANTS**

By: /s/ _____
Amy Weinfeld Schulman
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4700
Facsimile: (212) 335-4501

Attorneys for Defendants
Menu Foods, Inc.; Menu Foods Income Fund;
Menu Foods GenPar Limited; Menu Foods
Holdings, Inc.; Menu Foods Limited; Menu
Foods Limited Partnership; Menu Foods
Midwest Corporation.; Menu Foods Operating
Limited Partnership; Menu Foods South
Dakota, Inc.; Menu Foods Operating Trust;
Menu Foods Acquisitions Inc.

By: _____
Anthony G. Brazil
MORRIS POLICH & PURDY
1055 W. 7th St.
Los Angeles, CA 90017
Telephone: (213) 417-5120
Facsimile: (213) 488-1178

Attorneys for Defendant ChemNutra Inc.

9

By: _____
Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

## DEFENDANTS

By: _____
Amy Weinfeld Schulman
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4700
Facsimile: (212) 335-4501

Attorneys for Defendants
Menu Foods, Inc.; Menu Foods Income Fund;
Menu Foods GenPar Limited; Menu Foods
Holdings, Inc.; Menu Foods Limited; Menu
Foods Limited Partnership; Menu Foods
Midwest Corporation.; Menu Foods Operating
Limited Partnership; Menu Foods South
Dakota, Inc.; Menu Foods Operating Trust;
Menu Foods Acquisitions Inc.

By: _/s/ Megan S. Wynne for_
Anthony G. Brazil
MORRIS POLICH & PURDY
1055 W. 7th St.
Los Angeles, CA 90017
Telephone: (213) 417-5120
Facsimile: (213) 488-1178

Attorneys for Defendant ChemNutra, Inc.

By: _____
~~John J. McDonough~~ Richard Fan
COZEN O'CONNOR
~~1900 Market Street~~ 45 Broadway
~~Philadelphia, Pennsylvania 19~~103 NY, NY 10006
Telephone: (215) 665-2000    212 908-1228
Facsimile: (215) 665-2013
                             212 508-9492

Attorneys for Defendant
Del Monte Foods Company

10