IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Doc. 107
Case 1:07-cv-02867-NLH-AMD | Document 107 | Filed 12/18/2007 | Page 1 of 4
Case 1:07-cv-02867-NLH-AMD | Document 99-2 | Filed 12/06/2007 | Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Civil Action No. 07-2867 (NLH) <br><br> MDL Docket No. 1850 |
| THIS DOCUMENT RELATES TO: <br><br> ALL CASES | The Honorable Noel L. Hillman |

**[PROPOSED] CONSENT ORDER
REGARDING ORGANIZATION OF PLAINTIFFS' COUNSEL**

WHEREAS, on August 14, 2007, the Court ordered all interested parties to file motions for appointment of lead and/or liaison counsel no later than September 5, 2007;

WHEREAS, in accordance with the Court's order, three groups of firms sought appointment of lead counsel, which the Court has referred to as: (1) the "Berger Wexler Group," consisting of Berger & Montague, P.C., Wexler Toriseva Wallace LLP, Coughlin Stoia Geller Rudman & Robbins LLP and Hagens Berman Sobol Shapiro LLP; (2) the "Consumer Counsel Group," consisting of Audet & Partners, LLP, Kamber & Associates LLC, and Blim & Edelson[1], LLC; and (3) the "McLaughlin Group," consisting of McLaughlin & Stern LLP and Abbey Spanier Rodd & Abrams;

---

[1] Since the filing of the motions, the lead applicants from the firms Kamber & Associates LLC and Blim & Edelson have formed a new firm known as KamberEdelson, LLC.

WHEREAS, the Berger Wexler Group's motion included a request for the appointment of Lisa J. Rodriguez as plaintiffs' liaison counsel, which no party contested;

WHEREAS, the Court heard oral argument on the competing lead counsel motions, along with other matters, on September 26, 2007. At the time of hearing, the McLaughlin Group withdrew its motion. In addition, the Court appointed Ms. Rodriguez as plaintiffs' liaison counsel;

WHEREAS, by order dated September 26, 2007 ("September 26, 2007 Order") the Court stayed the case proceedings for 90 days to allow for mediation;

WHEREAS, by the September 26, 2007 Order, the Court held that it would resolve the pending motions of the Berger Wexler Group and the Consumer Counsel Group at the applicants' request after the parties engaged in planned mediation with the defendants, in favor of maintenance of the status quo that had led to negotiations for a global settlement, and assuming they could not be resolved through private ordering;

WHEREAS, during the 90 day stay, the two groups have worked cooperatively to represent the interests of the proposed Class through mediation and have also worked together and with defendants to resolve other issues that have arisen. The two groups believe that the pending motions may be resolved through entry of this Consent Order. As further good cause, these groups submit that that matters have a reached a critical stage and such resolution of the lead counsel motions is necessary to properly formalize, present and execute any settlement of this matter;

Accordingly, these groups have proposed that the following attorneys and firms be appointed interim co-lead counsel:

| | | |
|---|---|---|
| Sherrie Savett<br>Berger & Montague, P.C | Kenneth A. Wexler<br>Wexler Toriseva Wallace LLP | Stuart R. Davidson<br>Coughlin Stoia Geller<br>Rudman & Robbins LLP |
| Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP | William Audet<br>Audet & Partners, LLP | Scott A. Kamber<br>KamberEdelson, LLC |

IT IS HEREBY ORDERED THAT:

A. **Interim Co-Lead Counsel.** Pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure and the MANUAL FOR COMPLEX LITIGATION FOURTH, the Court appoints the following as Interim Co-Lead Counsel:

| | | |
|---|---|---|
| Sherrie Savett<br>Berger & Montague, P.C | Kenneth A. Wexler<br>Wexler Toriseva Wallace LLP | Stuart R. Davidson<br>Coughlin Stoia Geller<br>Rudman & Robbins LLP |
| Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP | William Audet<br>Audet & Partners, LLP | Scott A. Kamber<br>KamberEdelson, LLC |

B. **Role of Interim Co-Lead Counsel.** Interim Co-Lead Counsel shall have the following responsibilities and duties specified below, and those contemplated by the MANUAL FOR COMPLEX LITIGATION FOURTH, to be carried out either personally or through designated counsel:

1. To initiate, brief, and argue motions on behalf of plaintiffs on all matters arising during pretrial proceedings, and prepare, serve and file opposing briefs in proceedings initiated by other parties;

2. To coordinate plaintiffs' pretrial activities and plan for trial;

3. To coordinate the initiation and conduct of discovery on behalf of plaintiffs;

4. To represent plaintiffs at pretrial, scheduling and status conferences;

5. To conduct settlement negotiations with defense counsel, execute necessary settlement documentation, and present any formalized settlement to the Court on behalf of plaintiffs;

6. To call and conduct meetings of plaintiffs' counsel when appropriate;

7. To delegate specific tasks to other counsel or committees of counsel that interim co-lead counsel may establish as appropriate, in a manner to ensure that pretrial preparation for the plaintiffs' is conducted efficiently, effectively and without duplication;

8. To collect and monitor time and expenses incurred by other plaintiffs' counsel for the efficient management of the litigation;

9. To employ and consult with experts;

10. To prepare and distribute periodic status reports to the parties;

11. To perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of this Court;

12. To coordinate and communicate with plaintiffs' and defendant's counsel and the Court with respect to the matters addressed in this paragraph.

**IT IS SO ORDERED.**

Dated: December 18, 2007

Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.