**From:** James Norbert Napier              **Date:** September 5, 2008
       634 Hazelbank Road
       Holland, Michigan state
       Phone: (616) 392-8610

**To:** Clerk of the Court
     Mitchell H. Cohen Building
         & U.S. Courthouse
     4th & Cooper Strs., Rm 1050
     Camden, NJ    08101

**Re:**     **Comments on Proposed Settlement Regarding Case No. 07-2867, MDL Docket No. 1850 in PET FOOD PRODUCTS LIABILITY LITIGATION.**

Dear Clerk of the Court:

       As a member of the above mentioned matter and one who has lost a close friend, my beloved "Jane" because of the failure of the defendants in that action to act responsibly, I believe that I have the right to express my views on this issue.

       First, I would like to mention that the law in this case (or any case regarding the rights of other species of animals) is deficient in properly adjudicating this matter fairly regarding loss. My friend Jane was my closest companion for over seven years and we were never apart for more than a few hours in all that time. I never tired of being with her; she went to work with me; she went shopping with me. She was the sweetest, most loving creature I have ever known. She was more than property to me, she was a living sentient being and she had the right to life as much as anyone on this planet as far as I was concerned. But, the court has determined that my friend was merely a "thing" to be used and disposed of with little value other than to be replaced. How do you (I) replace a friend? How, and at what cost, would a parent replace a lost child?

       Doesn't the court realize that many of the class were older people, such as myself, who's whole life was wrapped up in a friend like my Jane. And, that there simply isn't such a thing as a replacement value for a loved one that was arguably closer than any human friend could possibly be. My father is a case in point when he died after losing his friend "Corky" who was a gift from his late wife and my mother. Corky was a little white doggy that once save my fathers life when his house caught fire and Corky woke him in time to help put out the fire. At 81 years of age my father drove to Arizona from Michigan pulling a trailer when the dog was accidentally left at a filling station on the way. He had paid cash for the fuel and had no receipt to help him find the station where the dog was left behind. He searched for a half a day looking for the dog to no avail and no one ever called about finding the dog. My father was heart broken. He lost that which he could not replace. He died a few months later having no will to live.

How many men and women did these defendants actions become the proximate cause of their loss of will to live? And, how many people died as a direct outcome of eating the tainted dog food? Yes, poor people in this country do eat dog food and I would believe that many of them died from doing so. Are those older mostly retired or unable to work not considered as members of the humane race? Are they to be treated by this court as just the mere property of an uncaring state? What I am getting at is that evidence of criminal indifference must exist in this matter and why is the court not informing the U.S. Attorney's office of this evidence and possible criminal liability? Or, worse yet, has the court given the defendants a free pass on the possibility of any future criminal process? It is my understanding that the defendants knew of the risks involved in not recalling the pet food immediately after learning of the problem, and in so doing made themselves liable to criminal sanctions regarding same. Where is the justice in letting murderers go free simply because they were only doing what was commercially profitable?

If this court is sanctioning corporate murder by not holding the defendants responsible for their actions, or in this case inaction, then how can the courts hold all of the participants of say the robbing of a liquor store guilty of the murder of the store clerk when only one of the robbers was actually guilty of the murder? These people acted in concert to withhold knowledge that could have saved lives. They should be held responsible for those actions. They should be charged with either the direct or indirect cause of the deaths of those who either because of the eating of the product or the loss of the will to live when their four legged friends were taken from them in such a callous way died. I want justice for my Jane, my love that I feed the very poison that killed her because of these monsters inability to do the right thing knowing full well that those actions would lead to the deaths of many pets and people.

How many older or retired people died because of the inaction of a few greedy individuals? How much longer must the American people wait for their courts to act in the best interests of the people, rather than uphold the corporate bottom line? They are NOT the same thing! And, if the courts believe that they are, then they have become private commercial courts designed to serve the monied class and have come to treat the people as the mere property of that monied class. We are NOT property and our pets are NOT property. I am NOT the property of anyone, and Jane was certainly NOT my property to do as I pleased with her. That's why there are humane societies, rescue groups, and statutory controls on the harming and mistreating of animals other than the human kind. That being the case, other species of animals are more than the mere property of us alleged human creatures.

The facts are these: (1) tens of thousands of cats and dogs died from renal failure from the food they were fed, (2) many people died from the grief of having contributed to the killing of the very pets they were intrusted to love and protect, and (3) a few people probably died from eating the same tainted petfood. The damages are real. When will those we allegedly intrusted to protect us decide to criminally charge those responsible for these wrongs?

Please respond. Thanking you in advance for your kind consideration I remain.

Sincerely Yours, *James Norbert Napier*
James Norbert Napier