UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | MDL No. 1850 |
| Pet Food Products Liability Litigation | Civil Action No. 07 2867 (NLH) |
| | Hearing Date: September 17, 2008 |

# DEFENDANT NUTRO PRODUCTS, INC.'S SURREPLY IN OPPOSITION TO INTERESTED PARTY'S MOTION FOR DECLARATORY JUDGMENT OR RELIEF FROM STAY

Defendant Nutro Products, Inc. ("Nutro") hereby submits this Surreply in Opposition to Interested Party's Motion for Declaratory Judgment or Relief from Stay, pursuant to this Court's order of September 12, 2008.

As an initial matter, Nutro objects to Robert M. Josephs' attempt to circumvent both the binding stay entered by this Court on May 30, 2008, and the preclusive impact of the bar order that was submitted here and that accompanies the approval of any class action settlement. Mr. Josephs' allegation that he "never received any Notice" of this litigation or its resolution is both inaccurate and unavailing. *See* Robert M. Josephs, Response to Defendant Nutro's Opposition to Interested's [sic] Party's Motion for Declaratory Judgment or Relief from Stay ("Josephs Response") at 3.

Notice provisions were specified in the Settlement Agreement negotiated by the parties and approved by this Court, and they were followed scrupulously. To revisit this Court's notice provisions now on the basis of an individual claimant's bare assertions that he did not himself

view the notice in question despite its publication in the media and on the internet would render the relevant provisions of the preliminary Settlement Agreement and accompanying orders meaningless.

Mr. Josephs' groundless suggestion that "Nutro did not act equitabl[y]" (*id.*) with respect to the notice issues does nothing to change this fact. Nutro further rejects Mr. Josephs' contention that his claims do not fall within the scope of the settled MDL litigation at all.

In the Settlement Agreement signed by the parties on May 22, 2008, the parties detailed notice provisions carefully designed to provide the best notice practicable under the circumstances. In its May 30, 2008, Order Granting Preliminary Approval of Class Action Settlement, Approval of Proposed Form of Notice, and Preliminary Certification of Settlement Class (the "Order"), this Court specifically found that "the forms and manner of notice as set forth in paragraphs 7 through 9 and approved herein meet the requirements of due process under Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional due process requirements of notice." The Court therefore approved "the Notice Plan in all respects and Order[ed] that notice be given in substantial conformity therewith." Order at ¶ 12.

Mr. Josephs' complaint that he did not receive actual notice in time to opt out does not alter his status under the Settlement Agreement. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties.").

Nutro engaged in no inequitable conduct that led to Mr. Josephs' lack of notice. Nutro inadvertently did not respond to Mr. Josephs' two demand letters (attached as Exhibits B and D

to the Josephs Response) because Nutro was in the process of undergoing various internal changes during precisely the time period in which these letters were sent, so that responses to them were delayed. *See* Exhibit A, Declaration of Dan Calkins in Support of Defendant Nutro Products, Inc.'s Surreply in Opposition to Interested Party's Motion for Declaratory Judgment or Relief from Stay ("Calkins Decl."), at ¶¶1-3. Specifically, some operations that Nutro had previously handled out of Los Angeles, California, were transitioned to Tennessee. (*Id*. at ¶2.) As part of this transition, certain paperwork, which included Mr. Josephs' demand letters, was boxed up so that it could be addressed after the move. (*Id*. at ¶¶3, 4.) The inadvertent delay in Nutro's response to the letters at issue thus arose not from any inequitable conduct on Nutro's part but rather from circumstances due to completely unrelated business changes.

Mr. Josephs' lack of notice argument is further undermined by the fact that counsel for Nutro, before the opt out date, provided him with specific information about the preliminarily approved settlement in this litigation and directed him to the web site containing all the particulars of its application to his claims. *See* Defendant Nutro Products, Inc.'s Opposition to Interested Party's Motion for Declaratory Judgment or Relief from Stay, MDL No. 1850, Dkt. # 189 (filed Sept. 2, 2008), at 2.

Furthermore, despite his protestations to the contrary, Mr. Josephs' claims fall squarely within the parameters of this MDL matter and the resultant Settlement Agreement. Although Mr. Josephs contends that his claims somehow fall outside of this MDL proceeding because they derive from the mere purchase of tainted pet food and seek relief under the Massachusetts consumer protection statutes, the Transfer Order issued by the Judicial Panel on Multidistrict Litigation on June 19, 2007, defined the parameters of the settled MDL litigation not by reference to the particular legal basis of any individual claim, whether statutory or otherwise, but

rather by reference to a claim's factual derivation from "the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products." Mr. Josephs' claims by his own admission derive from his pet's alleged consumption of "tainted Nutro cat food" (Josephs Response at 2).

Moreover, on June 28, 2007, the Judicial Panel on Multidistrict Litigation transferred two cases to this Court from the United States District Court for the District of Massachusetts that precisely parallel Mr. Josephs' claims in this regard. In the first, *Connerton v. Menu Foods Midwest Corp.*, No. 1:07-10797, the plaintiffs sought certification of, among other things, a class of "[a]ll persons who purchased, in the Commonwealth of Massachusetts, pet food products at issue produced by or distributed by Nutro Products, Inc." Exh. B at ¶ 63. In the second, *Rodrigues v. Menu Foods, Inc.*, 1:07-10745, the class action plaintiffs alleged the following as one of the "questions of fact and law which are common to all members of the class": "Whether Defendants violated the Massachusetts Consumer Protection Statute." Exh. C at ¶ 32(c). Mr. Josephs' claims are thus expressly included within the scope of this litigation.

In addition, contrary to Mr. Josephs' assertions,[1] the Settlement Agreement provides a remedy to individuals with claims such as those Mr. Josephs asserts. As an initial matter, the Settlement Agreement expressly observes that the actions encompassed within it include various individuals' claims against "Defendants based on their purchase and/or their pets' consumption of Recalled Pet Food Products . . . , including that Defendants are . . . liable for alleged . . . violation of consumer protection acts . . . ." Settlement Agreement at 2. The Settlement

---

[1] Mr. Josephs inexplicably concludes that the Settlement Agreement "is compensating only pet owners for veterinarian bills, pet medicine and pet burial expenses." Josephs Response at 3. As explained below, this contention is erroneous.

4

Agreement expressly includes "Consumer Food Purchase Claims,"[2] such as those asserted by Mr. Josephs, within the scope of the economic damages recoverable by consumers pursuant to the Settlement Agreement. *Id*. at 39. Thus, the Settlement Agreement between the parties to this litigation provides a remedy designed precisely for Mr. Josephs and those similarly situated.

In light of the foregoing, Nutro respectfully renews its opposition to Mr. Josephs' request for a Declaratory Judgment.

DATED: September 16, 2008

                                        Gary L. Justice
                                        Gail E. Lees
                                        Lindsay R. Pennington
                                        GIBSON, DUNN & CRUTCHER LLP

                                  By: _____/s/_____
                                               Lindsay R. Pennington

                                  Attorneys for Defendant,
                                  NUTRO PRODUCTS, INC.

100518944_3.DOC

---

[2] "Consumer Food Purchase Claims" are defined as "claims solely for reimbursement of the costs associated with the purchase of a Recalled Pet Food Product by a Settlement Class Member who has not been reimbursed for such costs to date, including through return or exchange of the Recalled Pet Food Products." Settlement Agreement at 8.