IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Civil Action No. 1:07-cv-02867-NLH-AMD |
|---|---|

## JIM W. JOHNSON AND DUSTIN TURNER'S OBJECTION TO THE AUDET DECLARATION AND EXHIBITS AND ARGUMENTS OF CLASS COUNSEL

To The Honorable District Judge and Magistrate:

Come Now Jim W. Johnson and Dustin Turner ("Objectors"), and file these Objections to the Declaration of William M. Audet and the Exhibits attached thereto, Doc. 250-2, and related arguments by class counsel:

These exhibits and argument all deal exclusively with alleged statements and actions by Objectors' counsel in previous cases representing other clients. These allegations are completely irrelevant to whether the settlement is just, reasonable, and adequate.

Due process and Rule 23 clearly mandate that Objectors have the right to object to the settlement:

> Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A).

Fed. R. Civ. P. 23 (e)(4)(A). Due process also requires that Objectors be able to be heard before the Court enters judgment adjudicating their rights. Class Counsel would have the court deny Objectors their rights solely because of alleged motivations *in a completely different case while representing a different client*. Class Counsel has not cited, and cannot cite, any case that would support such a meritless position.

Not only are the exhibits and entire discussion irrelevant, the allegations are false, and demonstrably so. The absurdity of the argument is evidenced by the attacks on Objectors' counsel by alleging that a motion for sanctions was filed against them by opposing counsel in *Park v. The Thompson Corp.* The idea that the mere filing of such a motion by opposing counsel should have any probative force has no judicial precedent. Indeed, after the Court in that case made it clear how baseless the allegations were, the class counsel in that case decided not to file the motion. More importantly, as a result of the objections in that case, class members will receive $9 million rather than $3 million. Thus, contrary to the distorted picture Class Counsel seeks to paint, Objectors' counsel's objection in that other case substantially improved the recovery of the class.

For a number of reasons, the Declaration of William M. Audet and the Exhibits attached thereto and argument are not admissible and should not be considered by the Court.

Page 1

First, Plaintiff's Counsel has offered no evidence that the filing of the objections *in this case* was for any improper purpose. The only evidence offered was alleged conduct by Objector's counsel in previous cases. While Objector's counsel strongly deny any unethical conduct in previous cases, even if the allegations were true, which they are not, there is no evidence that the objection *in this case* was filed for any improper purpose, because it was not. The lack of merit in the allegations is illustrated by the allegation of past misconduct by Objectors' local counsel Robert Margulies. As the sole evidence of Mr. Margulies' alleged misconduct in this case, Plaintiff's Counsel cites to alleged conduct from *1990, eighteen years ago, in a non-class action case*. Response at 4, note 2. Plaintiff's Counsel makes no attempt whatsoever to tie the alleged conduct in that case with Mr. Margulies motivations here.

Second, the alleged evidence of past misconduct by Objector's attorneys is inadmissible for several reasons. It is unfathomable that a party like Objectors should be penalized for alleged conduct by their attorney *in another case while representing another client*. Indeed, the Rules of Evidence render that alleged conduct irrelevant and inadmissible, and Objectors object to all arguments and evidence offered by the settling parties regarding Objectors' counsel or the motivations of their counsel, for the following reasons:

- The Court is charged with the duty to determine whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. Proc. 23 (e)(1)C). Alleged conduct by counsel in previous cases does not change the analysis of whether *the terms of the settlement are fair, reasonable, and adequate*. Even if all of the allegations regarding Objectors' attorneys were true, which they are not, those facts would not have any tendency to make the existence of any fact that is of consequence to the determination of whether the settlement is fair, reasonable, and adequate more probable or less probable than it would be without the evidence, so the allegations are not relevant. As such, the evidence is inadmissible. Fed. R. Evid. 402.

- The written allegations by opposing counsel in other cases are hearsay and not admissible under Fed. R. Evid. 802. No exception to the hearsay rule applies.

- It would be a denial of Objectors' due process rights to consider the written allegations by opposing counsel in other cases because Objectors are unable to cross examine the witnesses and were unable to challenge the witness in the previous case because Objectors were not a party in that case.

- Character evidence like this – alleged evidence that counsel were unethical in a previous case as evidence that they have been or will be unethical in this case – is not admissible. Fed. R. Evid. 404 (a).

- Evidence regarding alleged previous instances of misconduct are not admissible. Fed. R. Evid. 608 (b).

- The allegations regarding Jeffrey Weinstein's statements in a previous case are not only contested, but they pertain to settlement negotiations and are not admissible. Fed R. Evid. 408 (a)(2).

**Page 2**

Wherefore, Objectors pray that the Court not admit or consider Declaration of William M. Audet and the Exhibits attached thereto, and related arguments by class counsel, and grant Objectors such other and further relief as to which they may be entitled.

_____
ROBERT E. MARGULIES, ESQ.
New Jersey State Bar No. REM-0499

MARGULIES WIND
A Professional Corporation
Harborside Plaza 10
3 Second Street – Suite 1201
Jersey City, NJ 07311
201-333-0400
201-333-1110-fax

JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
Texas State Bar No. 21096450
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile
*Subject to Court Approval Pro Hac Vice*

**ATTORNEYS FOR OBJECTORS**