UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH) |

## ORDER APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING ENTRY OF FINAL JUDGMENT AND AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

A hearing having been held before this Court on October 14, 2008, pursuant to the Court's Preliminary Approval Order of May 30, 2008, upon a Settlement Agreement, dated as of May 22, 2008 (the "Settlement"), entered in relation to the above-captioned Litigation (the "Litigation" or "Action") (the Preliminary Approval Order and Settlement are incorporated herein by reference); it appearing that due notice of said hearing has been given in accordance with the Preliminary Approval Order and that said notice was adequate and sufficient and in accordance with the Court's Preliminary Approval Order; the represented parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; having considered the terms of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted to the Court; having reviewed and considered the applications of Lead

1

Counsel for an award of attorneys' fees and expenses; having considered all of the submissions and arguments with respect to the Settlement; and the Court having issued an accompanying written Opinion on the date supplementing this Order, the Court makes the following FINDINGS:

A.      This Court has jurisdiction over the subject matter of the Litigation pursuant to 28 U.S.C. §§ 1332, and all acts within the Litigation, and over all the parties to the Litigation, and all members of the Settlement Class.

B.      This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

C.      Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order.  Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class members adequate instructions and a variety of means to obtain additional information; was the best

notice practicable under the circumstances; was valid, due and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of New Jersey, Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law.

D. A full opportunity was afforded to the Settlement Class members to participate in, comment on, Opt Out and/or object to the Settlement, notice and claims procedure. A list of those members of the Settlement Class who have timely elected to Opt Out of the Settlement and the Settlement Class and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the Judgment to be entered by the Clerk of Court hereon, has been submitted to the Court as an exhibit to the declaration of the Claims Administrator dated October 2, 2008. A copy of such exhibit is attached hereto as Exhibit A and incorporated by reference herein. All other members of the Settlement Class (as permanently certified below) shall be subject to the all of the provisions of the Settlement, this Order and the Judgment to be entered by the Clerk of Court.

E. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement, has been advised of all objections to the Settlement, and has given fair consideration to such objections. The Court has also reviewed the papers submitted by the parties and by all persons objecting

3

to the Settlement, and has heard the argument of those objectors
to the Settlement appearing at the fairness hearing. A list of
the persons who submitted objections is attached hereto as
Exhibit B and incorporated by reference herein. Each of the
objections is overruled.

F. A review of all relevant factors supports approval
of the Settlement. The Settlement, as provided for in the
Settlement Agreement, is in all respects fair, reasonable,
adequate and proper and in the best interests of the Settlement
Class. In reaching this conclusion, the Court considered the
record in its entirety and heard the arguments of counsel for the
parties and all other persons seeking to comment on the proposed
Settlement. In addition, the Court has considered a number of
factors, including: (1) the complexity, expense, and likely
duration of the litigation; (2) the reaction of the class to the
settlement; (3) the stage of the proceedings and the amount of
discovery completed; (4) the risks of establishing liability; (5)
the risks of establishing damages; (6) the risks of maintaining
the class action through the trial; (7) the ability of the
defendants to withstand a greater judgment; (8) the range of
reasonableness of the settlement fund in light of the best
possible recovery; and (9) the range of reasonableness of the
settlement fund to a possible recovery in light of all the
attendant risks of litigation. See In re Warfarin Sodium

<u>Antitrust Litig.</u>, 391 F.3d 516, 536 (3d Cir. 2004); <u>Girsh v.</u>
<u>Jepson</u>, 521 F.2d 153, 156 (3d Cir. 1975).

       G    The Settlement is the product of good faith, arm's
length negotiations between the Parties and their counsel.

