# Valdettaro & Josephs
## Law Offices

Boston Office:
Anthony J. Valdettaro, Esq.
Robert M. Josephs, Esq.
705 Centre Street, Suite 3
Jamaica Plain, MA 02130-2551

Ph: (617) 522-3200
Fx: (617) 524-0368

Waltham Office:
(By Appointment Only)
267 Moody Street
Suite 201
Waltham, MA 02453-5234

Ph: (617) 522-3200
Fx: (617) 524-0368

via: Fax (856) 757-5070

September 11, 2008

Judge Noel L. Hillman's Chambers
District of New Jersey

RE: Pet Food Products Liability Litigation
    MDL Docket No. 1850
    Civil Action No. 07-2867 (NLH)
    Robert M. Josephs' Response to Defendant Nutro's Opposition
    Judge Hillman set a September 12, 2008 Noon deadline for the Response

Dear Judge Hillman's Chambers:

Enclosed is my (Robert M. Josephs') Response to Defendant's Nutro's Opposition to Interested Party's Motion for Declaratory Judgment or Relief from Stay in the Pet Food Products Liability Litigation. The Response comes along with five exhibits and a Certificate of Service.

As per my telephone conversation on Tuesday September 9, 2008, with Judge Hillman's law clerk, I was told to fax this Response to Judge Hillman's chambers, because I do not have the ability to file electronically in the Federal District of New Jersey. The Court will not give me a password for ecf. Hence, I faxed the Response to the chambers.

Judge Hillman has set a September 12, 2008 Noon deadline for my Response to be filed. Kindly file the enclosed Response, Exhibits and Certificate of Service.

If there are any questions, kindly call me at (617) 522-3200. Thank you.

Sincerely,

Robert M. Josephs

enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

MDL DOCKET No. 1850 (all cases)

Civil Action No. 07-2867 (NLH)

HEARING DATE: SEPT. 15, 2008

IN RE: )
PET FOOD PRODUCTS )
LIABILITY LITIGATION )
)
)

**ROBERT M. JOSEPHS, RESPONSE TO DEFENDANT NUTRO'S OPPOSITION TO INTERESTED'S PARTY'S MOTION FOR DECLARATORY JUDGMENT OR RELIEF FROM STAY**

## PRELIMINARY STATEMENT

Robert M. Josephs (hereinafter "Josephs") filed a Motion for Declaratory Judgment or Relief from Stay with this Court. The Defendant, Nutro Products, Inc. (hereinafter "Nutro") filed an Opposition to Josephs' motion. Josephs requests the Court to allow Josephs to proceed with his state consumer protection claim against Nutro in the small claims session of the Waltham District Court in Waltham, Massachusetts. **Attached as Exhibit 'A'.** Josephs brings the small claims action against Nutro based on Massachusetts consumer protection claims under Massachusetts General Laws Chapter 93a §9(3) and Massachusetts General Law Chapter 179D. (Enclosed is Exhibit "A", the Statement of Small Claims and Notice of Trial").

Massachusetts General Laws Chapter 93a §9(3), allows a consumer, with standing, to bring a consumer protection action against the business that caused the injury. Subsection three of M.G.L. ch. 93a allows for a damaged consumer to send a written claim letter to a business who is alleged to have committed the unfair or deceptive business practice. The business has thirty days to respond to the claim in writing with a fair settlement offer or else be potentially liable for triple damages, plaintiff's attorney's fees and court costs in a civil action.

Under M.G.L. ch. 93A states "Any person, other than a person entitled to bring action under section eleven of this chapter, who had been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person who rights are affected by another person violating the provisions of clause (9) of section three of Chapter one hundred seventy-six D may bring an action......" Josephs alleges he had purchased tainted Nutro cat food for his cat which was made ill by the tainted Nutro cat food and died. Josephs sent a demand letter, pursuant to M.G.L. ch. 93a §9(3) to Nutro on May 13, 2008. **Exhibit 'B'.** Nutro

received the said demand letter on May 15, 2008. **Exhibit 'C'**, a copy of the return receipt. Josephs did not receive any response from Nutro or its counsel. Josephs sent a follow-up letter to Nutro on June 26, 2008 **Exhibit 'D'**. Nutro received the said follow-up letter on June 30, 2008. **Exhibit 'E'**. Again, Nutro did not respond.

