

DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
www.dlapiper.com

Mary E. Gately
mary.gately@dlapiper.com
T 202.799.4507
F 202.799.5507

January 30, 2009
*FILED VIA ECF*

The Honorable Noel L. Hillman
United States District Court, District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 6020
1 John F. Gerry Plaza
Camden, NJ 08101

Re: **MDL 1850 -** *In re Pet Food Products Liability Litigation*
**Letters docketed from Donald R. Earl (Docket No. 287) relating to this Court's Order dated December 18, 2007**

Dear Judge Hillman:

We are counsel to the Menu Foods Defendants. This letter responds to the letters from Donald R. Earl, which Mr. Earl characterized as a "Rule 24(a)(2) Motion to Intervene" and a "Rule 60 Motion to Vacate Product Retention Orders # 106 and # 140" (Docket No. 287).[1] Mr. Earl is not a party to this proceeding, he has no cognizable legal interest in this proceeding, and there is no basis, under Federal Rule of Civil Procedure 24 or otherwise, for permitting Mr. Earl to interfere with this proceeding to challenge a 13 month-old Order of this Court. Notwithstanding that no motion is pending before this court, we submit this letter on behalf of Menu Foods to respond to Mr. Earl's frivolous allegations.

By way of background, Mr. Earl is the plaintiff in a pending lawsuit against Menu Foods Income Fund and the Kroger Company in Washington state court. *See Donald R. Earl v. Menu Foods Income Fund et al.*, No. 07-2-00250-1 (Wash. Super. Ct., Jefferson County). Mr. Earl's allegations and claims in his Washington state action are not related to the pet food recall that is the subject of this proceeding. On January 30, 2008, Mr. Earl filed an "Objection" (Docket No. 115) to this Court's December 18, 2007 Order (Docket No. 106) concerning product retention. On February 19, 2008, this Court entered an order denying Mr. Earl's "Objection." (Docket No. 128).

Mr. Earl has litigated his product retention issue in his own case in Washington state. After a hearing on February 15, 2008, the Washington state trial court presiding over his lawsuit entered an order concerning product retention that is substantively identical to this Court's December 18, 2007 Order. Since then, Mr. Earl has pursued a protracted campaign of baseless appeals relating to the Washington state court's February 15 Order and scurrilous allegations of misconduct against Menu Foods' counsel in the Washington courts. Mr. Earl's arguments have been rejected 7 times, including at every level of the Washington state court system. In October 2008, the Washington state trial court awarded Menu Foods $4,491.09 in attorneys' fees and expenses relating to Mr. Earl's continued, frivolous attempts to relitigate

---

[1] Because Mr. Earl's January 9, 2009 filings have not been docketed as motions, they have no return date, and we therefore are responding to those filings only by letter. Should the Court later elect to treat Mr. Earl's filings as motions, we request the opportunity to both submit a formal response and to pursue sanctions against Mr. Earl as warranted.

dockets.Justia.com



The Honorable Noel L. Hillman
January 30, 2009
Page Two

issues concerning that court's February 15 Order, finding that Mr. Earl's motion "was not justified in any manner either factually or legally." *Earl v. Menu Foods Income Fund et al.*, No. 07-2-00250-1 (Wash. Super. Ct., Jefferson County), Order on Attorneys Fees dated October 13, 2008, at 3. (Mr. Earl now is seeking review of the October 2008 fee award in the Washington Supreme Court.) In November 2008, the Commissioner of the Washington Supreme Court went so far as to warn Mr. Earl against further attempts to relitigate issues relating to the trial court's February 15 Order. Specifically, the Commissioner wrote as follows:

> To put the matter plainly, Mr. Earl's pleadings to this court are legally frivolous. They present nothing even minimally resembling a basis for review by the court. They also skate close to contempt in their intemperate accusations against opposition counsel.... [I]f Mr. Earl continues his campaign of frivolous filings that require the attention of opposition counsel and the court, the court will impose sanctions. Mr. Earl should rethink his misguided litigation strategy.

*Earl v. Menu Foods Income Fund et al.*, No. 82048-1 (Wash. Sup. Ct.), Ruling Denying Review dated November 7, 2008, at 5. (Despite that warning, Mr. Earl currently has yet another pending motion in the Washington Supreme Court relating to those same issues.)

Mr. Earl's recent filings in this Court are nothing but a continuation of his vexatious litigation and baseless accusations. His papers simply rehash the same arguments that have been considered and rejected at least 7 times by the Washington state courts. Moreover, Mr. Earl also makes an utterly baseless accusation that this Court has cautioned Amy W. Schulman[2] in relation to some misconduct that he does not identify. As this Court is aware, Mr. Earl's assertion regarding Ms. Schulman is a complete fabrication. Indeed, as noted above, it is Mr. Earl who has been warned by a Commissioner of his Supreme Court to cease his campaign of frivolous filings and possibly contemptuous accusations about opposing counsel. That Commissioner has cautioned Mr. Earl to "rethink his misguided litigation strategy" or it will impose sanctions on him. Menu Foods reserves the right to seek the same here should Mr. Earl spread his vexatious litigation strategy to this Court.

Respectfully submitted,

Mary E. Gately

cc: Donald R. Earl

---

[2] As this Court is aware, Ms. Schulman previously represented Menu Foods in this action, but has since left DLA Piper to become General Counsel of Pfizer.