**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)<br><br>**ORDER** |

    This matter having come before the Court on the motions of non-party Donald R. Earl ("Earl") to intervene [287-2] and to vacate the product retention orders [287]; and

    Earl requesting to intervene in this matter because he claims that he is a party-in-interest with regard to the "unorganized inventory" of pet food that is the subject of this Court's orders regarding retention and destruction of that "unorganized inventory"; and

    Earl claiming that he has an interest in the "unorganized inventory" because he filed a product liability action in Washington state court against Menu Foods and Kroger Company regarding "cake-style" pet food, which although not at issue in this case, Earl claims that the "cake-style" pet food is part of the "unorganized inventory"; and

    Earl further claiming that the Court should vacate its product retention orders concerning the "unorganized inventory" because it would result in the destruction of evidence relevant to his case pending in Washington state court; and

Defendants representing that the Washington state court has issued an almost identical order to this Court's product retention order; and

Defendants further representing that Earl has challenged the state court's order seven times, with each challenge being rejected[1]; and

The Court noting that Fed. R. Civ. P. 24(a) providing that a party may intervene as a matter of right if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . ."; but

The Court finding that because Earl has made the same application regarding the "unorganized inventory" in the state court where his underlying suit is pending, and the state court has rejected his request seven times, he has not demonstrated that he has an interest in the "unorganized inventory" requiring that this Court vacate its prior orders regarding that inventory;

---

[1] Defendants also represent that the Washington state court has awarded Menu Foods $4,491.09 in attorneys' fees and expenses relating to Earl's continuous relitigation of the retention issue. The Commissioner of the Washington Supreme Court issued a ruling denying review, which stated, in part, that "Mr. Earl's pleadings to this court are legally frivolous. They present nothing even minimally resembling a basis for review by the court . . . . Mr. Earl should rethink his misguided litigation strategy."

Accordingly,

**IT IS HEREBY** on this 10th day of February, 2009

**ORDERED** that the motions of Donald R. Earl to intervene [287-2] and vacate [287] are **DENIED**.

                               s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey