## DONALD R. EARL

3090 DISCOVERY ROAD
PORT TOWNSEND, WA 98368
(360) 379-6604
don-earl@waypoint.com

February 24, 2009

Dear Judge Hillman,

I am filing a notice of appeal related to the February 10, 2009 order dismissing the motions I filed. Although Federal courts generally disfavor requests for reconsideration, I believe it is merited in this circumstance due to deviations from the usual motion process. Specifically, Menu Foods' reply to the motions was filed 10 days past the due date. I had neither the opportunity to respond, nor the opportunity to present oral argument. In fact, I did not receive notice an order had been entered in the matter. It was only by chance I discovered the order nearly a week after it had been entered.

If it is possible to avoid unnecessary litigation through giving this matter additional consideration, I would most respectfully request that this Court do so.

First, for the record, in response to Menu Foods' denial of Ms. Schulman's previous involvement in censured misconduct, I retrieved archived news articles related to the incident in question. It appears I was in error asserting Ms. Schulman was representing Menu Foods at that time, as was apparently not the case. Never the less, I believe it is relevant that Menu Foods has a demonstrated history of acting outside acceptable boundaries in regard to potential witnesses and evidence, of which this Court has previously taken judicial notice.

More to the point, I am concerned this Court placed undue reliance on representations made by Menu Foods in its reply. This Court wrote, "Defendants representing that the Washington state court has issued an almost identical order to this Court's product retention order.".

Attached, please find a certified copy of the Washington Superior Court order. It was not, as Menu Foods claims, an "almost identical order" to this Court's. The Washington Superior Court ruled I was bound by this Court's discovery order, based on the principal of comity. There is no similarity between the two orders, as this Court did not rule its order should be binding on nonparties, which is the essence of the trial court decision.

I don't believe its possible for any reasonable person to read that order and not conclude I have been prejudiced to an extraordinary degree by this Court's order permitting destruction of evidence material to my case. Dr. McCabe's sampling plan is virtually worthless to me, as it retains none of the unrecalled pet food which was present

exclusively in the body of evidence known as "unorganized inventory".

All of the adverse decisions in my case are rooted in this Court's order of December 18, 2007. In the absence of that order, Menu Foods had no viable argument, and no grounds ever recognized by our courts, for refusing limited discovery of the "unorganized inventory".

While I disagree with the Washington Courts' view such a sweeping application of the principal of comity is appropriate in this circumstance, I am not without sympathy to the reluctance of Washington Courts to enter a decision in conflict with orders issued by this Court. As this Court has denied intervention to protect my legal interests in this matter, and as Washington Courts hesitate to enter a decision in conflict with rulings made by this Court, I am effectively barred from access to any forum in which I may seek relief.

Was it truly this Court's intent to bar nonparties from conducting lawful discovery in unrelated cases? I find it impossible to imagine this Court could have had that consequence in mind when the orders were issued. I believe this Court acted in good faith in relying on representations made by defendants in this action, which mislead the Court to believe no such consequence would arise.

With all due courtesy and respect, I would ask this Court to review the attached document, which demonstrates the degree to which my case is prejudiced by this Court's orders, and give additional consideration to providing appropriate relief. If that is yet possible, and I believe this Court has discretion to provide such relief, I will withdraw the notice of appeal as there would then be no need to litigate the matter further at the Federal level.

Sincerely,

*[signature]*
Donald R. Earl

CERTIFIED COPY

FILED

2008 FEB 15

Jefferson C...

SUPERIOR COURT OF WASHINGTON

FOR JEFFERSON COUNTY

| | |
|---|---|
| DONALD R. EARL, <br><br> Plaintiff, <br><br> v. <br><br> MENU FOODS INCOME FUND and THE KROGER CO., <br><br> Defendants. | The Honorable Craddock Verser <br><br> No. 07-2-00250-1 <br><br> [~~PROPOSED~~] <br> **ORDER GRANTING DEFENDANT MENU FOODS INCOME FUND'S MOTION TO LIMIT THE RETENTION OF ORGANIZED RECALLED PRODUCT, RAW WHEAT GLUTEN AND UNORGANIZED INVENTORY** <br><br> Hearing Date: Friday, February 15, 2008 <br><br> Hearing Time: 1:00 p.m. |

