UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Case No. 07-2867 (NLH)<br><br>The Honorable Noel L. Hillman |

**RESPONSE TO MR. EARL'S REQUEST FOR RECONSIDERATION
OF THIS COURT'S ORDER DENYING HIS REQUEST TO
INTERVENE AND VACATE ORDERS, AND REQUEST FOR SANCTIONS AGAINST
MR. EARL**

Mary E. Gately
DLA PIPER U.S. LLP
500 8th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 799-4507
Telecopier: (202) 799-5507
Email: mary.gately@dlapiper.com

Liaison Counsel for Defendants
and Attorneys for the Menu Foods Defendants

# INTRODUCTION AND SUMMARY OF ARGUMENT

Menu Foods hereby respectfully responds to the request by non-party Donald R. Earl that this Court reconsider its decision denying his request to intervene in this action under Rule 24(a)(2) and his request under Rule 60 to vacate two Orders related to product preservation issues discussed below. Mr. Earl is a non-party who has his own action against Menu Foods and The Kroger Company pending in Superior Court of Washington State for Jefferson County. As discussed more fully below, Mr. Earl's action in Washington State does not relate to the pet food recall or recalled pet food products that are the subject matter of this litigation. Nevertheless, Mr. Earl seeks to intervene in this action so that he can seek to vacate two Orders of this Court related to product preservation issues. Mr. Earl's goal appears to be to obtain discovery related to the Unorganized Inventory addressed in the two orders he seeks to vacate. Mr. Earl's request for reconsideration is completely without merit.

With regard to Mr. Earl's request to intervene, this Court lacks jurisdiction to permit intervention by a non-party after Final Judgment has been entered and is on appeal. Moreover, even if this Court had jurisdiction to permit intervention at this very late stage, Mr. Earl does not meet any of the requirements of the Rule under which he seeks to intervene, Fed. R. Civ. P. 24(a)(2). His motion is untimely because it was filed after the entry of Final Judgment and the deadline to appeal the Final Judgment. It also is untimely because it is moot. As Mr. Earl is aware, the Unorganized Inventory of which he seeks discovery was destroyed many months ago. Mr. Earl also cannot meet the requirements of Rule 24(a)(2) because he lacks an interest in the pet food recall and recalled pet food products at issue in this litigation. Finally, Mr. Earl is not without recourse for his concerns. He has raised them at every level of the Washington State court system, which is the forum in which he filed his action against Menu Foods and Kroger

and which has the background on his allegations and claims necessary to evaluate his requests for discovery. The Washington State courts at every level – up to and including the Supreme Court of Washington – have rejected his arguments and even sanctioned him for his repeated and frivolous litigation related to product preservation. Accordingly, there is no basis for him to intervene in this proceeding to make the same arguments he previously has repeatedly made and repeatedly lost in Washington State.

Should this Court deny Mr. Earl's request to intervene, it must likewise deny his Rule 60 motion to vacate. As a non-party, Mr. Earl lacks standing under Rule 60 to vacate any Orders in this proceeding. Even putting aside his lack of standing, Mr. Earl also fails to meet any of the requirements for relief under Rule 60. Again, Mr. Earl's request is untimely. In addition, because he has his own action against Menu Foods in Washington State where he has litigated the very same issues he attempts to raise here, he cannot meet the extremely high burden necessary for granting extraordinary relief under Rule 60. The fact that no court in Washington State has agreed with his arguments cannot justify relief under Rule 60 in this action.

Because Mr. Earl's arguments are without any merit and already have been rejected up and down the Washington State court system, Menu Foods also requests that this Court sanction Mr. Earl by imposing on him Menu Foods' costs and fees associated with this filing.

Menu Foods respectfully requests a hearing on this matter.

