UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MDL Docket No 1850 ( All Cases)

Case No. 07-2867 (NLH)

IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION

The Honorable Noel L. Hillman

RESPONSE TO DEFENDANTS
EXPEDITED MOTION FOR DAMAGES

---

I, William T. Anastasio, an attorney duly admitted to practice in the Federal Courts of the State of New Jersey, hereby affirm under penalty of perjury:

1. I am an attorney for the Plaintiff, Cynthia Dotoli,( hereafter referred to as "Plaintiff" or Dotoli. I am familiar with the pleadings and proceedings herein.

2. I enter herein the Memorandum of Ms. Nora Constance Marino, Esq. Attorney for Lois Slembecker entered upon the Court this March 23, 2009 as if presented herein.

3. Plaintiff, Dotoli is a sub class of victims of the Defendant Menu Foods tainted dog food class action suit who were unaware of any class action lawsuit.

4. Plaintiff became aware of the cause of her two companion dogs causes of death on March 16, 2007 when Menu Foods first announced the recall of products.

5. Within two years of the deaths of her two dogs, on February 11, 2009, and within the statute of limitations for such a cases, Plaintiff Dotoli filed a Complaint in the New Jersey Superior Court Law Division against Defendant.

6. Within a few days of the filing, and before serving Defendant with a Summons and Complaint, Plaintiff's attorney was contacted by Menu Foods attorney Ms. Cristen Sikes Rose, Esq. demanding a withdrawal of the Complaint based upon the argument entered herein by Defendants Counsel.

7. Plaintiff was served with an EXPEDITED MOTION changing the venue of my client's case and bringing it into the Federal Courts, where her claims will be barred by precedent unless her petition to the Court is heard.

8. There is no doubt that the Courts in their efforts to balance the equities between parties and in order to accommodate the real and valid concerns of public policy, have been entrusted with the authority to determine regulations which in the best view of Court allows a functioning of the process of Justice. However, every case, and every individual circumstance is unique, as every life is unique, and so the question arises where the line is drawn.

9. Despite the best efforts of the Courts and Defendant with its use of media to inform the public of the deadline for claims, Ms. Dotoli was unaware of any litigation concerning Defendant, nor was she aware that she had without her knowledge or permission been included in the litigation as a silent defendant, without Notice and an opportunity to be heard as guaranteed her under the Due Process Clause of the Constitution.

10. One can always argue that the notice could have been broader or more elaborate but the question is not where to draw the line but rather to decide, on a case by case basis where the equity lies, in order to reach a fair and equitable result for each persons whose property rights are affected.

11. It was the intention of the Settlement Order to benefit those individuals damaged by Defendants bad acts, both intentional and negligent.

12. Ms. Dotoli was among those who were clearly intended to be compensated for the loss of her dogs through the poisoning of their food by Defendant.

13. This identity as a member of a sub class of these Plaintiffs conveys with it a right to redress in the Courts for compensation from the Defendants for the harm she has been caused by their acts.

14. Although broad measures were implemented by Defendant to ascertain the identity of parties affected by Defendant no such measure could be so broad as to reasonably be calculated to provide actual Notice to all affected parties.

15. This flaw, although implemented as a matter of public policy to insure an orderly processing of such claims violates the rights of those individuals like Cynthia Dotoli, who without Notice have been stripped of their property with no notice, recourse or redress.

16. It is blessing instituted upon our legal system that a Court may intercede on behalf of an individual and provide an Equitable and Just result when deemed appropriate.

Based upon the above, Plaintiff, Cythia Dotoli, requests that the Court exercise its discretion and in the interest of justice and equity grant Defendant Cythia Dotoli inclusion in the distribution of the class settlement fund and deem her claim filed timely *nunc pro tunc* and to direct the settlement claims administrator to award her from the settlement fund an amount compensate with the loss of her two dogs as designated in the Approved Settlement Order.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 23, 2009

                                                  Signed Electronically

                                                  William T. Anastasio
                                                  Attorney at Law of New Jersey

# ORDER

This matter having been opened to the Court by Defendant Menu Foods, and having heard a Motion of Defendant and responses by attorneys for Plaintiffs Cynthia Dotoli and Lois Slembecker, and the Court having considered papers received, and having heard oral argument on April___, 2009;

IT IS on this ___ day of April, 2009;

**ORDERED** that Plaintiff Cynthia Dotoli be included in the distribution of the class settlement funds and deem her claim filed timely *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the settlement claims administrator award Cynthia Dotoli from the settlement funds of Case No. 07-2867 (MDL Docket No 1850) an amount to justly compensate her for the loss of her two dogs as designated in the Approved Settlement Order.

**IT IS FURTHER ORDERED**, that a copy of this Order be served upon all parties within _____ days of the date herein.

_____
Honorable Noel L. Hillman, U.S.D.J.

Sent via fax and mail to:

Ms. Mary E. Gately Esq.
Cristen Sikes Rose Esq.
DLAPEPR US LLP
Attorneys for the Defendants Menu Foods, Inc.
500 8th Street N.W.
Washington, DC 20004
Fax Number 202-799-5532


Mr. D. Jeffrey Ireland, Esq.
Laura A. Sanom Esq.
Brian D. Wright, Esq.
FARUKI, IRELANED and COX PLL
Attorneys for Defendants the Iams Company
500 Courthouse Plaza S.W.
10 Ludlow Street
Dayton, Ohio 45402


Ms. Nora Constance Marino, Esq.
175 East Shore Road
Great Neck, New York 11023
516-829-4699

CERTIFICATION OF SERVICE PURSUANT TO R. 1:5-3

I hereby Certify that the Response to Motion were sent via fax and regular mail

to :         Ms. Mary E. Gately Esq.
Cristen Sikes Rose Esq.
DLAPEPR US LLP
Attorneys for the Defendants Menu Foods, Inc.
500 8th Street N.W.
Washington, DC 20004
Fax Number 202-799-5532


Mr. D. Jeffrey Ireland, Esq.
Laura A. Sanom Esq.
Brian D. Wright, Esq.
FARUKI, IRELANED and COX PLL
Attorneys for Defendants the Iams Company
500 Courthouse Plaza S.W.
10 Ludlow Street
Dayton, Ohio 45402


Ms. Nora Constance Marino, Esq.
175 East Shore Road
Great Neck, New York 11023
516-829-4699


I certify that the foregoing statement made above are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by the Court.

                                    Electronic Signature
                                    William T Anastasio Esq.
                                    Attorney for Cynthia Dotoli