UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
----------------------------------------------X
IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION
----------------------------------------------X

MDL docket no. 1850
Case No.: 07-2867 (NLH)

The Hon. Noel L. Hillman

REPLY MEMORANDUM:

IN OPPOSITION TO DEFENDANTS'
MENU FOODS CORPORATION AND THE
IAMS COMPANY'S ORDER TO SHOW CAUSE WHY
COUNSEL AND HER CLIENT LOIS SLEMBECKER
SHOULD NOT BE HELD IN CONTEMPT,
FOR ATTORNEYS' FEE, AND TO ENJOIN PLAINTIFF
FROM PURSUING PENDING LITIGATION,

AND

IN SUPPORT OF CROSS-MOTION TO COMPEL DEFENDANTS
MENU FOODS AND THE IAMS COMPANY TO INCLUDE LOIS
SLEMBECKER IN THE DISTRIBUTION OF THE CLASS
SETTLEMENT FUND AND DEEM HER CLAIM FILED TIMELY NUNC PRO
TUNC AND TO GIVE HER $58,500.00 OF THE SETTLEMENT FUND DUE TO
THE CIRCUMSTANCES OF HER SITUATION WHICH WERE NOT
ADEQUATELY REPRESENTED IN THE CLASS

NORA CONSTANCE MARINO, an attorney duly admitted to practice in the Federal Courts of the State of New York, hereby affirms under penalty of perjury:

1. I am the attorney for the plaintiff Lois Slembecker (hereinafter, "plaintiff" or "Slembecker") herein, and as such, am fully familiar with all of the pleadings and proceedings heretofore had herein.

2. This affirmation is submitted in reply to defendants MENU FOODS CORPORATION AND THE IAMS COMPANY'S (hereinafter, "Menu", "Iams, or "defendants") reply memorandum in support of their motion to show cause and memorandum in opposition to plaintiff's cross motion to compel defendants Menu Foods

and The Iams Company to include Lois Slembecker in the distribution of the class settlement fund and deem her claim timely filed *nunc pro tunc*, and to direct the settlement claims administrator to award her $58,500.00 of the settlement fund due to the unusual circumstances of her situation, which were not adequately represented by the class.

3. The basis for defendants' argument is that plaintiff Slembecker's objections are untimely, as the Preliminary Approval Order established a deadline of September 12, 2008 for objections to the proposed settlement. *Def. Br., p. 2.*

4. Counsel continues stating that Ms. Slembecker did not seek relief under FRCP 60(b) from the Preliminary or Final Approval Orders or Final Judgment of Dismissal, "even though such a motion would have been timely", and continues, "the time to challenge this Court's Final Approval Order and Judgment passed a long time ago."

5. This is not true with respect to FRCP 60(b). FRCP 60 states that relief from a judgment or order can be requested for grounds that include "mistake, inadvertence, surprise, or excusable neglect." *FRCP 60(b)(1).* Subsection (c) states that such a motion must be made "within a reasonable time" but "no more than a year after the entry of the judgment or order or the date of the proceeding." Clearly, the time to challenge the final order has *not* passed "a long time ago", in fact, it has not passed at all, and plaintiff Slembecker reserves all rights to make such a motion if warranted.

6. Counsel continues, "in any event, [plaintiffs and their attorneys] fail to demonstrate why they should not be held in contempt..." and that "this court already found that the settlement was consistent with FRCP 23, that class notice was reasonable and adequate, and that the settlement class was represented adequately." *Def. Br. P. 2.*

7.  It is respectfully submitted to this Court that this is a constitutional challenge, not a flagrant disregard of the law. One of the rights afforded to every American Citizen is the right to challenge the constitutionality of our laws. It would fly in the fact of this country's core values to hold a citizen – or an attorney – in contempt for doing so. It would be disheartening at best, and disconcerting at worse, to punish an attorney who took an oath to uphold the constitutional of the United States and zealously represent her client, for doing just that. It would be equally disconcerting to punish a U.S. citizen for exerting her constitutional rights to assert her right to her day in court. Further, while this court's holdings may have been consistent with Rule 23, it is the constitutionality of Rule 23 that is at issue.

