

DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Mary E. Gately
mary.gately@dlapiper.com
T 202.799.4507
F 202.799.5507

June 18, 2009
*FILED VIA ECF*

The Honorable Noel L. Hillman
U.S. District Court, District of New Jersey
Mitchell H. Cohen U.S. Courthouse
Room 6020
One John F. Gerry Plaza
Camden, New Jersey 08101

Re: **In re: Pet Foods Products Liability Litigation, MDL No. 1850**

Dear Judge Hillman:

    As counsel for Menu Foods and Nestlé Purina PetCare Company ("Nestlé Purina"), we write to advise the Court of a development related to the Order to Show Cause this Court issued to Paul and Ava Paquette (D.E. 346), which was served on the Paquettes on June 9, 2009.

    As this Court is aware, that Order to Show Cause relates to a separate action initiated by the Paquettes in the United States District Court for the Central District of California captioned *Paul and Ava Paquette v. Nestlé, S.A., Nestlé Purina PetCare Company, Menu Foods Income Fund, Menu Foods Ltd., and Menu Foods Midwest Corporation*, Case No. CV09-1483 GHK (AJW) (C.D. Cal.) (the "Paquette Action").[1]/ This Court's Order to Show Cause found that "[i]t appear[s] that the Paquettes are in violation of this Court's November 17, 2008 [Final Approval Order] ... for refusing to discontinue the prosecution of [the Paquette Action] contrary to this Court's November 17, 2008 Order." The Paquettes' response to this Order to Show Cause is due no later than June 22, 2009.

    Since entry of this Court's Order to Show Cause, on June 11, 2009, the Paquettes further violated this Court's Orders by moving in the Central District of California for relief from this Court's Final Approval Order and Order to Show Cause. A copy of the Paquettes' Motion for Relief from Judgment and to Extend the Time to Opt Out of Settlement Class is attached. Therein, the Paquettes request the Central District of California to find that the Class notice program approved by this Court was inadequate, to find that this Court lacks personal jurisdiction over the Paquettes for purposes of enforcing its Final Approval Order, and to allow the Paquettes to opt-out late from the Settlement – all of which are issues that clearly lie within

---

[1] Nestlé Purina has been served with the Complaint in the *Paquette* Action, and to date Menu Foods has not yet been served in the *Paquette* Action.



the exclusive and continuing jurisdiction of *this Court*. The Paquettes' Motion is set for a hearing date of Monday, July 6, 2009, the same date Nestlé Purina's response in the *Paquette* Action is currently due.[2]/

In light of the July 6 hearing and deadline for Nestlé Purina to respond to the Paquette Complaint, as well as the July 4th holiday, Menu Foods and Nestlé Purina respectfully request that the Court decide the issues raised in their Motion for an Order to Show Cause against the Paquettes on an expedited basis. If it is convenient for the Court to decide these issues by July 1, this would provide sufficient time for the parties to make any necessary filings in the Central District of California on or before Monday, July 6. Further, Menu Foods and Nestlé Purina also respectfully request the right to respond to any response to the Order to Show Cause that the Paquettes file in this Court, including any request they make to this Court for relief, no later than June 26.

Thank you for your attention.

Respectfully submitted,

Mary E. Gately
Mary E. Gately
Counsel for Menu Foods and
Liaison Counsel for Defendants

Craig A. Hoover, MEG
Craig A. Hoover
Counsel for Nestlé Purina and
Liaison Counsel for Defendants

cc.: Paul Paquette (via e-mail)

---

[2] In addition to constituting a violation of this Court's Order, the Paquettes' Motion will cause Defendants to incur further, needless expense litigating in the Central District of California issues that are within the exclusive jurisdiction of this Court. The Paquettes' motion also causes a waste of judicial resources. Accordingly, Defendants reserve the right to recover the costs associated with enforcing this Court's Final Approval Order and the Final Judgment from the Paquettes.