ORIGINAL



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1850 (All Cases) <br> ) <br> ) Civil Action No. 07-2867 (NLH) <br> ) <br> ) Honorable Noel L. Hillman <br> ) <br> ) **NOTICE OF MOTION AND** <br> ) **MOTION TO DISMISS OSC FOR** <br> ) **LACK OF PERSONAL** <br> ) **JURISDICTION; MEMORANDUM** <br> ) **OF POINTS AND AUTHORITIES IN** <br> ) **SUPPORT THEREOF;** <br> ) **DECLARATION OF COUNSEL;** <br> ) **DECLARATION OF AVA M.** <br> ) **PAQUETTE; EXHIBITS;** <br> ) **[PROPOSED] ORDER THEREON** |

**[F.R.C.P. 12(b)(2)]**

DATE: To Be Set By Court
**TELEPHONIC HEARING**
**REQUESTED**
Courtroom: 3A

/ / /

/ / /

/ / /

-1-

Dockets.Justia.com

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that on a date to be set by the court, before the
Honorable District Court Judge Noel L. Hillman, moving parties, Paul and Ava
Paquette, will and hereby do move the Court for an order dismissing the pending
OSC against them for lack of personal jurisdiction.

This motion is made upon the following grounds:

1. Moving parties, Paul and Ava Paquette, are and were at all times
   relevant, readily identifiable class members whose identities were
   known to settling defendant, Nestle Purina, in this class action and, as
   such, were entitled to individual direct mail notice of the class action,
   its settlement and any opt out dates.

2. Moving parties did not receive individual direct mail notice of this
   class action, its settlement, or any opt out dates.

3. The notice provisions of the class action settlement fail to require
   individual direct mail notice to all class members whose identities
   could be readily ascertained by the settling parties and, as such, do
   not meet the best notice practicable requirements of F.R.C.P.
   23(c)(2).

4. Because moving parties did not receive adequate notice of the class action and have no other minimum contacts with the State of New Jersey, this Court lacks personal jurisdiction over them.

This motion is based upon the following memorandum of points and authorities, the declaration of counsel, declaration of Ava M. Paquette, the exhibits attached hereto and such other and further evidence as may be taken by the Court at the time of the hearing thereon.

Dated: June 18, 2009

Respectfully submitted,

By: _____

Paul N. Paquette, SBN 109798
2016 Canyon Road
Arcadia, California 91006
*paul.paquette@ladwp.com*
Tel: (213) 367-4591
Fax: (213) 241-1421

Attorneys for Moving Parties
PAUL PAQUETTE AND AVA
PAQUETTE

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 1

I. INTRODUCTION/STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 1

II. LEGAL DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    F.R.C.P. 23(c)(2) AND THE CONTROLLING
            SUPREME COURT AUTHORITIES REQUIRE
            INDIVIDUAL DIRECT MAIL NOTICE TO ALL
            PERSONS, SUCH AS MOVING PARTIES, WHOSE
            IDENTITIES ARE KNOWN TO, OR READILY
            ASCERTAINABLE BY, THE SETTLING PARTIES . . . . . . . . . . . 3

    B.    BECAUSE THE CLASS ACTION NOTICE
            PROVISIONS DID NOT REQUIRE DIRECT
            INDIVIDUAL MAIL NOTICE TO ALL CLASS
            MEMBERS WHOSE IDENTITIES WERE READILY
            ASCERTAINABLE, THE BEST NOTICE
            PRACTICABLE WAS NOT GIVEN AND, AS A
            RESULT, MOVING PARTIES ARE ENTITLED TO
            MOVE FOR RELIEF FROM THE JUDGMENT
            THEREIN AND TO SEEK LEAVE TO OPT OUT IN
            ANY COURT OF COMPETENT JURISDICTION . . . . . . . . . . . . 5

    C.    IRRESPECTIVE OF ANY DEFICIENCIES IN THE
            NOTICE PROVISIONS OF THIS ACTION, WHERE
            KNOWN ABSENT CLASS MEMBERS, THROUGH
            NO FAULT OF THEIR OWN, ARE NOT GIVEN
             DIRECT MAIL NOTICE, THEY ARE ENTITLED TO
            OPT OUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

