UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:  PET FOOD PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1850 (All Cases)

Civil Action No. 07-2867 (NLH)

Judge Noel L. Hillman

**EXPEDITED MOTION OF
DEFENDANT
NESTLÉ PURINA PETCARE
COMPANY FOR A
SHOW CAUSE ORDER**

Pursuant to Fed. R. Civ. P. 7 and L. Civ. P. R. 7.1, Defendant Nestlé Purina

PetCare Company ("Nestlé Purina") moves this Court to enjoin Settlement Class Members

Yvonne and Ron McKim from pursuing their pending litigation in Washington state court

against Nestlé Purina because prosecution of that litigation violates this Court's Order Approving

Class Action Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and

Awarding Attorneys' Fees and Reimbursement Expenses ("Final Approval Order") entered on

November 17, 2008, and its Judgment Dismissing All Defendants With Prejudice ("Final

Judgment") entered on November 19, 2008.  Nestlé Purina also moves this Court to issue an

order to show cause requiring the McKims to show why they should not be held in contempt for

refusing to discontinue prosecuting Released Claims against Nestlé Purina in their Washington

state court action contrary to the Final Approval Order and Final Judgment.  Lead Counsel for

Plaintiffs in this MDL do not object to this Motion.

This Court should grant this Motion because the McKims are Settlement Class

Members who have not opted out of the Settlement Agreement, the claims in their action are

"Released Claims" as defined in paragraph 6 of the Final Approval Order, and Nestlé Purina is a "Released Entity" as defined in paragraph 8 of the Final Approval Order. Thus, pursuant to paragraph 9 of the Final Approval Order, the McKims are enjoined from prosecuting their pending litigation in Washington state court.

Nestlé Purina respectfully requests expedited consideration of this Motion and briefing on the Order to Show Cause, pursuant to this Court's authority under L. Civ. P. R. 7.1(d)(2) because the hearing/trial in the McKims' Washington state court action is set for July 21, 2009.

A Proposed Order is attached to this Motion.

Respectfully submitted,

/s Craig A. Hoover
Craig A. Hoover
Robert C. Troyer
Miranda L. Berge
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:    (202) 637-5600
Facsimile:    (202) 637-5910

Liaison Counsel for Defendants and Counsel
for Nestlé Purina PetCare Company

## I.      INTRODUCTION AND SUMMARY

Defendant Nestlé Purina PetCare Company ("Nestlé Purina") moves to enforce this Court's Order Approving Class Action Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and Awarding Attorneys' Fees and Reimbursement Expenses ("Final Approval Order") entered on November 17, 2008, and its Judgment Dismissing All Defendants With Prejudice ("Final Judgment") entered on November 19, 2008. Nestlé Purina requests that this Court enforce its injunction against Settlement Class Members Yvonne and Ron McKim, who continue to prosecute Released Claims in an action pending in Washington state small claims court (the "Washington Action") in violation of this Court's Final Approval Order and Final Judgment. Nestlé Purina also moves this Court to issue an order to show cause requiring the McKims to show why they should not be held in contempt for refusing to discontinue prosecution of Released Claims against Released Entities contrary to the Final Approval Order and Final Judgment.

As explained below, the McKims are Settlement Class Members who have not opted out of the Settlement Agreement, the claims asserted in the Washington Action are "Released Claims" as defined in paragraph 6 of the Final Approval Order, and Nestlé Purina is a "Released Entity" as defined in paragraph 8 of the Final Approval Order. Accordingly, pursuant to paragraph 9 of the Final Approval Order, the McKims are enjoined from prosecuting the Washington Action against Nestlé Purina. Despite being on notice of this Court's Final Approval Order, Mrs. McKim has indicated that she refuses to dismiss the Washington Action, and the hearing/trial in that action is set for July 21, 2009. The McKims therefore should be

required to show cause as to why they continue to violate this Court's Final Approval Order and

Final Judgment by prosecuting Released Claims in the Washington Action.

## II.  THE MCKIMS ARE IN VIOLATION OF THIS COURT'S FINAL APPROVAL ORDER

Pursuant to paragraph 9 of this Court's Final Approval Order and Final Judgment,

the McKims are enjoined from continuing to prosecute the Washington Action against Nestlé

Purina.

### A.  The Court's Final Approval Order

As defined in this Court's Final Approval Order, the Settlement Class consists of

"[a]ll persons and entities who purchased, used or obtained, or whose pets used or consumed

Recalled Pet Food Product(s), and excluding Defendants, Released Entities, and the Lum Class."

Final Approval Order at ¶ 1.

Recalled Pet Foods Product(s) is defined as:

> [A]ny pet food products and/or treat products or any ingredients
> thereof that were recalled by any Released Entity between
> March 16, 2007, and the present because of allegedly contaminated
> wheat gluten and/or rice protein concentrate, and purchased,
> obtained or used by, or made available to, or intended to be
> purchased or obtained by Class Members in the United States or
> Canada and are the subject of the Pet Food Recall Litigation.

