**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)(AMD)<br><br>**ORDER** |

   This matter having come before the Court on the expedited motion of defendants for a show cause order [343]; and

   Defendants requesting that settlement class members who have not opted out of the settlement agreement--Paul and Ava Paquette--be enjoined from pursuing their pending litigation in the U.S. District Court for the Central District of California, 09-1483, for the death of their dog due to tainted pet food sold by defendants, in violation of this Court's Final Approval Order and Final Judgment; and

   On June 8, 2009, the Court having ordered that Paul and Ava Paquette show cause within 14 days from the date of that Order why they should not be held in contempt for refusing to discontinue the prosecution of their pending litigation contrary to this Court's November 17, 2008 Order; and

   In response to the Court's Order, the Paquettes having filed

a "Motion to Dismiss OSC for Lack of Personal Jurisdiction"[1] [349]; and

The Paquettes arguing that they are not subject to this Court's jurisdiction, and are therefore not obligated to comply with the Court's Final Approval Order and Final Judgment and may maintain their action against defendants in the U.S. District Court for the Central District of California, because notice of the settlement was insufficient and violative of Fed. R. Civ. P. 23(c)(2) and Supreme Court precedent; and

The Paquettes representing that even though they lodged a claim with Nestle Purina in March 2007, and on March 30, 2007 they received an acknowledgment of their claim, were assigned a claim number, and forwarded their claim to the claims administrator, and on June 18, 2007 they sent documentation in support of their claim to the administrator, they were unaware of the June 20, 2007 filing of the multi-district litigation law suit here and the ultimate settlement on November 18, 2008; and

The Paquettes arguing that they should have received individual notice by mail about the lawsuit and settlement,

---

[1]The Paquettes have filed a similar challenge with the court in the Central District of California, contending that the California court should find that the notice provisions were inadequate, that this Court lacks personal jurisdiction over them, and that they should be permitted to opt-out of the settlement. (Pl. Ex. 4.) Hearing on that motion is scheduled for July 6, 2009. (Id.)

citing to Fed. R. Civ. P. 23(c)(2) ("In any class action . . . the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort . . . ."), and Eisen v. Carlisle, 417 U.S. 156, 175 (1974), which provides that if identification of any member of the class can be readily made, individual notice must be given; and

The Paquettes further arguing that because of the filing of their claim with Nestle Purina in March 2007, and the acknowledgment of their claim by Nestle Purina on March 30, 2007, they were identifiable through reasonable effort and therefore entitled to direct and individual notice by mail of the settlement and its claim requirements; and

The Paquettes further arguing that even if the notice is deemed adequate, they have good cause for a belated opt-out request, citing to Silbur v. Mabon, 18 F.3d 1449, 1455 (9th Cir. 1994), which affirmed the district court's notice provisions, but found that the district court abused its discretion when it did not consider whether the plaintiff's belated opt-out request was through excusable neglect or for good cause; and

The Paquettes representing that they did not learn of the settlement until March 4, 2009, and have been acting

3

expeditiously since that time; and

Defendants countering all of the Paquettes' arguments, contending that the Paquettes' arguments about the sufficiency of notice have been rejected by this Court on numerous occasions, and that the Paquettes have otherwise failed to show good cause for why they failed to opt-out by the August 15, 2008 deadline; and

The Court noting that in its September 18, 2008[2], November 18, 2008[3], and April 20, 2009[4] Orders, as well as on the record

---

[2]The September 18, 2008 Order specifically provides,

> Adequate notice was provided to Robert M. Josephs pursuant to this Court's May 30, 2008 Order Granting Preliminary Approval of Class Action Settlement, Approval of Proposed Form of Notice, and Preliminary Certification of Class.

(Order, Docket No. 233 at 1(2).)

[3]The November 18, 2008 Order specifically provides,

> Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order.  Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of New Jersey, Federal Rules of Civil Procedure, the United States Constitution, due process and other

4

at oral argument, the Court has repeatedly affirmed the notice procedures of the settlement to the settlement class and found that those notice procedures fully complied with Fed. R. Civ. P. 23(c)(2)(B) and due process principles; and

The Court further noting that it has commented on several occasions about the prolific publicity surrounding the case[5]; and

---

applicable law.

