

TRUJILLO
RODRIGUEZ &
RICHARDS, LLC
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

July 17, 2009

**VIA E-FILING AND HAND DELIVERY**

Honorable Noel L. Hillman
United States District Court for the
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, NJ 08101

**RE: *In re: Pet Food Prods. Liab. Litig.*,**
**Case No. 1:07-cv-02867-NLH-AMD**
**MDL Docket No. 1850**

IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION Doc. 356

Dear Judge Hillman:

Class Plaintiffs respond to the June 17, 2009 Order [347] ("Order")granting certain defendants' Motion for Issuance of Order to Show Cause for an Order Allowing for the Destruction of Recalled Wheat Gluten, Recalled Rice Protein Concentrate and Other Ingredients Allegedly Containing Melamine Being Stored by Defendants in the Possession of Such Ingredients" (Motion) [317].

Defendants have twice moved for the destruction of contaminated raw ingredients that were used in the production of the pet food that has been the subject of this lawsuit. [194, 317] Class Plaintiffs have both times opposed the destruction on numerous grounds, including the fact that they have not yet had any discovery and the pendency of the appeal of the final approval order. [231, 241, 332].

Dockets.Justia.com

Defendants have made certain representations in their Motion concerning the recalled ingredients, including that (i) the FDA has conducted independent and reliable sampling and testing of the ingredients; (ii) the FDA has deemed them a public health hazard and requested their destruction; and (iii) adequate samples of finished product have been retained. Defendants have also generally acknowledged that the raw ingredients that are the subject of the Court's order are contaminated. Based on these and other representations by the defendants, the Court has found that good cause has been shown "as to the need to destroy the stored ingredients for the safety and the welfare of the general public."

In light of defendants' representations and the findings in the Court's Order, Class Plaintiffs understand that the raw ingredients pose a significant public health hazard and do not insist on the retention of the ingredients. The public health hazard would not be eliminated by the Class Plaintiffs taking possession of the raw ingredients. In fact, Class Plaintiffs are less equipped than the defendants and the ingredients' current custodians to contain any risk.

Before submitting this response, and in coordination with certain defense counsel, counsel for Class Plaintiffs conducted limited due diligence by contacting FDA counsel to confirm that the FDA has conducted testing on the raw wheat gluten, considers the raw ingredients a public health risk and has requested that the recalled ingredients be destroyed. Counsel also confirmed that the risk would continue if anyone other than the defendants took custody of the ingredients. For all of these reasons, Class Plaintiffs will not object further to the destruction.

Class Plaintiffs take this position solely on their own behalf. Class Plaintiffs remain concerned, however, that proper notice be given to opt-outs from the settlement. Defendants' original proposed order provided that the Claims Administrator would serve a copy of the Order on all persons who opted out of the settlement [317-2]. Such notice was not covered by the Court's order and that based on conversations between defendants and Class Counsel, it appears that defendants have not undertaken such notice. It is not the obligation of Class Plaintiffs to provide opt-outs notice of the impending destruction and they have not done so. The notice should *not* be a Class expense.

Based on the above, the issue of cost-shifting appears moot. In the event the issue is raised again, Class Plaintiffs respectively suggest that it should then be fully briefed by the parties.

Respectfully submitted,

s/ Lisa J. Rodriguez

Lisa J. Rodriguez

cc: All Counsel (via e-filing)