UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)<br><br>**ORDER** |

This matter having come before the Court on the motion of non-party Donald R. Earl ("Earl") for reconsideration of the denial of his motions to intervene [287-2] and to vacate the product retention orders [287]; and

Earl having requested to intervene in this matter because he claims that he is a party-in-interest with regard to the "unorganized inventory" of pet food that is the subject of this Court's orders regarding retention and destruction of that "unorganized inventory"; and

Earl having also requesting the Court should vacate its product retention orders concerning the "unorganized inventory" because it would result in the destruction of evidence relevant to his case pending in Washington state court; and

On February 10, 2009, the Court having denied his requests because he did not demonstrate that he has an interest in the "unorganized inventory" requiring that this Court vacate its prior orders regarding that inventory; and

On February 26, 2009, Earl having filed a motion for

reconsideration of the Court's decision[1]; and

The Court noting that Rule 7.1(i) provides, in relevant part, "A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

Earl stating that he disagrees with the Court's Order

---

[1] The Court notes that Earl filed a letter in which he informed the Court that he was contemporaneously filing an appeal with the Third Circuit Court of Appeals, which he did on February 26, 2009. In this letter, he also asks for reconsideration of the Court's Order. Although originally docketed as a "letter," the Court now construes his letter to constitute a motion for reconsideration filed pursuant to Local Civil Rule 7.1.

denying his motion to intervene and vacate the product retention orders concerning the "unorganized inventory" because he argues that the seven applications regarding the "unorganized inventory" that were rejected in the state court where his underlying suit is pending is not a sufficient basis to deny his motions here; but

Earl not having filed his motion for reconsideration within ten days of the entry of the February 10, 2009 Order[2]; and

Earl not presenting to the Court any change in law or the discovery of any new evidence since the entry of the Court's Order; and

Earl also not demonstrating that the Court needs to correct a clear error of law or fact or to prevent manifest injustice[3]; and

The Court noting that mere disagreement with the Court will not suffice, <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999);

---

[2]Earl claims that he did not receive notice of the Court's Order, and only "by chance discovered the order." For that reason, the Court has also considered the substance of his request for reconsideration.

[3]The Court notes that Earl's motions were not simply denied because of the Washington state court's prior rulings, but they were also denied because he did not demonstrate that he has an interest in the "unorganized inventory" requiring that this Court vacate its prior orders regarding that inventory.

Accordingly,

**IT IS HEREBY ORDERED** on this 21st day of July 2009 that Donald Earl's motion for reconsideration [303] is **DENIED**.

                                                   s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.