       H.   By Order dated December 7, 2007, this Court,
pursuant to FED. R. CIV. PROC. 23(g), appointed Kenneth A. Wexler
of Wexler Wallace LLP, Sherrie R. Savett of Berger & Montague
P.C., William M. Audet of Audet & Partners LLP, Scott A. Kamber
of KamberEdelson LLC, Stuart A. Davidson of Coughlin Stoia Geller
Rudman & Robbins LLP, and Steve W. Berman of Hagens Berman Sobol
Shapiro LLP as Co-Lead Counsel for the Settlement Class.  This
Court has given significant weight to the "belief of experienced
counsel that settlement is in the best interest of the class."
<u>In re Cendant Corp. Securities Litig.</u>, 109 F. Supp. 2d 235, 255
(D.N.J. 2000).  In fact, this Court recognizes that the
Settlement was not achieved until after intense, arm's length
negotiations in lengthy litigation involving these nationally
recognized members of the class action bar, with particular
experienced counsel in complex litigation such as this.  <u>See</u>
<u>Warfarin</u>, 391 F.3d at 535.  Based on the facts of the case and
Class Counsel's experience in these types of cases, it was Class
Counsels' considered opinion that the immediate benefits
represented by the Settlement far outweighed the possibility,
perhaps a remote possibility, of obtaining a better result at

trial, especially given the hurdles inherent in proving liability on behalf of the Settlement Class and the additional expense and delay inherent in any trial and the inevitable appeals.

I.    The anticipated duration and expense of additional litigation if this case had not settled is significant.  The parties would have had to conduct costly domestic and international discovery and engage in extensive preparations for trial.  This would have included significant time and expense in preparing expert witness reports and expert witnesses for deposition and trial.  Thus, bringing this case to trial would likely have been a very long and costly proposition, the outcome of which would not have been certain.  This factor supports the adequacy of the Settlement.

J.    The bar order provision of this Order, which prohibits the assertion of claims against the Released Parties, as set forth below, is a condition of the Settlement and a significant component of the consideration afforded to the Released Entities in the Settlement, and that provision is reasonable under the circumstances.

K.    The dismissal with prejudice and entry of Judgment contemplated by the Settlement Agreement and this Order will dispose of all of the claims at issue by or against any parties to the Litigation.  The Court finds that there is no just reason for the delay in entering judgment in the form attached hereto

(the "Judgment") dismissing the Litigation with prejudice as to all Defendants and that entry of the Judgment to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

On the basis of the foregoing findings and the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED:

### Certification of the Settlement Class and Approval of the Settlement

1. Based on the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the settlement set forth in the Settlement Agreement, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed settlement. The Settlement Class is certified under the applicable provisions of Federal Rule of Civil Procedure Rule 23(a) and 23(b)(3). Specifically, this Court finds that, with regard to the proposed settlement class, Rule 23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Plaintiffs' claims are typical of the claims of members of the Settlement Class; and (4) Settlement Class counsel

and class representatives have fairly and adequately protected the interests of the Settlement Class.[1]  Furthermore, with regard to the proposed settlement class, Rule 23(b)(3) is satisfied in that issues of law and fact that are common to the Class predominate over those affecting individual Class members and a class action is the superior method to adjudicate these claims. The Litigation is permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All persons and entities who purchased, used or obtained, or whose pets used or consumed Recalled Pet Foods Product(s), and excluding Defendants, Released Entities, and the *Lum* Class.[2]

---

[1]    The Court notes that because certification is for settlement purposes only, and not for litigation purposes, the Court need not consider whether the case, if tried, would present intractable manageability problems.

[2]    As defined in the Settlement Agreement, the "Lum Class" means the settlement class certified and preliminarily approved by the Circuit Court of Hawai'i in the action Lum v. Menu Foods, Inc., Menu Foods Income Fund, and Menu Foods Holdings, Inc., formerly Ortiz v. Menu Foods, Inc., Menu Foods Income Fund, and Menu Foods Holdings, Inc., in the Circuit Court for the State of Hawai'i, Civil No. 07-1-0849-05 (EEH), comprised of all residents of the State of Hawai'i who purchased pet food in the State of Hawai'i that was manufactured by Menu Foods on or between November 8, 2006 and March 7, 2007 and that was recalled on or between March 16, 2007 and the present, excluding (i) Menu Foods, Inc., Menu Foods Income Fund, and Menu Foods Holdings, Inc. (collectively, the "Menu Foods Lum Defendants"); (ii) the Menu Foods Lum Defendants' subsidiaries, parents, and affiliates, including all directors, officers, and employees thereof; (iii) members of the immediate family of any of the foregoing, if natural persons; (iv) the legal representatives, heirs, successors, and assigns of any of the foregoing; (v) any Person in which any of the foregoing has a controlling interest; and (vi) all "Deceased Animal Claims" and/or "Injury Claims" and

8

Recalled Pet Food Product(s) consist of any pet food product and/or treat products or any ingredient thereof that were recalled by any Released Entity between March 16, 2007, and the present because of allegedly contaminated wheat gluten and/or rice protein concentrate, and purchased, obtained or used by, or made available to, or intended to be purchased or obtained by Class Members in the United States or Canada, and are the subject of the Pet Food Recall Litigation. (The list of Recalled Pet Food Products is attached hereto as Exhibit C.) This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of any Defendant that this action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment. Entry of this Order is without prejudice to the rights of Defendants to (a) oppose certification in this action, and seek decertification or modification of the Settlement Class as certified, should the Settlement not be approved or implemented for any reason; or (b) terminate the Settlement Agreement as provided in the Settlement Agreement. The persons identified on the list submitted to the

claims of whatever nature asserted by any person with a "Deceased Animal Claim" and/or "Injury Claim," including but not limited to the persons and claims in Sylvester et al v. Menu Foods, Inc. et al., in the Circuit Court for the State of Hawai'i, Civil No. 07-1-0848-05 (as the terms "Deceased Animal Claims" and "Injury Claims" are defined in the Lum Settlement Agreement). Settlement Agreement § I.BB.

Court (and attached hereto as Exhibit A) as having timely and properly opted out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and they shall not be entitled to any of the monetary benefits afforded to the Settlement Class under the Settlement Agreement.

2. For purposes of the Settlement only, Class Representatives are certified as representatives of the Class and Plaintiffs' Lead Counsel is appointed counsel to the Settlement Class. The Court concludes that Plaintiffs' Lead Counsel and Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Settlement Agreement.

3. Notwithstanding the certification of the foregoing Settlement Class and appointment of Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated in accordance with the provisions of the Settlement Agreement, the foregoing certification of the Settlement Class and appointment of Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of the Preliminary Approval Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval to the Settlement and has found that it is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms of the Settlement Agreement.

## Release and Injunctions Against Released Claims

5. It is hereby ordered that the Releases as set forth in the Settlement Agreement shall have full force and effect. Consequently, by entry of this Order and Judgment, each Settlement Class member shall, as set forth below, be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Settlement Class members may have against the Released Parties.

6. "Released Claims" are all claims, demands, actions, suits, and/or causes of action that have been brought or could have been brought, are currently pending or were pending, or are ever brought in the future, by any Settlement Class member (any person or entity who purchased, used or obtained, or whose pets used or consumed Recalled Pet Foods Product(s), and excluding Defendants, Released Entities, and the *Lum* Class) against any Defendant or Released Entity, in any forum in Canada or the United States (including their territories and, in the case of

11

the United States, Puerto Rico), whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that relate in any way, directly or indirectly, to facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised (including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation.

7. Notwithstanding the foregoing, "Released Claims" do not include any claims for breach of the Settlement Agreement, nor any claims, demands, actions, suits, or causes of action that have been brought, could have been brought, or are brought in the future by any Defendant or Released Entity against any other Defendant or Released Entity, for indemnity or any other claim. The Settlement shall not in any way be construed to limit or prevent any Defendant or Released Entity from bringing any claims, demands, actions, suits, or causes of action against another Defendant or Released Entity for indemnity or any other claim related to the Recalled Pet Food Products and/or the Recall.

8. "Released Entities" shall mean Defendants and any and all entities and individuals that are alleged to have handled, distributed, purchased for resale and/or distribution, supplied, manufactured and/or sold or offered for sale Recalled

12

Pet Food Products, including 1446431 Ontario Limited; 1446432 Ontario Limited; 3036241 Nova Scotia Company; A&P Company; Agras; Ahold; Albertsons, Inc.; Albertsons, LLC; Aldi; American Nutrition, Inc.; Amway Canada / Quixtar; ANI; Associated Wholesale Grocers; Blue Buffalo Company; Bozzuto's; Bradley Caldwell; Canada Safeway Limited; Canada Safeway, Ltd.; Can-Pet; ChemNutra Inc.; ChemNutra LLC; Chenango Valley Pet Foods; Colgate-Palmolive Company; Companion Brands; Co-Op; Costco Wholesale Canada Ltd.; Costco Wholesale Corporation; Del Monte Corporation; Del Monte Foods Company; Del Monte Foods, Inc.; Demoulas; Diamond Pet Foods; Doane Pet Care Enterprises; Drs. Foster & Smith; Eukanuba; Food Lion; Foodtown; Fry's Food Centers; Giant Eagle; Giant Tiger Stores; H.E. Butt; Hannaford; Harris Teeter; Hill's Pet Nutrition, Inc.; Hill's Pet Nutrition Canada, Inc.; Hill's Pet Nutrition Sales, Inc.; Hy-Vee; The Iams Company; Ingles; Jace Holdings Ltd.; JE Mondou; Key Foods; K-mart; The Kroger Co., The Kroger Supermarkets, Inc.; Dillon Companies, Inc.; Fred Meyer, Inc.; Food 4 Less Holdings, Inc.; LCP Products; Loblaw Companies Limited; Loblaw Inc.; Longo's; Lortscher Agribusiness, Inc.; Mars Food US, LLC; Mars, Incorporated; Mars Petcare US, Inc.; Mars Snackfood US, LLC; Marsh; Masterfoods U.S.A.; Meijer, Inc.; Menu Foods Acquisition Inc.; Menu Foods Corporation; Menu Foods Finance (Poland) Sp. Zo. o.; Menu Foods GenPar Limited; Menu Foods Holdings, Inc.; Menu

13

Foods Income Fund; Menu Foods Investments Ltd.; Menu Foods Limited; Menu Foods Limited Partnership; Menu Foods Midwest Corporation; Menu Foods Operating Limited Partnership; Menu Foods Operating Partnership; Menu Foods Operating Trust; Menu Foods South Dakota, Inc.; Menu Foods Spain Holding, S.L.; Menu Foods, Inc.; Metro / A&P; Metro-Richelieu; MFL International Capital Management Hungary Limited Liability Company; Mills Fleet; Nash Finch; National Grocers; Natural Balance Pet Foods, Inc.; Natural Life; Nestlé Holdings, Inc.; Nestlé Canada, Inc.; Nestlé Purina PetCare Company; Nestlé S.A.; Nestlé USA, Inc.; Nestec, S.A.; New Albertsons, Inc.; Nutro Products, Inc.; Overwaitea Food & Drugs Ltd.; Overwaitea Food Group Ltd.; Overwaitea Foods Limited; Pet Supermarket, Inc.; Pet Supplies Plus/USA, Inc.; Pet Valu Canada Inc.; Pet Valu, Inc.; PETCO Animal Supplies Stores, Inc.; PETCO Animal Supplies, Inc.; PETCO Southwest, Inc.; PETCO Southwest L.P.; Petcurean; PetSmart, Inc.; PETM Canada Corporation; PetSmart Charities, Inc.; PetSmart Charities of Canada, Inc.; Price Chopper; Pro Pet; The Procter & Gamble Company; Provigo; Publix Supermarkets, Inc.; Retex Management Associates Limited; Royal Canin Canada Company; Royal Canin, U.S.A., Inc.; Royal Canin Puerto Rico, Inc.; Safeway Canada; Safeway Holdings (Alberta) Ltd.; Safeway, Inc.; Sam's Mexico; Save-A-Lot; Schnucks; The Scoular Company; Shur-Gain; Smith's Food and Drug Centers, Inc.; Sobeys, Inc. / Agora; Stater Brothers; Sun Pac;

14

Sunshine Mills, Inc.; Supervalu; Target Corporation; Topco; Trader Joe's; Unified Western Grocers; Variety Pet Foods; The Vons Companies, Inc.; Wal-Mart Canada Corp.; Wal-Mart Stores, Inc.; Wal-Mart, Inc.; Wegmans; Weis; White Rose; Wilbur-Ellis Company; Winn Dixie Stores, Inc.; Zellers; Alexander R. Aird; Eric A. Demirian; Thomas A. Di Giacomo; Gale Prince; C. Ian Ross; Robert W. Luba; Serge K. Darkazanli as well as their respective insurers, parent companies, subsidiaries, affiliates, and all of their respective  franchisees, and the officers, directors, trustees, shareholders, unit holders, partners, governors, managers, employees, agents, assignees, successors and heirs of all of them.  The inclusion of any entity that is not a Party to the Settlement Agreement in the foregoing list of Released Entities shall not constitute a waiver of any defenses any such entity has as to improper service or lack of personal jurisdiction.

9.  All Releasing Parties are permanently enjoined from (i) filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities or against any person or entity who may claim over against any Released Entity for contribution or

indemnity; (ii) instituting, continuing, maintaining, organizing class members in, or joining with class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over against any Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding, or order in any jurisdiction based on an allegation that an action taken by the Released Entities, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any Settlement Class Member.

10. In addition to the above, the Releasing Parties and each of them are deemed to have agreed and covenanted not to sue or prosecute, institute or cooperate in the institution, commencement, filing or prosecution of any suit or proceeding in any forum against any Released Entity, or against any other person or entity who may claim contribution or indemnity from or against any Released Entity, based upon or related to any Released Claim.

11. With respect to all Released Claims, the Releasing

Parties and each of them agree that they are expressly waiving
and relinquishing, to the fullest extent permitted by federal
law, state law, foreign law or principles of common law, any
rights that may have the effect of limiting the releases set
froth in that paragraph. This agreement shall include a waiver
of any rights pursuant to Section 1542 of the California Civil
Code and any similar, comparable or equivalent provision.
California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding Section 1542 of the California Civil
Code, or any other statute or rule of law of similar effect, the
Settlement Agreement shall be given full force and effect
according to each and all of its expressed terms and provisions,
including those related to any unknown or unsuspected claims,
liabilities, demands, or causes of action which are based on,
arise from or are in any way connected with the Actions. All
Parties to the Settlement Agreement are held to have been advised
specifically by their legal counsel of the effect of this waiver,
and hereby expressly acknowledge that they understand the
significance and consequence of the expressed waiver of
California Civil Code Section 1542.

## Application for Attorneys' Fees

12. The Settlement in this case creates a common fund. The Supreme Court has "recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). See also In re AremisSoft Corp. Sec. Litig., 210 F.R.D. 109, 128 (D.N.J. 2002); In re Ikon Office Solutions, Inc. Sec. Litig., 194 F.R.D. 166, 192 (E.D. Pa. 2000) ("[T]here is no doubt that attorneys may properly be given a portion of the Settlement Fund in recognition of the benefit they have bestowed on class members.").

13. Courts in the Third Circuit generally apply the "percentage of the fund" method for calculating attorney fees in common fund cases. See In re Cendant Corp. Litig., 264 F.3d 201, 283 (3d Cir. 2001); PRIDES Litig., 243 F.3d 722 (3d Cir. 2001); see also In re Rite Aid Corp. Sec. Litig., 2005 U.S. App. LEXIS 1269 (3d Cir. Jan. 26, 2005); In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions ("Prudential II"), 148 F.3d 283, 333 (3d Cir. 1998).

14. The requested award of attorneys' fees is found to be fair and reasonable under the applicable legal standards.

15. In making its decision, the Court has, inter alia, considered the factors set forth in Gunter v. Ridgewood Energy

18

<u>Corp.</u>, 223 F.3d 190, 195 (3d Cir. 2000):

      (1)  the size of the fund created and the number of persons benefited;

      (2)  the presence or absence of substantial objections by members of the class to the settlement terms and/or the fees requested by counsel;

      (3)  the skill and efficiency of the attorneys involved;

      (4)  the complexity and duration of the litigation;

      (5) the risk of nonpayment;

      (6) the amount of time devoted to the case by plaintiffs' counsel; and

      (7) the awards in similar cases.

      <u>Gunter</u>, 223 F.3d at 195 n.1.  <u>See</u> <u>also</u> <u>In re Cendant Corp. Litig.</u>, 264 F.3d at 283.  The Court has also considered: (1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations, <u>Prudential</u>, 148 F.3d at 338; (2) the percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained, <u>Id.</u> at 340; and (3) any "innovative" terms of settlement, <u>id.</u> at 339.  <u>See</u> <u>also</u> <u>In re AT&T & Corp. Secs. Litig.</u>, 455 F.3d 160,166 (3d. Cir. N.J. 2006) ("In reviewing an attorneys' fees award in a class action settlement, a district court should consider the <u>Gunter</u> factors, the <u>Prudential</u> factors, and any other factors that are useful and relevant with respect to the particular facts of the case.")

16. Having reviewed and considered the pleadings, declarations, and exhibits submitted in connection with Plaintiffs' Lead Counsel's Application for Award of Attorneys' Fees and Reimbursement of Expenses, and having heard oral argument on the motion, the Court finds that the requested attorneys' fees and reimbursement of expenses are reasonable and supported. Plaintiffs' Lead Counsel are awarded $6,000,000 in attorneys' fees and reimbursement of expenses in the amount of $394,403.09, to be allocated in the discretion of Plaintiffs' Lead Counsel based upon their reasonable assessment of the work performed by each firm for the common benefit of the Class, including at the direction of Plaintiffs' Lead Counsel.

17. The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

## Other Provisions

18. Defendants are hereby permanently relieved from any and all obligations under the Agreement Regarding Preservation of Records entered in this Litigation on October 26, 2007 [D.E. 80-2].

19. Neither this Order, the Settlement Agreement nor any provision therein, nor any negotiations, statements,

communications or proceedings in connection therewith, including
the Court's certification of the Settlement Class and appointment
of class representatives for settlement purposes only, shall be
offered or received as, construed as, or be deemed to be evidence
of, an admission or concession on the part of any of the Class
Representatives, Plaintiffs' Lead Counsel, any members of the
Settlement Class, any Released Entity, or any other Person of any
liability or wrongdoing by them, or that the claims and defenses
that have been, or could have been, asserted in the Litigation
are or are not meritorious, or that Class Representatives, any
member of the Settlement Class or any other person has or has not
suffered any damage; *provided*, *however*, that the Settlement
Agreement, this Order and the Judgment to be entered thereon may
be filed in any action by any Released Entity seeking to enforce
the Settlement Agreement or the Judgment by injunctive or other
relief, or to assert defenses including, but not limited to, <u>res
judicata</u>, collateral estoppel, release, good faith settlement,
judgment bar or reduction or any theory of claim preclusion or
issue preclusion or similar defense or counterclaim.  The terms
of this Settlement Agreement and of this Order and the Judgment
shall be forever binding on, and shall have <u>res judicata</u> and
preclusive effect in, all pending and future lawsuits or other
proceedings that are subject to the Release and other
prohibitions that are set forth in paragraphs 5-11 and 18-22 of

this Order that are maintained by, or on behalf of, the Releasing Parties or any other Person subject to the provisions of this Order.

20. In the event that the Effective Date cannot occur, the Settlement Agreement is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Entry of Judgment; Continuing Jurisdiction

21. The Parties to the Settlement are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Court Clerk is directed to enter and docket the Judgment in the form attached to this Order dismissing this Litigation (and any and all claims asserted herein at any time) in its entirety, as to all Defendants, with prejudice and without leave to amend, where such dismissal shall constitute a final judgment on the merits to which the principles of res judicata shall apply to the fullest extent of the law as to the Released Entities identified in the Settlement Agreement and herein, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein).

22. Without affecting the finality of this Judgment,

22

this Court shall retain exclusive and continuing jurisdiction over this action and the Parties, including all Settlement Class members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement and the claims process thereunder; any application for attorneys' fees, expenses and costs related to the Settlement Agreement; all proceedings related to the Settlement Agreement both before and after the Final Approval becomes final and is no longer subject to appeal; and over enforcement of the Final Approval Order and Judgment, including but not limited to the injunctions described in Paragraph 9.

SO ORDERED this 17th day of November, 2008.

Noel L. Hillman
Noel L. Hillman, U.S.D.J.

At Camden, New Jersey