Hence, Josephs brings the small claims action case against Nutro based upon consumer protection laws under the laws of Massachusetts.

## ARGUMENT

### 1. The Preliminary Approval Order does not apply to Josephs' State Consumer Protection Claim.

In Nutro's opposition, Nutro's attempts to preempt Josephs' state consumer action by applying the second and third exceptions to the Anti-Injunction Act, 28 U.S.C. §2283. In this attempt Nutro trying to make the Stay in the Federal District Court of New Jersey absolute to all potential claims by from the sale of tainted Nutro pet food. Nutro's argues in its Opposition that Josephs' state "court falls clearly within and is barred by the stay of subsequent proceedings mandated by the Order, this court should deny Mr. Josephs' requested relief."

The Stay issued in this instant case is not absolute. Nutro is relying upon two of three exceptions of the Anti-Injunction Act.

Most recently in the case of Grinder v. Keystone Health Plan, 500 F.3d 322 (3rd Cir. 2007), the Third Circuit vacated an Injunction. In that case, the Third Circuit notes that "Typically the All Writs Act had been used by federal courts to enjoin action by state courts that threaten the federal court's jurisdiction."

Josephs' pending state action does not threaten the federal court's jurisdiction. Josephs state action is a consumer protection claim under the laws of the Commonwealth of Massachusetts. Josephs' state court action is not parallel or a duplicate of the Pet Food Liability Litigation pending before this Court. Josephs claim is that the moment that he had purchased the tainted Nutro cat food, he became an injured consumer and was able to employ the protections set forth under M.G.L. ch. 93A §9. Josephs purchased a Nutro product that was not safe for use. Josephs' Massachusetts consumer protection claim is very different from the Pet Food Liability Litigation, since the Preliminary Settlement deals with compensating injured consumers for out of pocket losses due to the injury to the consumers' pets. Josephs seeks other relief by bringing his state court action.

Despite the fact that, a portion of Josephs' small claims action against Nutro does seek recovery of out of pocket losses, Josephs also claims damages for the loss of his pet cat, Badger, who ate poisoned Nutro cat food. .

To argue, as Nutro's does in its Opposition, that Josephs claim under Massachusetts law are preempted, the Court would disenfranchise many injured consumers. If the Stay was absolute, consumers who had purchased poisoned pet food would not be able to bring any consumer protection state action. For example, a consumer, who had wanted to bring state action for negligent infliction of emotional distress for a loss of a pet against one of the defendants, would also be cut off from bring that claim. Those claims are distinct from the compensation of the Pet Food Liability Litigation. The

said Preliminary Settlement is compensating only pet owners for veterinarian bills, pet medicine and pet burial expenses.

In the **Grinder** case, the Third Circuit quotes the **Congress Credit Corp v. AJC International, Inc.**, 42 F.3d 686-689 (1st Cir. 1994), "To be considered parallel proceedings, the one must be materially on all fours with the other.....The issues must have such identity that a determination in one action leaves little or nothing to be determined in the other." There is much to be determined by Josephs state action, since Josephs is using the consumer protection laws of Massachusetts. The present Pet Food Liability Litigation Multi District Litigation is unable to address properly the injuries suffered by a Massachusetts consumer who wishes to seek a remedy under the Massachusetts consumer protection laws.

## 2. **The Lack of Notice by Nutro to Josephs of the Pet Food Liability Litigation Multi District Litigation bars Nutro from Raising the Defense that Josephs is a Party to Pet Food Liability Litigation Multi District Litigation**

In Nutro' opposition, Nutro did not assert that Josephs had received notice of the Pet Food Liability Litigation. In fact, Josephs did not receive any Notice of the Multi District Litigation until Nutro's attorney, Gary L. Justice, Esq., had notified Josephs via email on August 13, 2008. In the said email on August 13, 2008, Gary L. Justice, Esq., had stated "As you undoubtedly know, but as I explained to Mr. Valdettaro, the subject matter of your small claims action is also the subject matter of a nationwide class action....." Nutro had wrongly assumed that Josephs had received Pet Food Liability Litigation. However, Josephs never received any Notice.

The lack of Notice to Josephs about the Multi District Litigation class action is very interesting since Josephs had sent demand letters to Nutro on both May 13, 2008 and June 26, 2008. Yet, Nutro failed to answer. Hence, without any response from Nutro and with no knowledge of the Multi District Litigation, Josephs was forced into filing a small claims action in Waltham District Court on July 21, 2008.

Josephs declines to participate in this Multi District Litigation. Because of Nutro's lack of response to Josephs' two demand letters, Nutro is equitable estopped from including Josephs as a class member in the Pet Food Liability Litigation. Nutro had ample opportunity to respond to Josephs prior to July 21, 2008, when Josephs filed the small claims action of **Josephs v. Nutro Products, Inc. and Ronald Ong, President**. Yet, Nutro never responded until August 13, 2008, by Mr. Justice notifying Josephs of the Pet Food Liability Litigation Multi District Litigation.

Nutro's counsel's email was sent only two (2) days before the deadline for Josephs to opt out of the Pet Food Liability Litigation Multi District Litigation. However, Josephs was not able to opt out as a member of the class because he was in northern Quebec from August 11, 2008 to August 17, 2008. Josephs did not have any way to get to a mailbox in order to send a letter to opt out of the Pet Food Liability Litigation. Further, an email communication sent two days before a deadline hardly constitutes legally sufficient notice to a pending Plaintiff in a class action suit.

An injunction is an equitable relief. Nutro has requested the Court to declare the Stay in the Pet Food Liability Litigation applies to Josephs. Josephs' position is that Nutro did not act equitable when it failed to notify Josephs of the Pet Food Liability Litigation.

## CONCLUSION

Josephs respectfully requests that the Court enter a Declaratory Judgment that Josephs is not part of this class action. By doing so, the Court will allow Josephs continue with his state small claims action against Nutro Products, Inc. and Ronald Ong, President, by the authority set forth in Anti-Injunction Act.

Respectfully submitted,
ROBERT M. JOSEPHS

*[signature]*

Robert M. Josephs
MA. BBO #628655
Valdettaro & Josephs
705 Centre Street, Suite 3
Jamaica Plain, MA 02130
(617) 522-3200

Date: September 11, 2008

EXHIBIT A

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. DOCKET NO. | Trial Court of Massachusetts Small Claims Session |
|---|---|---|
| PART 1 | ☐ BOSTON MUNICIPAL COURT | ☒ DISTRICT COURT Waltham Division | ☐ HOUSING COURT Division |

**PART 2**
PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
Robert M. Josephs
267 Moody Street, Suite 201
Waltham, MA 02453
PHONE NO: (617) 522-3200

PLAINTIFF'S ATTORNEY (if any)
Name: pro-se. Plaintiff is an attorney
Address:
PHONE NO:
BBO NO: 628655

**PART 3**
DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
Nutro Products, Inc.
445 Wilson Way
City of Industry, CA 91744
PHONE NO:

ADDITIONAL DEFENDANT (if any)
Name: Ronald Ong, President
Address: c/o Nutro Products, Inc.
~~445 Wilson Way~~
~~City of Industry, CA 91744~~
PHONE NO:

**PART 4**
PLAINTIFF'S CLAIM. The defendant owes $ 2,000.00 plus $ 40.00 court costs for the following reasons: Give the date of the event that is the basis of your claim.

Plaintiff brings this claim for six thousand dollars ($6,000.00) pursuant to Massachusetts General Laws Chapter 93A section 9. Plaintiff demands triple damages, Plaintiff's attorney's fees (if any) and Court Cost. Plaintiff had purchased the Defendants' cat food, Nutro Products, for his cat, Badger. Nutro Products cat food contained poison. Plaintiff's cat became ill and passed away on May 5, 2007. The Defendant's insurance company, the Hartford, rejected the Plaintiff's claim. Hence the Plaintiff brings a claim under M.G.L. ch. 179D. The Plaintiff brings a claim for cost of the cat, and vet bills.

SIGNATURE OF PLAINTIFF x *[signature]* BBO# 628655    DATE 2/2/08

**PART 5**
MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**
MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

x *[signature]*    2/2/08
SIGNATURE OF PLAINTIFF    DATE

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT

DATE AND TIME OF TRIAL
_____ AT _____
DATE      TIME

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

FIRST JUSTICE | CLERK-MAGISTRATE OR DESIGNEE



## Valdettaro & Josephs
### Law Offices

Boston Office:
Anthony J. Valdettaro, Esq.
Robert M. Josephs, Esq.
705 Centre Street, Suite 3
Jamaica Plain, MA 02130-2551

Ph: (617) 522-3200
Fx: (617) 425-0368

Waltham Office:
(By Appointment Only)
267 Moody Street
Suite 201
Waltham, MA 02453-5234

Ph: (617) 522-3200
Fx: (617) 524-0368

Via: Certified Mail, return receipt requested

May 12, 2008

Ronald Ong
Nutro Products, Inc.
445 Wilson Way
City of Industry, CA 91744

RE: Demand Letter pursuant to M.G.L. ch. 93A § 9
 Demand for $2,000.00
 Death of my cat on May 5, 2007

Dear Mr. Ong:

This letter serves as a demand letter pursuant to Massachusetts General Laws Chapter 93A § 9. My position is that I am a victim of an unfair and deceptive business practice by Nutro Products, Inc. (hereinafter "Nutro"). Throughout the autumn of 2006 and the spring of 2007, I had purchased from the retailer, Petco, Nutro cat food for my cat, Badger. As we know now, the Nutro cat food products contained poison. Subsequently, my cat became ill and passed away on May 5, 2007.

Please be advised that this letter is written pursuant to Massachusetts General Laws Chapter 93 § 9. Nutro has thirty (30) days from receipt of this letter to respond to the undersigned at 705 Centre Street, Suite 3, Jamaica Plain, MA 02130 in writing with a fair settlement offer. If Nutro fails to respond in writing to me within thirty (30) days with a fair settlement offer, Nutro could be liable in a civil action for triple damages, attorney's fees and court cost.

This is a legal document, please have this document reviewed by counsel.

# Exhibit B

my cat for three (3) visits to the Bulger Animal Hospital in order to be seen by a veterinarian, Amber Burns, D.V.M. I have enclosed copies of the said veterinarian invoices for the visits to the Bulger Animal Hospital. Through many tests, it was determined that either Badger need a biopsy, which would be an extremely invasive procedure, or I could delay any procedure and determine whether my cat would improve. I decided on the later, since I did not believe that my cat would deal well with an invasive procedure without any guarantee of a definitive answer. Subsequently, my cat passed away on May 5, 2006.

My cat was only three years old when it passed away. I did not know of any medical conditions that my cat had prior to my feeding her the poisoned Nutro cat food. I am enclosing a few of the receipts showing that I had purchased Nutro cat food prior to the product having been recalled. I have many more receipts in my house.

It is undisputed that Nutro contained poison in its cat food during the period that I had purchased the Nutro products.

During the summer of 2007, I had submitted a claim to the Hartford Insurance Company based on my loss. However, shortly after September 26, 2007, I had received a letter denying my claim.

It is my position that the denial of my claim violated Massachusetts General Laws Chapter 176D, since the Hartford's investigation failed to recognize my claim of being a victim of an unfair and deceptive business practice by Nutro. I, as a consumer, was deceived by Nutro into purchasing poisoned cat food. There is no dispute that I had purchased a product that was defective, because of Nutro's gross negligence. I should have been at least offered a refund of all the moneys that I had spent buying Nutro cat food. This was not the case. Hence, the Hartford and Nutro violated M.G.L. ch. 179D and M.G.L. ch. 93A section 9.

I am confident that in the future civil action against Nutro I will not only be able to prove causation between my cat's consumption of poisoned Nutro cat food and my cat's death, but also I will be able to show that I was a victim of Nutro's deceptive business practices by selling tainted cat food. I see no possibility of Nutro not having to compensate me for the expense of buying poisoned cat food.

I am demanding two thousand dollars ($2,000.00) from Nutro to compensate me the refund of the purchase price of the poisoned Nutro cat food, the veterinarian bills that I had incurred and the expense of having to replace my deceased cat with a new cat. I am also looking forward to an opportunity to change Massachusetts law that states that the loss of pets are only property damage. I believe that this case of Nutro's gross negligence will allow the Courts in Massachusetts to allow a component of negligent infliction of emotional distress to be recovered by the deceased pet's owner.

I will look forward to reviewing Nutro's written fair settlement offer within the next thirty (30) days. Again, if Nutro fails to respond in writing to this demand letter within thirty (30) days, I will file a civil action in Waltham District Court seeking triple damages, attorney's fees, and Court cost and attempt to change Massachusetts law concerning the barring of negligent infliction of emotional distress for a loss pet.

# Exhibit B

Thank you for your attention to this matter.

Very truly yours,

*[signature]*

Robert M. Josephs

Enclosures

# Exhibit C

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronald ONG
Nutro Products, Inc.
445 Wilson Way
City of Industry, CA
91744

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 8-15-08

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7008 0150 0001 3318 3521

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# Exhibit D

## Valdettaro & Josephs
### Law Offices

Boston Office:
Anthony J. Valdettaro, Esq.
Robert M. Josephs, Esq.
705 Centre Street, Suite 3
Jamaica Plain, MA 02130-2551

Ph: (617) 522-3200
Fx: (617) 425-0368

Waltham Office:
(By Appointment Only)
267 Moody Street
Suite 201
Waltham, MA 02453-5234

Ph: (617) 522-3200
Fx: (617) 524-0368

via: Certified Mail, return receipt requested and first class mail

June 26, 2008

Mr. Ronald Ong
Nutro Products, Inc.
445 Wilson Way
City of Industry, CA 91744

RE: Demand Letter pursuant to M.G.L. ch. 93A §9
    Demand for $6,000.00 (triple damages)
    I will file suit on June 10, 2008, if I do not receive a fair settlement offer

Dear Mr. Ong:

This letter follows my May 12, 2008, correspondence to you. I have enclosed a copy of the May 12, 2008, correspondence that I had sent you for your review. As you can see from the enclosed copy of the return receipt, Nutro Products, Inc. (hereinafter "Nutro") had received my demand letter pursuant to Massachusetts General Law Chapter 93A §9 on May 15, 2008.

Pursuant to M.G.L. ch. 93A §9, Nutro had thirty (30) days to respond to my demand letter by providing me with a fair settlement offer or be liable for triple damages, Plaintiff's attorney's fees and Court cost in a future civil action. The thirty (30) days have expired. I have yet to receive a fair settlement offer.

Hence, I am now demanding triple damages of six thousand dollars ($6,000.00), Plaintiff's attorney's fee and Court cost.

I am providing Nutro with one more opportunity to provide me a written fair settlement offer. If I do not receive a written fair settlement offer by June 10, 2008, I will file a civil action in Waltham District Court.

Again, my mailing address is 705 Centre Street, Suite 3, Jamaica Plain, MA 02130. My telephone number is (617) 522-3200. Thank you for your attention to this matter.

Very truly yours,

Robert M. Josephs

# Exhibit E

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Ronald Ong
Natro Products, Inc.
445 Wilson Way
City of Industry, CA
91744

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
4/30/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7007 1490 0002 8372 4875

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

In re: Pet Food Products Litigation        MDL Docket No.1850 (all cases)
                                           Civil Action No. 07-2867 (NLH)

## CERTIFICATE OF SERVICE

I, Robert M. Josephs, Esq., hereby certify that on September 11, 2008, I served Robert M. Josephs response to the Defendant Nutro's Opposition to Interested Party's Motion for Declaratory Judgment or Relief from Stay, addresses listed below by mail postage prepaid address listed herein.

Date: September 11, 2008

Robert M. Josephs, Esq.
BBO #628655
705 Centre Street, Suite 3
Jamaica Plain, MA 02130
(617) 522-3200

Certificate of Service List

Mr. Gary L. Justice, Esq.
Gibson, Dunn & Cructcher
333 South Grand Avenue
Los Angeles, CA 90071

Lindsay R. Pennington, Esq.
Gibson, Dunn & Cructcher
333 South Grand Avenue
Los Angeles, CA 90071

Mr. Kevin Riordan, Esq.
Boyle, Morrissey, & Campo
695 Atlantic Avenue
Boston, MA 02111