The Court has read and considered Defendant Menu Foods Income Fund's Motion To Limit The Retention Of Organized Recalled Product, Raw Wheat Gluten And Unorganized Inventory, and any response thereto. The Court also heard and considered oral arguments of the parties. Based on the foregoing,

IT IS HEREBY ORDERED THAT the MDL Order, attached as Exhibit 1 hereto, shall be effective and binding in all respects upon the Parties hereto in the above-entitled action. To the extent that any Organized Recalled Product (as defined in Menu Foods' Motion) is relevant

[PROPOSED] ORDER GRANTING
DEFENDANT MENU FOODS' MOTION TO
LIMIT RETENTION - 1
Case No. 07-2-00250-1

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

ORIGINAL



to this action, a representative sample, in accordance with the procedures outlined in the MDL Order, is sufficient for any future testing needs that Plaintiff may have.

IT IS FURTHER ORDERED BY THIS COURT THAT Plaintiff will pay Defendant Menu Foods' attorneys' fees and expenses incurred in bringing this motion, with Menu Foods to file within 30 days its motion for approval of the amount of its fees/expenses to be paid by Plaintiff.

Dated this 15 day of February, 2008

Judge Craddock Verser
Jefferson County Superior Court

Presented by:

DLA PIPER US LLP

Stellman Keehnel, WSBA No. 9309
Bradley Meissner, WSBA No. 39592
Attorneys for Defendant
Menu Foods Income Fund

[PROPOSED] ORDER GRANTING
DEFENDANT MENU FOODS' MOTION TO
LIMIT RETENTION - 2
Case No. 07-2-00250-1

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

Notice of presentation waived and form of order approved by:

_____
Donald R. Earl
Plaintiff, Pro Se

Notice of presentation waived and form of order Approved by:

MERRICK, HOFSTEDT & LINDSEY, P.S.

_____
Charles A. Willmes, WSBA No. 23216
Attorneys for Defendant
The Kroger Company

SE\9106906.1

[PROPOSED] ORDER GRANTING
DEFENDANT MENU FOODS' MOTION TO
LIMIT RETENTION - 3
Case No. 07-2-00250-1

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases) <br><br> Case No. 07-2867 (NLH) <br><br> Judge Noel L. Hillman <br><br> ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO LIMIT THE RETENTION OF ORGANIZED RECALLED PRODUCT, RAW WHEAT GLUTEN AND UNORGANIZED INVENTORY |

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), 26(c)(2) and 26(c)(4), and for good cause shown, Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory is GRANTED.

It is ORDERED that: (1) the moving Defendants may execute the sampling and general retrieval plan for the organized recalled product stored on pallets and/or within cardboard cases as recommended by Dr. George P. McCabe; (2) Defendants ChemNutra, Del Monte and Menu Foods may execute the sampling and general retrieval plan for the raw wheat gluten as recommended by Dr. McCabe; and (3) Defendant Del Monte may execute the sampling and general retrieval plan for its work-in-progress recipes containing raw wheat gluten as recommended by Dr. McCabe.

It is further ORDERED that, prior to the execution of the sampling and retrieval plans for organized recalled product, raw wheat gluten and work-in-progress recipes, the moving Defendants shall provide Plaintiffs with more specific details concerning the retrieval plans. If Plaintiffs disagree with any aspect of the retrieval plans, Plaintiffs or Defendants shall have the

Exhibit 12

right to seek Court intervention. If Plaintiffs and Defendants agree conceptually on the specifics of the retrieval plan, Defendants shall provide Plaintiffs with a copy of the more detailed retrieval plans, and Plaintiffs shall have the right to review and comment on the details of the retrieval plans within ten (10) calendar days from the date each plan is provided by Defendants. Within the ten-day period, if Plaintiffs agree with the details of the execution of the retrieval plans, they will notify Defendants in writing. Thereafter, the execution of the sampling and retrieval plans may take place. Nothing regarding the details of the retrieval plans shall prevent Defendants from immediately starting the disposal of the unorganized inventory.

It is further ORDERED that moving Defendants are permitted to dispose of any organized recalled product, unorganized inventory, raw wheat gluten or work-in-progress recipe that is unnecessary to implement or execute Dr. McCabe's sampling and retrieval plans.

IT IS SO ORDERED.

Dated: December 18th, 2007

Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

147908.1

I, Ruth Gordon, Clerk of the Superior Court of Jefferson County, Washington, do hereby certify that this instrument, consisting of ___2___ page(s), is a full, true and correct copy of the original now on file and of record in my office. WITNESS my hand and official seal this ___17___ day of ___February___, 20___11___.

RUTH GORDON
By_____
Deputy
Port Townsend, Washington

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE: Pet Food Products ) Civil Action No. 07-2867(NLH)
Liability Litigations ) MDL DOCKET NO. 1850
) 
) The Honorable Noel L. Hillman
)
) NOTICE OF APPEAL BY
) OBJECTOR AND NONPARTY
) IN INTEREST DONALD R. EARL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Notice is hereby given that Donald R. Earl objector and nonparty in interest, hereby appeals to the United States Court of Appeals for the Third Circuit from the "Order" entered in this action by the District Court for the District of New Jersey dated February 10, 2009 [Doc. No. 299], which denied motions to intervene and to vacate evidence destruction orders, and related interlocutory decisions: the "Order Regarding Objection to Pet Food Evidence Disposal Plan Approved on December 18, 2007" [Doc. No. 128], the "Order Granting Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory" dated December 18, 2007 [Doc. No. 106], and the "Order Granting Defendants' Unopposed Motion to Adopt the Retrieval Plans for Organized Recalled Product

1 | Recommended by Defendants' Expert" dated April 14, 2008 [Doc.
2 | No. 140]. Copies of these orders are attached hereto as
3 | Exhibits 1 through 4.
4 |     Objector/Appellant, Donald R. Earl, is aware of two
5 | other notices of appeal in this action filed by Objectors Jim
6 | Johnson and Dustin Turner dated December 3, 2008, and by
7 | Objectors/Appellants Margaret Picus and Daniel Kaffer dated
8 | December 12, 2008, which are currently pending in this Court.

Dated February 24, 2009.
Respectfully submitted by:

Donald R. Earl (pro se)
3090 Discovery Road
Port Townsend, WA 98368
360-379-6604

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION

: MDL Docket No. 1850 (All Cases)
:
: Case No. 07-2867 (NLH)
:
: Judge Noel L. Hillman
:
: ORDER GRANTING
: DEFENDANTS' UNOPPOSED
: MOTION TO LIMIT THE
: RETENTION OF ORGANIZED
: RECALLED PRODUCT, RAW
: WHEAT GLUTEN AND
: UNORGANIZED INVENTORY

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), 26(c)(2) and 26(c)(4), and for good cause shown, Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory is GRANTED.

It is ORDERED that: (1) the moving Defendants may execute the sampling and general retrieval plan for the organized recalled product stored on pallets and/or within cardboard cases as recommended by Dr. George P. McCabe; (2) Defendants ChemNutra, Del Monte and Menu Foods may execute the sampling and general retrieval plan for the raw wheat gluten as recommended by Dr. McCabe; and (3) Defendant Del Monte may execute the sampling and general retrieval plan for its work-in-progress recipes containing raw wheat gluten as recommended by Dr. McCabe.

It is further ORDERED that, prior to the execution of the sampling and retrieval plans for organized recalled product, raw wheat gluten and work-in-progress recipes, the moving Defendants shall provide Plaintiffs with more specific details concerning the retrieval plans. If Plaintiffs disagree with any aspect of the retrieval plans, Plaintiffs or Defendants shall have the

Exhibit 12

right to seek Court intervention. If Plaintiffs and Defendants agree conceptually on the specifics of the retrieval plan, Defendants shall provide Plaintiffs with a copy of the more detailed retrieval plans, and Plaintiffs shall have the right to review and comment on the details of the retrieval plans within ten (10) calendar days from the date each plan is provided by Defendants. Within the ten-day period, if Plaintiffs agree with the details of the execution of the retrieval plans, they will notify Defendants in writing. Thereafter, the execution of the sampling and retrieval plans may take place. Nothing regarding the details of the retrieval plans shall prevent Defendants from immediately starting the disposal of the unorganized inventory.

It is further ORDERED that moving Defendants are permitted to dispose of any organized recalled product, unorganized inventory, raw wheat gluten or work-in-progress recipe that is unnecessary to implement or execute Dr. McCabe's sampling and retrieval plans.

IT IS SO ORDERED.

Dated: December 18th, 2007

Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

187908.1

EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | Hon. Noel L. Hillman<br><br>Civil No. 07-2867 (NLH/AMD)<br><br>MDL Docket No. 1850<br><br><u>ALL CASES</u> |

### ORDER REGARDING "OBJECTION TO PET FOOD EVIDENCE DISPOSAL PLAN APPROVED ON DECEMBER 18, 2007"

The Court having considered the submissions by or on behalf of Donald R. Earl, Menu Foods, Inc., Del Monte Foods Co., The Iams Company and The Proctor & Gamble Company, and Nutro Products, Inc. regarding the "Objection to Pet Food Evidence Disposal Plan Approved on December 18, 2007" filed by Donald R. Earl, and for good cause:

IT IS ON THIS 19th day February, 2008 HEREBY ORDERED that the "Objection to Pet Food Evidence Disposal Plan Approved on December 18, 2007" is DENIED.

At Camden, New Jersey

Noel L. Hillman, U.S.D.J.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION

: MDL Docket No. 1850 (All Cases)
:
: Case No. 07-2867 (NLH)
:
: Judge Noel L. Hillman
:
: ▮▮▮▮▮▮▮ ORDER
: **GRANTING DEFENDANTS'**
: **UNOPPOSED MOTION TO**
: **ADOPT THE RETRIEVAL**
: **PLANS FOR ORGANIZED**
: **RECALLED PRODUCT**
: **RECOMMENDED BY**
: **DEFENDANTS' EXPERT**
:

Pursuant to Fed. R. Civ. P. 26(b) and (c), for good cause shown, and upon Defendants' representations to Plaintiffs concerning the retained organized product, including but not limited to representations concerning uniformity of the product, Defendants' Unopposed Motion to Adopt the Retrieval Plans for Organized Recalled Product Recommended by Defendants' Expert is GRANTED. [139]

It is ORDERED that Defendants Iams, Menu Foods, Hill's, Nutro, Purina and Del Monte (collectively, the "moving Defendants") may implement the specific retrieval plans for the organized recalled product stored on pallets and/or

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)<br><br>**ORDER** |

This matter having come before the Court on the motions of non-party Donald R. Earl ("Earl") to intervene [287-2] and to vacate the product retention orders [287]; and

Earl requesting to intervene in this matter because he claims that he is a party-in-interest with regard to the "unorganized inventory" of pet food that is the subject of this Court's orders regarding retention and destruction of that "unorganized inventory"; and

Earl claiming that he has an interest in the "unorganized inventory" because he filed a product liability action in Washington state court against Menu Foods and Kroger Company regarding "cake-style" pet food, which although not at issue in this case, Earl claims that the "cake-style" pet food is part of the "unorganized inventory"; and

Earl further claiming that the Court should vacate its product retention orders concerning the "unorganized inventory" because it would result in the destruction of evidence relevant to his case pending in Washington state court; and

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: Pet Food Products<br>Liability Litigation | ) Civil Action No. 07-2867 (NLH)<br>) MDL DOCKET NO. 1850<br>)<br>) CERTIFICATE OF SERVICE:<br>)<br>) NOTICE OF APPEAL<br>) and<br>) LETTER TO JUDGE HILLMAN |

## CERTIFICATE OF SERVICE

I certify that on the 24th day of February, 2009, I placed by US Certified mail, return receipt requested, a CD with PDF files of the above named documents for upload and distribution through this Court's electronic filing system.

Dated: February 24, 2009.
Respectfully submitted by:

Donald R. Earl(pro se)
3090 Discovery Road
Port Townsend, WA 98368
(360)379-6604