## BACKGROUND

This Court is the transferee Court for the multidistrict litigation captioned <u>In re Pet Food Products Liability Litig.</u>, MDL No. 1850, Civil Action No. 07-2867 (D.N.J.), related to the pet food recall that began in March 2007. The Pet Food Products Liability Litigation involves litigation brought on behalf of consumers who purchased, or whose pets consumed, pet food

and/or treat products that were recalled because they contained allegedly contaminated wheat gluten and/or rice protein concentrate. (Docket No. 271.) Menu Foods is one of the pet food manufacturers that recalled pet food containing allegedly contaminated wheat gluten. The pet food recalled by Menu Foods was manufactured between November 8, 2006 and March 6, 2007.

      A.      <u>Limitations on Retention of Recalled Pet Food</u>

Menu Foods and other pet food companies involved in this litigation were retaining enormous amounts of recalled pet food and raw wheat gluten following their recalls. <u>See generally</u> Mem. in Support of Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory (Docket No. 103). On December 18, 2007, this Court entered an Order Granting Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory (the "December 2007 Preservation Order"). (Docket No. 106.) That Order gave Menu Foods the ability to (i) limit the amount of Organized Inventory[1] and recalled Raw Wheat Gluten that Defendants were storing; (ii) retain only a statistically significant representative sample of the total population of Organized Inventory and wheat gluten; and (iii) destroy the rest of the recalled pet food including the Unorganized Inventory.[2] Thereafter, this Court also entered an Order Granting Defendants' Unopposed Motion to Adopt the Retrieval Plans for Organized Recalled Product Recommended by Defendants' Expert ("April 2008 Preservation

---

[1] As defined in Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory at 1 (Docket No. 103), the "Organized Inventory" is product that was organized on pallets and/or within cardboard boxes.
[2] As defined in Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory (Docket No. 103), the "Unorganized Inventory" was product and other material that was returned in a haphazard manner to pet food manufacturers in cardboard boxes and large bins and was not well packaged in most instances. It contained items other than pet food that were swept into boxes when retailers cleared their store

Order") (Docket No. 140).³ In accordance with this Court's December 2007 Preservation Order and April 2008 Preservation Order, Menu Foods has destroyed its Unorganized Inventory. See Declaration of Christopher J. Mifflin at ¶ 8 (attached as Exhibit D to Mr. Earl's Rule 60 Motion to Vacate Product Retention Orders # 106 and #140 (Docket No. 287)).

There were two primary bases for Defendants' Motion concerning preservation of the Organized and Unorganized Inventory and Raw Wheat Gluten made to this Court. First, the high storage costs associated with storing anything beyond a statistically significant sample of the product at issue in this litigation were unnecessary and imposed an undue burden on Defendants. See Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory at 2 (Docket No. 103). Second, with respect to the Unorganized Inventory that was returned to Menu Foods and other Defendants in a haphazard fashion and in damaged containers, there were significant public health concerns associated with storing enormous quantities of open and perishable raw wheat gluten and damaged cans, bags and pouches of pet food returned by retailers. See id. at 3. The Unorganized Inventory was highly susceptible to damage, suffered damage and breakage, and created public health and safety risks. Id.

---

shelves. Some of the Unorganized Inventory was damaged and leaking, which created a risk of infestation and health and safety risks to the public.

³ In his Rule 60 Motion to Vacate Product Retention Orders # 106 and 140, Mr. Earl appears to suggest that this Court did not have the jurisdiction or authority to enter an Order in this proceeding permitting Menu Foods to destroy the Unorganized Inventory. Putting aside the fact that Mr. Earl made this same argument in his case in Washington State with regard to the order entered by that court and it was rejected at every level in the Washington State courts, Mr. Earl simply is incorrect. The basis for this Court's entry of the December 2007 Preservation Order is briefed in full in the Defendants' Unopposed Motion to Limit the Retention of Organized Recalled Product, Raw Wheat Gluten and Unorganized Inventory and Memorandum in support thereof, which are hereby incorporated by reference.

B. <u>Mr. Earl's January 2008 Objection.</u>

On January 30, 2008, non-party Mr. Earl filed an "Objection to Pet Food Evidence Disposal Plan Approved on December 18, 2007" in this Court ("Earl Objection"). (Docket No. 115.) Menu Foods asked that this Court reject the Earl Objection because he was neither a putative class member nor did he have standing to raise objections in this proceeding. (Docket Nos. 116, 118.) By Order dated February 19, 2008, this Court denied Mr. Earl's Objection. (Docket No. 128.) Mr. Earl did not attempt to appeal this Court's February 2008 Order denying the Earl Objection within 30 days of its entry, nor did he attempt at that time to intervene in this proceeding. Further, he did not attempt to appeal this Court's February 2008 Order denying the Earl Objection within 30 days of November 19, 2008, the date of entry of the Final Judgment in this proceeding. Rather, Mr. Earl continued to litigate his concerns related to the very same preservation issues he has raised in this Court in his own action filed against Menu Foods and the Kroger Company in Washington State.

C. <u>Mr. Earl's Underlying Case in Washington State.</u>

Mr. Earl is the plaintiff in an action filed *pro se* in or about July 2007 in the Superior Court of Washington State for Jefferson County against Menu Foods Income Fund and The Kroger Company, <u>Earl v. Menu Foods Income Fund and The Kroger Company</u>, Case No. 07-2-00250-1 (the "Earl Action"). As Mr. Earl has acknowledged repeatedly, his claims against Menu Foods and Kroger in the Earl Action <u>do not</u> relate to the pet food recall or recalled pet food products at issue in <u>In re Pet Food Products Liability Litigation</u>.[4] Thus, Mr. Earl has

---

[4] <u>See, e.g.,</u> Objection to Pet Food Disposal Plan Approved on December 18, 2007 at 2, 3 (Docket No. 115) ("Earl Objection"); Rule 60 Motion to Vacate Product Retention Orders # 106 and #140 at 1-2 (Docket No. 287).

acknowledged that he "is not a putative member of the class of plaintiffs" in the proceeding before this MDL Court. Earl Objection at 3.

Notwithstanding that the Earl Action is not related to this proceeding, and notwithstanding that Mr. Earl's claims against Menu Foods and Kroger concern pet food manufactured prior to the period covered by the recall, Menu Foods voluntarily sought Mr. Earl's consent to entry of an order in the Earl Action by the Superior Court of Washington that mirrored this Court's December 2007 Preservation Order. Mr. Earl refused to consent, so Menu Foods filed a motion in the Earl Action. As Mr. Earl concedes, Menu Foods' motion was granted by the trial court in the Earl Action, and Mr. Earl's attempts to appeal that decision have been rejected at "every level of the Washington State courts." Rule 24(a)(2) Motion to Intervene by Donald R. Earl at 3 (Docket No. 287). Indeed, the Superior Court of Washington has awarded Menu Foods approximately $4,500 in attorneys' fees and expenses relating to Mr. Earl's continued, vexatious attempts to litigate that order, finding Mr. Earl's position "was not justified in any manner either factually or legally." Earl Action, Order on Attorneys Fees dated October 8, 2008 at 3. A Commissioner of the Washington Supreme Court addressing Mr. Earl's request for direct discretionary review of a Rule 60(b) motion to vacate the Washington trial court's product preservation order found as follows:

> To put the matter plainly, Mr. Earl's pleadings to this court are legally frivolous. They present nothing even minimally resembling a basis for review by the court. They also skate close to contempt in their intemperate accusations against opposing counsel. But because this is only the second time Mr. Earl has presented his case to this court, because he is a pro se litigant without much experience in the courts, and because he had the right to seek review under our rules, I am not inclined to impose sanctions at this time. But if Mr. Earl continues his campaign of frivolous filings that require the attention of opposing counsel and the court, the court will impose sanctions. Mr. Earl should rethink his misguided litigation strategy.

Earl v. Menu Foods, Supreme Court of the State of Washington, No. 82048-1, Ruling Denying Review dated November 7, 2008 (attached hereto as Exhibit A). Rather than rethink his "misguided" litigation strategy, he expanded it by making the same argument rejected at every level of the Washington State court system to this Court.

    D.    <u>Mr. Earl's Request to Intervene and Vacate.</u>

After his arguments had been rejected at least seven times and there was no further recourse available to him in the Washington Court of Appeals and Washington Supreme Court, Mr. Earl decided to return once again to this Court. In January 2009 – almost two months after entry of the Final Judgment in this Action and after Notices of Appeal were filed by two groups of Settlement Class Members – Mr. Earl sought to intervene in this proceeding and to vacate the December 2007 Preservation Order and the April 2008 Preservation Order. (Docket No. 287.)

Mr. Earl seeks intervention in this action as of right, under Rule 24(a)(2). The asserted basis of his motion is that he allegedly has a right under the laws of Washington State to obtain access to the courts and to obtain discovery for the Earl Action. He argues that those rights are not protected by any of the parties to this proceeding. The asserted basis of Mr. Earl's request to vacate this Court's December 2007 Preservation Order and its April 2008 Preservation Order is these Orders have prevented him from obtaining discovery of the Unorganized Inventory in the Earl Action.

The Court docketed Mr. Earl's purported "motions" to intervene and to vacate as letters. <u>See</u> Docket No. 287. Thus, Mr. Earl's January 2009 filing in this Court was not entered on the docket as a motion, and it was not entered on the motions calendar. Accordingly, Menu Foods was under no obligation to respond to Mr. Earl's January 2009 filing by any particular date, nor was it required to provide any response at all. Nevertheless, to provide this Court with some

context for Mr. Earl's January 2009 filing, and to correct the record with regard to a completely baseless accusation Mr. Earl made against Menu Foods' former counsel (an accusation Mr. Earl now acknowledges was false), Menu Foods filed a letter response on January 30, 2009. (Docket No. 296.) Menu Foods also respectfully requested the opportunity to provide a formal response to Mr. Earl's filings (and to seek sanctions) if the Court decided to treat them as motions. Without giving Menu Foods an opportunity to respond substantively to Mr. Earl's arguments, this Court issued an Order denying Mr. Earl's request to intervene and to vacate the December 2007 Order on February 10, 2009. (Docket No. 299.)

  E. <u>Mr. Earl's February 2009 Request for Reconsideration.</u>

By a further letter to this Court dated February 24, 2009 (Docket No. 303), Mr. Earl seeks reconsideration of this Court's February 10, 2009 Order. Mr. Earl's request for reconsideration is in the nature of another motion under Fed. R. Civ. P. 60, and Menu Foods is treating it as such.[5] Thus, although Mr. Earl also appears to have filed a notice of appeal to the United States Court of Appeal for the Third Circuit with regard to that same order,[6] Mr. Earl's notice of appeal is not effective while Mr. Earl is seeking relief under Rule 60 from this Court. See Fed. R. App. Proc. 4(a)(4)(B)(i) ("If a party filed a notice of qappeal after the court announces or enters judgment – but before it disposes of [a motion for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered] – the notice becomes effective to appeal a judgment or order … when the order disposing of the last such remaining motion is entered").

---

[5] See Fed. R. Civ. Proc. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for [reasons specified in Rule 60(b)(1)-(6)]").

[6] At the same time Mr. Earl sought reconsideration from this Court, he filed a notice of appeal with regard to the (i) February 10, 2009 Order denying his request to intervene and vacate, (ii) December 2008 Preservation Order, (iii) April 2008 Preservation Order, and (iv) Order rejecting the Earl Objection. (Docket No. 302).

Accordingly, Menu Foods hereby opposes Mr. Earl's request that this Court reconsider its order denying his motion to intervene and that this Court vacate its December 2007 Preservation Order and April 2008 Preservation Order.

**ARGUMENT**

I.   This Court Appropriately Denied Mr. Earl's Motion to Intervene.

   A.   A Non-Party Cannot Intervene After Final Judgment Has Been Entered and Appealed.

There is no basis for Mr. Earl to intervene in this action. As a preliminary matter, because Final Judgment has been entered in this Court and thereafter was appealed to the Third Circuit, this Court does not have jurisdiction to permit intervention. See SEC v. Investors Security Corp., 560 F.2d 561, 568 (3d Cir. 1977) (court is without jurisdiction to consider claims of non-parties who did not move to intervene until after a notice of appeal was filed).

   B.   There is No Basis for Mr. Earl to Intervene.

Even putting aside that this Court lacks jurisdiction to grant a motion to intervene at the very late state of this proceeding, Mr. Earl's motion to intervene in this action as of right under Rule 24(a)(2) is without merit. An applicant seeking intervention as of right must show that: (1) the motion was timely made; (2) he has a significant protectable interest relating to the property that is the subject matter of the litigation; (3) absent intervention, his interest will be impaired or impeded and the existing parties do not adequately represent his interests. Fed. R. Civ. P. 24(a)(2); Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3rd Cir. 2005). Mr. Earl bears the burden of establishing his right to intervene, and failure to satisfy any one of the criteria justifies denial of the application. Id. Mr. Earl fails to satisfy any of these criteria.

As a preliminary matter, Mr. Earl's motion to intervene is untimely. Among the considerations of timeliness are how far the proceedings have gone when the motion to intervene

is filed, the prejudice that delay would cause other parties, and the reason for the delay. Commonwealth v. Rizzo, 530 F.2d 501, 506 (3d Cir. 1976). Mr. Earl did not seek to intervene in this proceeding until approximately thirteen months <u>after</u> he first objected to this Court's December 2007 Preservation Order, approximately two months <u>after</u> entry of Final Judgment, and approximately one month <u>after</u> Settlement Class members appealed the Final Judgment to the Third Circuit.

To allow him to intervene after Final Judgment for the sole purpose of interfering with preservation orders in this action would cause Menu Foods extreme prejudice. See Rizzo, 530 F.2d at 506-07 (finding request for intervention approximately one year after the complaint was filed and five months after a decision on the order at issue untimely because "[t]o allow intervention at this stage of the case would result in serious prejudice to the rights of the plaintiffs and the [defendant] [after] all critical issues have been resolved and a final Order has been entered."). Menu Foods has acted in reliance on the Orders issued by this Court and by the Washington courts in the Earl Action. To vacate those Orders some 13 months after this Court entered the December 2007 Preservation Order would be extremely unjust to Menu Foods. Further prejudice will be suffered by other pet food manufacturers who acted in reliance on this Court's Orders and against whom Mr. Earl has no claim.

Moreover, Mr. Earl's motion is moot for the further reason that the Unorganized Inventory of which Mr. Earl seeks discovery has long since been destroyed. Accordingly, it would be futile to permit Mr. Earl to intervene solely to seek to vacate an Order that has been executed.

In addition, there can be no dispute that Mr. Earl does not have a significant interest in the subject matter of this litigation. Mr. Earl acknowledges, as he must, that his claims against

Menu Foods and Kroger do not relate to the pet food recall and recalled pet food products at issue in this litigation. As a result, there is no basis for him to intervene in this case related to the recall and recalled pet food. See Liberty Mutual Ins. Co., 419 F.3d at 220-21 ("Rule 24(a)(2) requires the intervenor to demonstrate an interest relating to the property or transaction which is the subject of the action") (citations omitted).

Further, Mr. Earl also has the ability to litigate his concerns and arguments related to preservation issues in the Earl Action in Washington State and, as discussed above, has done so extensively. The Superior Court of Washington in which the Earl Action is pending is the appropriate forum for Mr. Earl to make his arguments related to his request for discovery related to the Unorganized Inventory because it has the benefit of the record in the Earl Action. This record enables that court to address Mr. Earl's purported need for discovery of the Unorganized Inventory. For example, a Commissioner of the Supreme Court of Washington concluded that the Superior Court of Washington did not abuse its discretion in entering the preservation order in the Earl Action because, inter alia, both Menu Foods and Mr. Earl have samples of the pet food at issue in the Earl Action. See Earl v. Menu Foods, Supreme Court of the State of Washington, No. 82048-1, Ruling Denying Review dated November 7, 2008 at 2-3 n. 1 (attached as Exhibit A). Accordingly, Mr. Earl does not need to intervene in this action to protect his rights. See Liberty Mutual Ins. Co., 419 F.3d at 221 ("Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene") (citation omitted). Mr. Earl's arguments have been rejected at every level of the Washington State court system, and his dissatisfaction with these rulings is not a basis for permitting him to try those same arguments anew in a different forum.

Mr. Earl fails to address the untimely nature of his request and does not address that it is moot. The sole authority he cites with regard to Rule 24(2)(a), <u>Waller v. Financial Corp. of Am.</u>, 828 F.2d 579 (9th Cir. 1987), is clearly inapposite. Mr. Earl relies on, <u>Waller</u> for the proposition that "a non-party to a settlement has standing 'to object where it can demonstrate it will sustain some formal legal prejudice as a result of the settlement.'"[7]

Notably, Mr. Earl has not objected and is not attempting to object to the settlement in this proceeding, and does not claim that the settlement will cause him legal prejudice. In this regard, <u>Waller</u> is distinguishable. <u>Waller</u> involved a partial settlement between shareholders and a corporation related to the accuracy of its financial statements. 828 F.3d at 580. The corporation's accountant also had been sued by the shareholder plaintiffs in the same action as the corporation, but the accountant was not a party to the settlement. <u>Id.</u> To more easily effectuate the settlement, new cases were filed by the shareholder plaintiffs against the corporation only. <u>Id.</u> The accountant then sought to intervene in the new actions in order to object to the settlement. <u>Id.</u> at 581. The court permitted intervention because it found that the gravamen of the plaintiffs' claims related to the accuracy of its financial statements prepared by the accountant, and the accountant "has an obvious interest in defending such allegations." <u>Id.</u> at 582. However, the court denied the accountant standing to object to the settlement. Accordingly, this case provides no authority for Mr. Earl to intervene in this proceeding.

II. This Court Appropriately Denied Mr. Earl's Motion to Vacate

    A. Mr. Earl Lacks Standing to Vacate This Court's Orders

Mr. Earl's request to vacate two of this Court's Orders under Rule 60 must be denied because he cannot intervene in this proceeding for the reasons discussed above. As a non-party,

---

[7] Rule 24(a)(2) Motion to Intervene by Donald R. Earl at 4 (citing <u>Waller</u>, 828 F.3d at 583).

he does not have standing to vacate any Orders of this Court. See In Re Fine Paper Antitrust Litigation, 695 F.2d 494, 499 (3d Cir. 1982) (absent intervention nonparties are without standing to present claims to the court).

B. Mr. Earl Cannot Satisfy the Requirements of Rule 60.

Mr. Earl's effort to vacate this Court's December 2007 Preservation Order and April 2008 Preservation Order also must be denied because he cannot meet the requirements for relief under Rule 60. Rule 60(b) of the Federal Rules of Civil Procedure provides for relief only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discoverable evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed. R. Civ. P. 60(b) A Rule 60(b) motion must be made within a "reasonable time -- and for reasons (1), (2) and (3) no more than a year after entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c)(1).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981) (citation omitted). Relief under Rule 60(b) is available only where the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean, 562 F.2d at 913). "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). As explained by the Third Circuit, "Rule [60(b)] must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal...' It is

intended to be a means for accomplishing justice in extraordinary situations; and so confined, does not violate the principle of the finality of judgments." Kock v. Government of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987) (internal citations omitted).

Mr. Earl's Motions to Vacate orders based on mistake, new discovered evidence or fraud under Fed. R. Civ. P. 60(b)(1)-(3) "must be made … no more than a year after entry of the judgment or order or the date of the proceeding." Mr. Earl's request to vacate was filed in January 2009, more than one year after this Court issued the December 2007 Preservation Order. Although this request was filed within a year of the April 2008 Preservation Order that he also seeks to vacate, the April Order merely implements a portion of the December 2007 Preservation Order. Therefore, his request is untimely.

Because Mr. Earl's request under Rule 60 is untimely under Rule 60(b)(1)-(3), his only recourse is the "catch-all" provision of Rule 60(b)(6). However, even under Rule 60(b)(6), Mr. Earl's motion still must be timely. See Friedman v. Wilson Freight Forwarding Co., 320 F.2d 244, 246 (3d Cir. 1963) (finding that a motion made pursuant to subsections (4), (5), and (6) of Rule 60(b) was untimely when filed thirteen months after the judgment was entered). A motion brought under Rule 60(b)(6) must be made "within a reasonable time" after entry of the judgment from which relief is sought. Fed. R. Civ. P. 60(b)(6). The district court has discretion in determining, on a case by case basis, whether a Rule 60(b)(6) motion has been made within a "reasonable time". See Devon v. Vaughn, 1995 WL 295431, at *1-2 (finding that Rule 60(b)(6) motion filed by pro se petitioner six months after habeas corpus petition was denied was not filed within "reasonable time"). "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of]

prejudice [if any] to the other parties." See Dietsch v. United States, 2 F. Supp. 2d 627, 634 (D.N.J. 1998) (internal quotation marks omitted, alteration in original). However, courts in the Third Circuit have consistently held that "a motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." Gordon v. Monoson, 239 Fed. Appx. 710, 713 (3d Cir. 2007)(citing Ackerman v. United States, 340 U.S. 193 (1950)).

Here, the record is clear that Mr. Earl filed his Rule 60 motion more than one year after the December 2007 Preservation Order was entered by this Court. There can be no dispute that Mr. Earl was aware of this Court's December 2007 Preservation Order shortly after it was entered because Mr. Earl concedes as much,[8] and he filed his Objection to that Order in this proceeding in February 2008. In addition, Mr. Earl has not provided any explanation, let alone alleged any extraordinary circumstances, that would excuse a thirteen month delay in moving to vacate the December 2007 Preservation Order. Because the Unorganized Inventory was destroyed months ago, Mr. Earl's untimeliness also makes his request moot. Finally, assuming arguendo that Mr. Earl had standing to appeal any of this Court's Orders after entry of Final Judgment, Mr. Earl cannot use Rule 60 as a substitute for filing a timely appeal (which he did not do). See Kock, 811 F.2d at 246 (Rule 60(b)(6) is not a substitute for appeal).

Even if Mr. Earl's motion to vacate the December 2007 Order was filed within a "reasonable time" in accordance with Rule 60(b)(6), the Court must still deny the motion because Mr. Earl cannot demonstrate "extraordinary circumstances" justifying relief. Rule 60(b)(6) allows the court to remedy unforeseen injustices not addressed by the other subsections of Rule 60. Relief under the Rule is granted sparingly since vacating and granting relief from

orders or judgments impairs the judicial system's compelling need for finality in litigation. Rastelli Brothers, Inc. v. Netherlands Ins. Co., 68 F. Supp. 2d 451, 453 (D.N.J. 1999). As such, the Third Circuit has consistently held that Rule 60(b)(6) should only be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." See Budget Blinds, Inc. v. White, 2008 WL 2875349 (3d Cir. 2008); Stradely v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975); Rastelli, 68 F. Supp. 2d at 140.

In the instant case, Mr. Earl has not – and cannot – show the existence of extraordinary circumstances that would justify vacating the December 2007 Preservation Order because neither an extreme nor an unexpected hardship will result if this Court fails to offer extraordinary relief under Rule 60. Again, Mr. Earl was fully aware of this proceeding and this Court's December 2007 Preservation Order since January 30, 2008 when he filed his Objection in this Court. He has spent the past year litigating and relitigating preservation issues in the Earl Action. His litigation over product preservation issues in Washington State included a request under Washington's Rule 60(b) that that court vacate its own product preservation order, which was denied. See Exhibit A at 3. Mr. Earl sought direct discretionary review of this order in the Supreme Court of Washington, which was denied by a Commissioner who characterized Mr. Earl's pleading as "legally frivolous" and cautioned him against further vexatious litigation. Id. at 5. Even assuming Mr. Earl had some recourse to this Court (and he does not), his own decision to delay this filing does not create an "extraordinary circumstance" for purposes of Rule 60(b)(6). In fact, "extraordinary circumstances" rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices. See Coltec Indus. v. Hobgood, 280

---

[8] See "Rule 24(a)(3) Motion to Intervene by Donald R. Earl" at 3 (stating that he learned of this Court's December 2007 Preservation Order in mid-January 2008).

F.3d 262, 273 (3d Cir. 2002)("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions.").

III.  This Court Should Sanction Mr. Earl.

This Court possesses an inherent power to sanction contemptuous or obstructionist behavior. This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, 111 S. Ct. 2123, 2132 (1991) (quoting Link v. Wabash R. Co., 379 U.S. 626, 630-631 (1962)). "[A] court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices." Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994). "In addition, a court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses." Id. (citing SECO Nevada v. McMordi, 884 F.2d 476, 477 (9th Cir. 1989) (sanctioning a court reporter for "repeated and flagrant failures to meet court-imposed deadlines" that resulted in "severe prejudice to both the parties and the court")); Moten v. Bricklayers, Masons and Plasterers International Union of America, 543 F.2d 224 (D.C. Cir. 1976) (imposed fees and costs upon an association that unsuccessfully sought to become a party).

Mr. Earl's vexatious and frivolous litigation tactics should not be countenanced. His attempt to object to the December 2007 Preservation Order previously was rejected by this Court. He already has had fees imposed against him in the Earl Action related to his meritless arguments and groundless appeals on preservation issues. Having reached the end of the Washington State court system, he should not be permitted to cause Menu Foods to incur further legal fees and costs by seeking to intervene in this case post-Judgment and filing a motion to

vacate order that is woefully without merit. His arguments have been rejected at every level of the Washington Court system and he has been counseled against further frivolous filings. Accordingly, Menu Foods requests that Mr. Earl be ordered to pay its costs and fees associated with this filing.

## CONCLUSION

For the foregoing reasons, this Court should reject Mr. Earl's request for reconsideration of his requests to intervene and vacate the December 2007 Preservation Order and the April 2008 Preservation Order. Menu Foods further respectfully requests that this Court sanction Mr. Earl by requiring him to pay Menu Foods costs and fees associated with this filing. Finally, Menu Foods respectfully requests a hearing on this matter.

Respectfully submitted,

DATED: March 10, 2009

/s/ Mary E. Gately
Mary E. Gately
DLA PIPER U.S. LLP
500 8th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 799-4500
Telecopier: (202) 799-5000
Email: mary.gately@dlapiper.com

Liaison Counsel for Defendants
and Attorneys for the Menu Foods
Defendants

# CERTIFICATE OF SERVICE

I certify that on the 10th day of March, I cause the foregoing Response to Mr. Earl's Request For Reconsideration of this Court's Order Denying His Request to Intervene and Vacate Orders, and Request for Sanctions Against Mr. Earl to be electronically with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and that I further caused a copy to be served by Federal Express as follows:

Donald R. Earl
3090 Discovery Road
Port Townsend, WA  98368

                                              /s/ Gerard Hanson
                                              Gerard Hanson