8.  It should also be noted that at no time does defense counsel dispute your affiant's arguments regarding the constitutionality of Rule 23 and its effect on due process. At no time does defendant state that class action litigation or Rule 23 is actually constitutional and does not violate the Due Process Clause of the Fourteenth Amendment. Thus, the fact that it does is undisputed.

9.  Defendant continues, plaintiffs' "requests should be denied because [plaintiffs] have not made any showing sufficient to justify their failure to meet this Court's deadlines..." *Def. Br. P. 4*. This is not true. Plaintiff has shown excusable neglect, as set forth in Rule 60. "Factors in determining whether good cause exists to set aside... judgment on grounds of mistake, inadvertence, surprise, or excusable neglect include whether default was willful, whether setting it aside would prejudice adversary, and whether meritorious defense is presented, as well as whether public interest was implicated, whether there was significant financial loss to [party], and whether defendant acted expeditiously to correct default." Jenkens & Gilchrist v. Groia & Co., *542 F.3d*

3

*114, C.A.5 (Tex.), 2008*, citing Fed.Rule Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

10. Here, obviously, the neglect was not willful. The claim is meritorious, and there was significant financial (and personal) loss to the plaintiff. Setting aside the judgment as it pertains to Lois Slembecker would not prejudice defendant, since there are hundreds of other plaintiffs who opted-out of the settlement and have pending lawsuits. Additionally, the facts of this case are at the very heart of public interest and constitutionality. Thus, all the criteria of Rule 60 are met.

11. Further, it would not prejudice defendants to grant the cross-motion by plaintiff deeming her claim form received timely *nunc pro tunc* and directing the claims administrator to award her $58,500. The settlement provides for a $24 million cash fund in addition to the approximately $8 million in payments already paid. There are more than enough funds to include plaintiff's claim. It is respectfully submitted, that to cast Lois Slembecker aside under these circumstances would be an extreme miscarriage of justice.

12. Defendant continues, that regarding Ms. Slembecker, "there is no basis for this Court to order the claims administrator to make a specific award to a settlement class member." *Def. Br. P. 4*. There is when this plaintiff was not adequately represented, when every other class member can expect an award of a few hundred dollars.

13. Defendant states "a disparity in damages between class member does not preclude a finding of typicality and adequacy of representation", and cites In re Orthopedic Bone Screw Prods. Liab. Litig., 176 FRD 158. *Def. Br. P. 11*. Defendant fails to quote the holding, however, which states, "Existence of individual issues such as the extent of each class members' damages does not preclude typicality requirement for certification of class action from being satisfied, **as those individual questions may be**

**resolved in separate proceeding.** Fed.Rules Civ.Proc.Rule 23(a)(3), 28 U.S.C.A."

[Emphasis added.] Obviously, the disparity is **not** ignored, if it calls for a separate proceeding.

14. Further, with respect to defendants' remark that Ms. Slembecker has made "unsupported assertions about her alleged entitlement to greater damages"(*Def. Br. P. 10*), she is willing and able to support and prove her claim with documentation. As was previously explained, due to strict time constraints, exhibits were not attached to this motion. Exhibits were also not attached to the original claim form because when I found out about the class settlement and obtained the form, time was of the essence since it was already late. I wanted my client's claim received, and we planned on submitting the supporting documentation under separate cover. All claims will obviously need to be proven, and will be. This is true whether the documents are submitted directly to the claims administrator, or whether this court determines that a separate hearing should be held.

15. Defendants' comment that "if Ms. Slembecker was dissatisfied with the relief made available through the Settlement, then she could have opted out…" is ridiculous. *Def. Br. P. 11*. The entire reason for these proceedings is because Ms. Slembecker did not know she had to opt out, and defendant is aware of this fact. Had Ms. Slembecker been aware, she would have opted out. Defendants' further comments that Ms. Slembecker and your affiant "do not dispute that the claims raised in their… lawsuit[] involve released claims against released entities" are equally ridiculous, as the constitutionality of that release is also at the crux of this litigation. Ms. Slembecker never released anyone.

5

16. While defendant states that "not surprisingly, Ms. Slembecker fails to cite any precedent holding Rule 23 unconstitutional", it does not dispute it, either. We must remember, there was a time when there was no precedent to cite stating that segregation was unconstitutional. That does not mean it was not. As pointed out in my initial papers, I am not the first lawyer, scholar, professor, judge, or United States Senator to comment on the disturbing constitutional ramifications of Rule 23.

17. Defendant states that plaintiff "characterizes the notice plan... as 'uncertain and random', but offers no basis or expert opinion..." *Def. Br. P. 6.* She then praises the efforts of defendants' "expert" in designing the plan.

18. With all due respect, the idea of asking an "expert" as to class action publication notice for their opinion on where to publish notice is no more credible than going to a fortune teller. How can one honestly claim to be an "expert" on knowing what periodicals thousands of strangers may read, and also to know when they will read them?

19. Your affiant affirms as an officer of the Court that she has had dogs and cats her entire life, and has never once read any of the pet magazines where notice was published. Further, she has never read any U.S. Veterinary Publications, and would assume only veterinarians would read those. Further, your affiant does not read Parade or People. Obviously, neither did Lois Slembecker, Cynthia Dotoli, William Anastasio, or Robert Josephs. In fact, it is respectfully submitted that there are likely thousands of people who did not read the published notice, and it could also be assumed that there are an additional thousands of people who did see the notices, but did not read them, or those who did read the notices, but did not understand that they had to "opt out" in order to be excluded. Logic dictates that in order to be a part of a group, one would have to

affirmatively join it – not affirmatively exclude oneself. This is another constitutional problem with the class action lawsuit and Rule 23.

20. It would be astonishing if there were not thousand of potential "class members" left out and cast aside of every class action that is certified under Rule 23, not just this one. It is just impossible to have adequate notice which complies with the due process requirements of the Fourteenth Amendment and the United States Constitution by way of random publication. And regardless of what counsel or its "expert" claims, it is random. The selected periodicals are random, and the days of publishing are random. There are literally thousands of periodicals published daily, weekly, monthly and yearly. There is no way to predict which ones any stranger may read. As such, there is no way to predict what periodicals class members read. Thus, it is inevitable that in any certified class, there will be those who fall through the cracks and are cast aside. Injustice in inevitable.

21. Defendant comments on plaintiff's citations of Mullane v. Central Hanover Bank & Trust, Co., *339 US 306*, and Eisen v. Carlisle & Jaccquelin, *417 US 156*, and states they are "misplaced". *Def. Br. P. 9 (footnote)*. Plaintiff was not referring to the holding of those cases; rather, plaintiff was referring to the reasoning in those cases, which is inconsistent with the holdings.

22. In Mullane, the reasoning states, "But when notice is a person's due, **process which is a mere gesture is not due process.** The means employed must be such as one desirous of actually informing the absentee.... The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself **reasonably certain** to inform those affected... [citations omitted]."

7

23. How can it be "reasonably certain" to assume that all dogs owners read Dog Fancy Magazine? That is a mere gesture – a guess even.

24. The Court in Mullane continues, "**It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts...**" [Emphasis added.] "**Chance alone** brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper... **the odds that the information will never reach him are large indeed...** [Emphasis added.] In weighing its sufficiency on the basis of equivalence with actual notice **we are unable to regard this as more than a feint.**"

25. So why did the Court in Mullane allow notice by publication, in light of its own reasoning? The holding is not consistent with the discussion.

26. Eisen supports Mullane. "The Court's discussion of the inadequacies of published notice bears attention." In citing Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), Eisen states, "The Court also noted that notice by publication had long been recognized as a poor substitute for actual notice and that its justification was 'difficult at best.' Id., at 213, 83 S.Ct., at 283." If it is "difficult, at best", your affiant respectfully submits, it is unconstitutional, at worst.

27. Defendant states "this court has the power to enforce its final approval order and judgment and enjoin the settlement class members... from prosecuting." *Def. Br. P. 12.* This Court also has the power to deny defendants' motion and allow plaintiff's litigation in the Southern District to stand. It also has the power to grant plaintiff's cross-motion and direct the settlement claims administrator to accept Ms. Slembecker's claim form as filed timely *nunc pro tunc*, and order a special hearing on

8

Ms. Slembecker's unusually high damages. It also has the power to make a bold decision regarding class action lawsuits, Rule 23, the Due Process Clause of the Fourteenth Amendment, and the Constitution of the United States of America.

28. Defendant states that "in order to obtain relief from the claims deadline, [plaintiffs] bear the burden of establishing that their failure to meet that deadline constituted excusable neglect... [Plaintiffs] have not met her [sic] burden." *Def. Br. P. 14.*

29. Ms. Slembecker has clearly met her burden. She has already demonstrated good faith and a reasonable basis for not acting within the specified period. [See Slembecker affidavit.] Jones v. Chemetron Corp., *212 F.3d 199*; Prudential Ins. Co. of A Sales Practices Litig., *17 FRD 237*.

30. Defendants' comment that Ms. Slembecker "fails to explain how these events [as set forth in her affidavit] precluded her from participating in a claims period that lasted almost six months...." is meaningless. *Def. Br. P. 15.* For one thing, six months is a blink of an eye in terms of both litigation and life in general. Secondly, defendant knows that Ms. Slembecker was unaware that she had to participate in a claims period at all, so this remark is pointless.

31. Finally, with respect to counsel's remark that your affiant "was able to gather the information about the settlement on the internet 'immediately' upon learning of the settlement and 'found the claim form online'", *(Def. Br. P. 4, footnote)* it should be noted that it was Ms. Rose, who called me after learning of plaintiff's action in the Southern District, who gave me the website address.

WHEREFORE, plaintiff Lois Slembecker and her attorney request an order denying defendants' Menu Foods Corporation and The Iams Company's order to show

cause why counsel and her client Lois Slembecker should not be held in contempt, for attorneys' fee, and to enjoin plaintiff from pursuing pending litigation, or, in the alternative, granting plaintiff's cross-motion to compel the claims administrator for defendants Menu Foods and the Iams Company to include Lois Slembecker in the distribution of the class settlement fund and deem her claim filed timely *nunc pro tunc* and to direct the settlement claims administrator to award her $58,500.00 of the settlement fund due to the circumstances of her situation which were not adequately represented by the class.

Dated: April 1, 2009

Nora Constance Marino
Attorney for Plaintiff Lois Slembecker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------X
IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION
-----------------------------------------------X

MDL docket no. 1850
Case No.: 07-2867 (NLH)

The Hon. Noel L. Hillman

## DECLARATION OF NORA CONSTANCE MARINO

1. I declare under penalty of perjury that the facts set forth in the foregoing affirmation are true to the best of my knowledge and also based on the information provided to me by my client.

April 1, 2009

Nora Constance Marino

## CERTIFICATE OF SERVICE

I, Nora Constance Marino, hereby certify that on the 23rd day of March, 2009, I caused to be served the within notice of cross motion, and affirmation in support of cross motion and in opposition to defendants proposed show cause order, and affidavit of Lois Slembecker, by filing same with the Honorable Noel L. Hillman's judicial assistant's email address, and also by way of email to the parties listed below. An mailing of a hard copy will also follow on all parties if they request; otherwise, hard-copies will be brought to the court at the April 3rd hearing.

April 1, 2009        Affirmed: _____

TO:  The Honorable Noel L. Hillman
     U.S. Courthouse
     4th and Cooper Streets
     Room 1050
     Camden, NJ   08101
     Lynda_powers@njd.uscourts.gov

     D. Jeffrey Ireland, Esq.
     FARUKI IRELAND & COX, PLL
     Attorney for Defendant Iams
     500 Courthouse Plaza, S.W.
     10 Ludlow Street
     Dayton, OH  45402
     djireland@ficlaw.com

     William T. Anastasio, Esq.
     Attorney for Plaintiff Dotoli
     141 Butler Parkway
     Summit, NJ  07901
     wtnanastasio@aol.com

     Mary E. Gately, Esq.
     DLA PIPER U.S. LLP
     Attorney for Defendant Menu
     500 8th Street, N.W.
     Washington, DC  20004
     mary.gately@dlapiper.com

11