/ / /

D.  BECAUSE MOVING PARTIES WERE NOT GIVEN
    REASONABLE NOTICE OF THE NEW JERSEY
    ACTION, THIS COURT IS WITHOUT PERSONAL
    JURISDICTION OVER THE MOVING PARTIES ............ 12

CONCLUSION ................................................. 14

# TABLE OF AUTHORITIES

**Page No.**

## Federal Cases

*Brown v. Ticor*
    982 F.2d 386 (9th Cir. 1992) .................................. 7, 8

*Carlough v. Amchem Products, Inc.*
    10 F.3d 189 (3rd Cir. 1993) ..................................... 13

*Eisen v. Carlisle*
    417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ........... 3, 4, 6, 14

*In re Gypsm Antitrust Cases*
    565 F.2d 1123 (9th Cir. 1977) .................................. 10

*In re Real Estate Title & Settlement Services Antitrust Litigation*
    869 F.2d 760 (3rd Cir. 1989) ................................... 13

*Mullane v. Central Hanover Bank & Trust Company*
    339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ................... 3, 8

*Phillips Petroleum Company v. Shutts*
    472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ............. 7, 12

*Schroeder v. City of New York*
    371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) .................... 3

*Silbur v. Mabon*
    18 F.3d 1449 (9th Cir. 1994) ........................ 9, 10, 11, 12, 14

*/ / /*

*/ / /*

*/ / /*

## Federal Rules of Civil Procedure

Rule 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule 6(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 10, 14
Rule 23(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 23(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7
Rule 23(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 9
Rule 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION/STATEMENT OF FACTS

Moving parties are the former owners of a pet dog who died of acute renal failure on March 6, 2009 shortly after ingesting toxic dog food marketed by defendant Purina under the trade name, Purina Mighty Dog. Shortly after the death of plaintiffs' pet, Nestle Purina and numerous other pet food manufacturers and suppliers initiated recalls of 60 million units of dog and cat food.

In March of 2007, moving parties lodged a claim with defendant Nestle Purina regarding the toxic dog food. On March 30, 2007, Nestle Purina acknowledged receipt of moving parties' claim, assigned moving parties a claim number, and forwarded moving parties' claims to its Claims Administrators at Sedgwick Claims Management Services. (See Nestle correspondence attached as Exhibit 1.)

On June 18, 2007, moving parties sent documentation of their claim to Sedgwick as they were instructed to by Nestle Purina. (See Exhibit 2 attached.) Unbeknownst to the moving parties, two days later, on June 20, 2007, the instant class action lawsuit was initiated by various plaintiffs. The class action settlement was approved by this Court on November 18, 2008.

/ / /

Three months later, on March 2, 2009, moving parties, still unaware of this action, filed an action against Nestle Purina in the United States District Court for the Central District of California seeking damages for the death of their pet dog. Several days later, on March 4, 2009, moving parties were contacted by the attorneys for the "Released Parties" in this action. Counsel advised moving parties of the pendency of this action, its settlement, and asserted that defendant Nestle Purina was a "Released Party" in the class action and that moving parties' action was barred by the judgment in the New Jersey class action. Counsel also provided plaintiffs with a copy of the notice provisions of the New Jersey action (see Exhibit 3 attached), and indicated that plaintiffs, although readily identifiable by Nestle, were not entitled to direct mail notice of the action and opt out dates.

Moving parties served the California action on defendant Nestle Purina on May 15, 2009, and on June 11, 2009 filed a motion in the California action seeking relief from the judgment in this action and for leave to opt out of the class late (see Exhibit 4 attached). That motion is currently pending.

/ / /

/ / /

/ / /

/ / /

## II. LEGAL DISCUSSION

**A.   F.R.C.P. 23(c)(2) AND THE CONTROLLING SUPREME COURT AUTHORITIES REQUIRE INDIVIDUAL DIRECT MAIL NOTICE TO ALL PERSONS, SUCH AS MOVING PARTIES, WHOSE IDENTITIES ARE KNOWN TO, OR READILY ASCERTAINABLE BY, THE SETTLING PARTIES.**

Rule 23(c)(2) provides in pertinent part:

> "In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort . . . ."

In *Eisen v. Carlisle,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) the Supreme Court provided firm guidance, stating that if identification of any number of members of the class can readily be made, individual notice to these members must be given. *Id.* at 175 (relying on *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) and *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Further, the *Eisen* court held that individual notice was not a discretionary

consideration to be waived in a particular case but rather, was an unambiguous requirement of Rule 23. *Id.* at 176. Thus, the view of both the Federal Rules and the Supreme Court is that "the most practicable notice" requirement of Rule 23 equals individual direct mail notice to all class members whose identities are readily ascertainable by the settling defendants.

As reflected in the attached exhibits, Nestle was one of the "settling parties" in the New Jersey class action. Before that action was filed and during and throughout its pendency, moving parties' identities were known to Nestle Purina. Moving parties had filed a claim with Nestle. Nestle had acknowledged receipt of that claim, had assigned moving parties a claim number, and had directed moving parties to their Claims Administrator, Sedgwick Claims Management. Moving parties also sent further documentation and written correspondence concerning their claim to Nestle. All of these documents reflected both of moving parties' names and their current address (which has not changed). Under such circumstances both F.R.C.P. 23 and the holding in *Eisen*, mandate that moving parties be given individual direct mail notice of this action and its relevant dates in order to comply with the due process provisions of the United States Constitution. That did not occur.

/ / /

**B.** **BECAUSE THE CLASS ACTION NOTICE PROVISIONS DID NOT REQUIRE DIRECT INDIVIDUAL MAIL NOTICE TO ALL CLASS MEMBERS WHOSE IDENTITIES WERE READILY ASCERTAINABLE, THE BEST NOTICE PRACTICABLE WAS NOT GIVEN AND, AS A RESULT, MOVING PARTIES ARE ENTITLED TO MOVE FOR RELIEF FROM THE JUDGMENT THEREIN AND TO SEEK LEAVE TO OPT OUT IN ANY COURT OF COMPETENT JURISDICTION.**

The notice requirements of this action provide as follows:

"Notice by Direct Mail: The Claims Administrator shall cause notice to be disseminated by direct mail to (1) all persons who were paid as part of a Historic payment program, (2) all persons who completed and returned a claim form to Crawford & Company and whose names and addresses are in a readily accessible database maintained by Crawford & Company, and (3) all persons who were the subject of the Court's Order to Show Cause dated August 28, 2007. Defendants and Crawford

& Company shall provide the Claims Administrator on a confidential basis the names and addresses of all such persons." (See Exhibit 3, p. 27 attached.)

Thus, contrary to Nestle's representations in its request for an OSC in this action that direct mail notice was only required for persons who had been paid as part of a "Historic Payment Program", the above notice provisions require direct mail notice to three different categories of "class members." However, neither the written notice provisions or Nestle's revisionist version satisfy the requirements of F.R.C.P. 23(c)(2) or the *Eisen* decision because neither require direct mail service to all readily identifiable class members known to the settling parties. Noteworthy is the fact that the notice provisions do not require individual notice to persons who had filed a claim with any of the settling parties, any other class members whose identities were known to Nestle Purina, or any of the other settling parties, nor any of the persons, such as moving parties, whose names were contained in the database of Nestle's Claims Administrator, Sedgwick Claims Management, with whom the moving parties dealt. By failing to require direct individual mail notice to each of these various categories of known but absent class members, the notice provisions clearly fall short of what is required by Rule 23 and the *Eisen* case.

/ / /

In this connection, the Ninth Circuit's decision in *Brown v. Ticor*, 982 F.2d 386 (9th Cir. 1992) is instructive. There, the plaintiff, a representative of Arizona and Wisconsin title insurance companies, brought lawsuits alleging antitrust violations against title insurers. The claims had previously been the subject of a class action brought pursuant to F.R.C.P. 23(b)(1) and 23(b)(2), which do not provide for the right to opt out. As a result, the district court dismissed the action, holding that the claims were barred by the class action settlement.

On appeal, the Ninth Circuit reversed, noting that because the class action was not simply an injunctive relief case but rather foreclosed future substantial damage claims, it arose under Rule 23(b)(3) where the right to opt out clearly existed. Accordingly, since the plaintiff was never given notice of the right to opt out, the best notice practicable was not given and therefore the plaintiff was not bound by the class action settlement.

The *Brown* court, quoting from *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 811, n. 3, 105 S.Ct. 2965, 2974 n.3, 86 L.Ed.2d 628 (1985), went on to note that minimal due process requires that an absent plaintiff be provided with an opportunity to remove himself from the class by opting out or requesting exclusion from the court if monetary claims are involved. Because Brown had no opportunity to opt out of the class action litigation, the court held there would be a

violation of minimal due process if Brown's damage claims were barred. *Brown* at 392.

Further, as noted in *Mullane, supra*, an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality, is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* at 314. The notice must be of such a nature as reasonably to convey the required information. Thus, where the names and addresses of those affected by a proceeding are at hand, due process requires that the defendants inform them personally of the action by at least ordinary mail to the record addresses. *Id.* at 318.

In this case, moving parties, as known absent class members, were also entitled to best notice practicable which all cases define as individual direct mail notice. Moving parties were not given such notice and thus are entitled to relief from the judgment and to opt out.

/ / /

/ / /

/ / /

/ / /

## C. IRRESPECTIVE OF ANY DEFICIENCIES IN THE NOTICE PROVISIONS OF THIS ACTION, WHERE KNOWN ABSENT CLASS MEMBERS, THROUGH NO FAULT OF THEIR OWN, ARE NOT GIVEN DIRECT MAIL NOTICE, THEY ARE ENTITLED TO OPT OUT.

As noted above, it appears fairly clear that the notice provisions of this class action do not require individual direct mail notice to at least some categories of class members whose identities were readily ascertainable by the settling parties. However, even if these provisions can somehow be construed to meet the requirements of best notice practicable under F.R.C.P. 23(c)(2), moving parties are nonetheless entitled to relief from the judgment and to opt out late where the moving parties have acted in good faith and are not responsible for the delay.

Directly on point is *Silbur v. Mabon*, 18 F.3d 1449 (9th Cir. 1994). There, the plaintiff Argyris was an absent class member in a Securities class action whose stock was held in a street name by Paine Webber, Inc., his broker. Because the notice provisions of the class action settlement required individual direct mail notice only to the brokers of persons whose stock was held in street names, Argyris himself did not receive notice that he would be bound by a class action

/ / /

settlement until after the opt out date had already passed. Neither the class representative, Silbur, nor the defendant, Micropolis Corporation, was to blame.

The plaintiff brought a motion in the district court to opt out on the basis he did not receive adequate notice. The district court denied the motion holding that actual notice was not necessary as long as the notice given was the best practicable under the circumstances. The district court also found that the plaintiff had failed to present sufficient additional grounds to opt out of the class or the settlement under F.R.C.P. 6, 23 or 60 and was bound by the judgment.

On appeal, the Ninth Circuit affirmed the district court's holding that the class action settlement notice provisions provided the best notice practicable, but reversed and remanded plaintiff's claims that the district court abused its discretion in denying plaintiff's request to opt out of the class, belatedly. In this connection, the *Silbur* court noted that the district court erred in concluding that plaintiff should have seen the published notice since the court cannot simply rely on notice by publication. The court went on to state that it cannot be said that a belated opt out is never allowed so long as the notice given was the best practicable (citing *In re Gypsm Antitrust Cases*, 565 F.2d 1123 (9th Cir. 1977). According to the court, if that were so, Rules 6(b)(2) and 60(b)(1) would be rendered meaningless. *Silbur* at 1455.

On remand, the Ninth Circuit directed the district court to consider whether there was excusable neglect or good cause for the belated request, such that Rules 6(b)(2) or 60(b)(1) are implicated. Further, the district court was directed to consider such things as whether the notice provisions of the settlement complied with the best practicable notice procedures, when notice was actually received, what caused the delay and whose responsibility was it, how quickly the belated opt out request was made once notice was received, how many class members want to opt out, and whether allowing a belated opt out would affect either the settlement or the finality of the judgment. *Id.* at 1455.

In this case, all factors militate in favor of granting moving parties relief from the judgment and allowing them to opt out late. It appears clear that defendants have not complied with the best notice practicable in the New Jersey settlement. Moving parties were not given individual notice of the New Jersey action and the notice provisions do not appear to require it. Moving parties did not actually learn of the New Jersey action until March 4, 2009 and have acted expeditiously since then. The delay was caused solely by the defendant, either because of inadequate notice provisions in the New Jersey action or by failure to provide moving parties with individual direct mail notice, assuming that was required under the notice provisions of the New Jersey action. Further, it was the

defendant's responsibility to ensure that individual direct mail notice was given to all class members, such as moving parties, whose identities were readily ascertainable. Finally, although it is unknown how many class members actually opted out, the number is probably small and it is not likely that allowing this action to proceed will exceed the anticipated percentage of opt outs such that the finality of the judgment would be threatened. See, *Silbur* at 1455.

## D. BECAUSE MOVING PARTIES WERE NOT GIVEN REASONABLE NOTICE OF THE NEW JERSEY ACTION, THIS COURT IS WITHOUT PERSONAL JURISDICTION OVER THE MOVING PARTIES.

In *Shutts, supra*, the Supreme Court held that a court may bind an absent plaintiff class member to a class action damages judgment, despite the absentee's lack of minimum contacts with the forum, without abrogating minimal due process protection. The rationale behind the rule is that the absentee plaintiff class member's due process rights would be satisfied if the plaintiff received reasonable notice, an opportunity to be heard, and, at a minimum, an opportunity to remove himself from the class by opting out. *Id.* at 812. Where however, such notice has not been given, the class member's due process rights are not satisfied and, absent

/ / /

minimum contacts with the forum state, the plaintiff is not subject to the jurisdiction thereof.

The Third Circuit addressed this very issue in *In re Real Estate Title & Settlement Services Antitrust Litigation*, 869 F.2d 760 (3rd Cir. 1989). There, plaintiffs who had not been provided with notice of the opportunity to opt out of class action litigation, commenced suit involving the same claims in another state. The settling parties in the class action sought to enjoin the plaintiff's action. The Third Circuit held that, because the plaintiff had not received reasonable notice of the right to opt out of the class action litigation and because he did not possess any other minimum contacts with the forum state, the court where the class action was pending was without jurisdiction over the plaintiff and was powerless to enjoin him. *Id.* at 769. (See also, *Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3rd Cir. 1993).)

In view of the foregoing, it is abundantly clear that moving parties were not given the required notice of the right to opt out of the New Jersey action and it is also clear that moving parties do not have the requisite minimum contacts with New Jersey. Accordingly, this Court is without jurisdiction to enjoin moving parties from pursing their action in the Central District of California. Indeed, the District Court in California has personal jurisdiction over all parties in the action.

Further, the California District Court is quite capable of determining whether moving parties were provided reasonable notice under F.R.C.P. 23, whether the notice provision of the New Jersey class action settlement meet the requirements of F.R.C.P. 23 and the *Eisen* decision, and whether the moving parties have acted in good faith such that they are entitled to relief from the judgment in accordance with the holding in *Silbur, supra.*

## CONCLUSION

Accordingly, moving parties submit that this Court is without personal jurisdiction over them and upon such grounds request dismissal of the pending OSC. Further, should this Court endeavor to exercise personal jurisdiction over moving parties, despite their objections thereto, then moving parties request that the Court enter an order granting moving parties' relief from the judgment in the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

class action and granting them leave to opt out late in accordance with the

authorities cited herein.

Dated: June 18, 2009

Respectfully submitted,

By: _____
Paul N. Paquette, SBN 109798
2016 Canyon Road
Arcadia, California 91006
*paul.paquette@ladwp.com*
Tel: (213) 367-4591
Fax: (213) 241-1421

Attorneys for Moving Parties
PAUL PAQUETTE AND AVA
PAQUETTE