Id. "Released Entities" are those persons or entities identified in paragraph 8 of the Final

Approval Order, including specifically Nestlé Purina. This Court ordered that each Settlement

Class Member:

> Be deemed to have fully released, waived, relinquished and
> discharged . . . all Released Claims that the Settlement Class
> members may have against the Released parties . . . that relate in
> any way, directly or indirectly, to facts, acts, events, transactions,
> occurrences, courses of conduct, representations, omissions,
> circumstances or other matters referenced in any claim raised

(including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation.

Id. at ¶¶ 5, 6 (emphasis added). The "Released Claims" are defined as:

> [A]ll claims, demands, actions, suits, and/or causes of action that have been brought or could have been brought, are currently pending or were pending, or are ever brought in the future, by any Settlement Class members . . . against any Defendant or Released Entity, in any forum in . . . the United States . . . whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that relate in any way, directly or indirectly, to facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised (including but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation.

Final Approval Order at ¶ 6.

The Final Approval Order states that all Settlement Class Members are permanently enjoined from "filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, or administrative or regulatory proceeding or order in any jurisdiction . . . ." Id. at ¶ 9. [1]/ This Court approved the Settlement on November 17, 2008, and it entered a Final Judgment dismissing all claims against the Released Entities, including Nestlé Purina, on November 19, 2008.

## B. The Washington Action

On or about January 26, 2009, the McKims filed the Washington Action against Nestlé Purina in the District Court of Clark County, Small Claims Department, State of

---

[1]/ In addition, the Final Approval Order recognizes that the Settlement Class Members have "agreed and covenanted not to sue . . . in any forum against any Released Entity . . . based upon or related to any Released Claim." Id. at ¶ 10.

Washington, Small Claim No. 30474. Declaration of Miranda L. Berge ("Berge Decl."), Exhibit 1 (McKim Complaint). In their Complaint, the McKims allege that their dog became ill after consuming Nestlé Purina brand dog food. Id. at. 1[ or is it ¶ 1?]. Mrs. McKim subsequently confirmed that the claims asserted in the Complaint are based on their dog's consumption of Mighty Dog brand dog food that was recalled in March 2007. See Berge Decl. ¶ 3.

Accordingly, the McKims are Settlement Class Members because they claim to have purchased and their pet to have consumed "Recalled Pet Food Products," see Final Approval Order at ¶ 1, and because they failed to opt out of the Settlement by the Court-ordered deadline. Final Approval Order, Exhibit A (identifying individuals who timely opted out). Further, because the claims they seek to prosecute relate to "Recalled Pet Food Products," they are "Released Claims."

### C.     The McKims' Continued Prosecution of the Washington Action

When Nestlé Purina became aware of the McKim Complaint, counsel for Nestlé Purina contacted Mrs. McKim to request that her Complaint be dismissed immediately pursuant to this Court's Final Approval Order. Berge Decl. ¶ 3. Mrs. McKim was informed of the release, injunction, and covenant not to sue in this Court's Final Approval Order. Id. Mrs. McKim responded that she would not voluntarily dismiss her Complaint. Id. 2/

---

2/      While the McKims previously submitted a claim to Nestlé Purina's Historic Payment program, as Mrs. McKim acknowledged, that claim did not result in a settlement under which the McKims received a payment from Nestlé Purina. See Berge Decl. ¶ 3. The Notice Plan provided that direct notice was to be provided to "persons who were paid as part of a Historic Payment Program" and other categories of people. See Preliminary Approval Order, ¶ 9(a). Because the McKims did not fall into any of these categories, they were not entitled to direct mailed notice under the Notice Plan. Regardless of whether the McKims received such notice, the Court should enforce the release and Final Approval Order against the McKims because it has already held on multiple occasions that the Notice Plan constituted the "best notice

On February 26, 2009, Nestlé Purina filed its Answer in the Washington Action. The Answer included a statement denying liability on the ground that the claims were released and barred by the Settlement and Final Approval Order and also attached a copy of the Final Approval Order. Berge Decl. Ex. 2. The McKims were served with a copy of that filing (including the Answer, the statement denying liability, and the Final Approval Order). Berge Decl. ¶ 5.

On May 8, 2009, Nestlé Purina sent a letter to the McKims, again requesting that they voluntarily dismiss their action and attaching a copy of the Final Approval Order. Berge Decl. Ex. 3. Nestlé Purina also provided the McKims with a copy of the Order Enjoining Settlement Class Members Slembecker and Dotoli [D.E. 338] that this Court issued to two individuals who, like the McKims, were attempting to prosecute Released Claims despite their failure to opt out of the Settlement. Id. Finally, Nestlé Purina advised the McKims that it would move this Court for a similar order against the McKims if they did not dismiss the Washington Action. Id.

To date, the McKims have not dismissed the Washington Action, or otherwise responded to Nestlé Purina's May 8, 2009 letter. Berge Decl. ¶ 6. The hearing/trial in the Washington Action is set for July 21, 2009. Id.

---

practicable" and complied with due process and found that the Settlement had received vast media and internet attention. See Final approval Order, p. 1; Opinion at pp.6, 28-29 [Doc. No. 271].

**III.**     **A SHOW CAUSE ORDER IS APPROPRIATE**

   **A.** **This Court has Jurisdiction Over the McKims for the Purposes of Enforcing its Final Approval Order and Final Judgment, and Interpreting the Settlement.**

This Court has jurisdiction over the subject matter of this litigation pursuant to

28 U.S.C. § 1332, and it has jurisdiction over all parties to it, including all Settlement Class

Members. Final Approval Order at ¶ A. In the Final Approval Order and Final Judgment, this

Court dismissed with prejudice all claims against Nestlé Purina, and it expressly retained

jurisdiction over the Settlement and all Settlement Class Members, including the McKims, "for

purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement

. . . and over enforcement of the Final Approval Order and [Final] Judgment, including but not

limited to the injunctions [prohibiting Settlement Class members from prosecuting Released

Claims against Released Entities]." Id. at ¶ 22.

   **B.** **This Court Has Authority to Enjoin Other Court Proceedings and to Hold the McKims in Contempt for Violating this Court's Orders**

This Court has the authority to enjoin another court's proceedings in aid of

enforcing a class action judgment. In re Prudential Ins. Co., No. 06-3186, 2007 U.S. App.

LEXIS 10268, at *162 (3d Cir. May 1, 2007); 28 U.S.C. § 1651 (authorizing federal courts to

"issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

the usages and principles of law"). Moreover, a civil contempt proceeding may be used to

enforce an order in a class action enjoining related litigation. In re Diet Drugs Prods. Liab.

Litig., MDL No. 1203, 2003 U.S. Dist. LEXIS 3032, at *9-11 (E.D. Pa. Jan. 29, 2003) (holding

party in contempt and enjoining related litigation that was in violation of settlement agreement);

Georgine v. Amchem Prods., No. 93-0215, 1994 U.S. Dist. LEXIS 15287, at *24-25 (E.D. Pa.

Oct. 21, 1994) (holding attorney in contempt and enjoining prosecution of related lawsuit in violation of settlement agreement). 3/

### C. This Court Should Expedite Consideration and Briefing of this Matter

This Court has the authority to expedite consideration and briefing of this matter. L. Civ. P. R. 7.1(d)(2) states, "[t]he brief and papers in opposition to a motion, specifying the motion day on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least 14 days prior to the original motion day, <u>unless the Court otherwise orders</u>, or an automatic extension is obtained pursuant to L. Civ. R. 7.1(d)(5)." (emphasis added). Pursuant to L. Civ. P. R. 7.1(d)(2), this Court may modify the briefing schedule by order. This Court should expedite consideration and briefing of this matter because the hearing/trial of the Washington Action is set for July 21, 2009. Litigation of the Released Claims, and over the enforcement of the Final Approval Order, properly belongs before this Court, and Nestlé Purina should not have to expend resources defending itself in the Washington Action. Therefore, Nestlé Purina moves this Court to issue an order requiring the McKims to show cause within 14 days of the date of the Order why they should not be held in contempt of this Court's Final Approval Order and Final Judgment.

---

3/     Nestlé Purina reserves the right to seek the costs associated with enforcing this Court's Final Approval Order and the Final Judgment from the McKims. <u>Wedgewood Vill. Pharm., Inc. v. United States</u>, 421 F.3d 263, 268 (3d Cir. 2005) (holding that proper penalties for civil contempt include "measures that may be appropriate to compel compliance with the underlying order and to compensate the opposing party for losses sustained as a result of the noncompliance").

## IV.     CONCLUSION

For all of the foregoing reasons, the Expedited Motion of Defendant Nestlé Purina for a Show Cause Order should be granted.

Respectfully submitted,


/s Craig A. Hoover
Craig A. Hoover
Robert C. Troyer
Miranda L. Berge
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Liaison Counsel for Defendants and
Counsel for Nestlé Purina PetCare
Company

## CERTIFICATE OF SERVICE

I certify that on the 26th day of June, 2009, I caused to be electronically filed the foregoing Expedited Motion of Defendant Nestlé Purina PetCare Company for a Show Cause Order with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have served such document via Federal Express upon the following:

Yvonne and Ron McKim
11121 NE 93rd Street
Vancouver, WA 98662

/s/ Stephen J. DeFeo