(Order, Docket No. 271 at 2.C.)

[4]The April 20, 2009 Order specifically provides,

> Valid, due and sufficient Notice of the Settlement that complied fully with the laws of the State of New Jersey, the Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law was provided to members of the Settlement Class.

(Order, Docket No. 338 at 3(11).)

[5]At the September 17, 2008 hearing, the Court stated, "This case received broad publicity both in print and broadcast media. There were national news reports about the preliminary settlement. For example, on October 15, 2008 (under the headline "Judge OKs $24 million for cats, dogs sickened by pet food"), the Los Angeles Times carried an article stating that pet owners had until November 24, 2008, to file claims. Anyone who engaged in a minimum amount . . . [or] a relatively easy amount of research would have found the information about this settlement." (September 17, 2008 Hrg. Tr. at 18:6-14.)

At the April 3, 2009 hearing, the Court stated, "If you googled Iams, you would have found the existence of this case. We put it up on the Court website. It was in every major newspaper. It was on the nightly news. You have to have had your head in the sand not to know about this case." (Apr. 3, 2009 Hrg. Tr. at 9-10.)

The Court finding that even though the Paquettes have properly pointed out that individual notice of a settlement is warranted in certain circumstances, and that it has been held that belated opt-out notices can be accepted in certain circumstances, the Paquettes have not demonstrated that those special circumstances exist here; and

Specifically, the Court finding that the Paquettes, who are both attorneys[6], were aware of their claims against defendants in March 2007 when they contacted Nestle Purina, and in June 18, 2007, when they attached to their correspondence with Nestle Purina's claims administrator a copy of a draft complaint against Nestle Purina, and indicated that they would "proceed to file the complaint the following week and arrange for service" if they did not hear back from Nestle Purnia (Paquette Ex. 2; Def. Ex. B); and

The Court further finding that the Paquettes did not file their complaint at that time, and appeared to have done nothing further to follow-up on their claim or inform themselves of the status of the pet food recall and ensuing litigation until March

---

[6]The Paquettes argue that their status as attorneys is irrelevant. The Court only notes that they are attorneys because they are not typical *pro se* litigants who have no or little knowledge of the legal system. If the Paquettes were represented by counsel other than themselves, this Court's Orders would be directed at that counsel as well.

6

2, 2009, when they filed their action in California federal court; and

The Court also finding that even though the Paquettes state in their certification that, "At no time prior to March 4, 2009, were either of the moving parties aware of this action," and the Court has no reason to challenge the veracity of that statement, they have not demonstrated that (1) the notice procedures were not reasonable simply because they were unaware of the action or settlement, (2) they were entitled to individual notice by mail because of their filing of claim with Nestle Purina[7], and (3) their failure to respond to the opt-out deadline was for good cause;

Therefore,

**IT IS HEREBY** on this 1st day of July, 2009

**ORDERED** that Paul and Ava Paquette's "Motion to Dismiss OSC for Lack of Personal Jurisdiction" [349] is **DENIED**; and it is further

---

[7] As defendants point out, direct notice by mail to every person who filed a claim with defendants prior to the formal settlement claim process would have been impracticable because thousands of those people were determined to be not part of the class, while the remainder of those people would constitute the members of the class. Thus, in practical effect, the Paquettes' argument for why they should have been provided individual notice, if accepted, would require individual notice to the majority of class members, which is not required by the federal rules or due process.

**ORDERED** that if Paul and Ava Paquette do not withdraw their complaint in the United States District Court for the Central District of California within 15 days, they will be held in contempt for refusing to discontinue the prosecution of their pending litigation contrary to this Court's November 17, 2008 Order; and it is further

**ORDERED** that defendants shall serve copies of this Order on Paul and Ava Paquette, and that such service shall constitute notice.

 s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey