UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE PET FOOD PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1850 (All Cases)

Case No. 07-2867 (NLH)

The Honorable Noel L. Hillman

**REPLY OF NESTLÉ PURINA TO RESPONSE
OF YVONNE AND RON MCKIM TO ORDER TO SHOW CAUSE**

Craig A. Hoover
Robert C. Troyer
Miranda L. Berge
**HOGAN & HARTSON LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5600
Facsimile:   (202) 637-5910

Liaison Counsel for Defendants and Counsel
for Nestlé Purina PetCare Company

**INTRODUCTION**

Settlement Class Members[1]/ Ron and Yvonne McKim should be enjoined from prosecuting Released Claims in Washington state small claims court (the "Washington Action") against Nestlé Purina PetCare Company ("Nestlé Purina"), in violation of the Final Approval Order and Final Judgment [D.E. 272 & 273]. The Court has already found that the McKims appear to be Settlement Class Members prosecuting Released Claims in violation of the Final Approval Order, and therefore it issued the Order to Show Cause [D.E. 355] on July 6, 2009 requiring the McKims to demonstrate within 14 days why they should not be held in contempt for refusing to discontinue prosecution of the Washington Action. In response to the Order to Show Cause, the McKims do not dispute that they are Settlement Class Members or that they are asserting Released Claims against a Released Entity in the Washington Action; rather, the McKims argue that they should not be bound by the Final Approval Order because they submitted a claim to Nestlé Purina as part of its Historic Payment Program and did not receive actual notice of the Settlement prior to the opt-out deadline. [D.E. 357.] That argument, however, is without merit and has already been considered – and rejected – by the Court.

Indeed, the Court has already rejected numerous challenges to class notice made by other Settlement Class Members who, like the McKims, sought to evade the Court's jurisdiction by prosecuting Released Claims in foreign jurisdictions on the ground that they had not received actual notice of the Settlement. In each case, the Court affirmed the adequacy of class notice and found that the extremely well-publicized Settlement and extensive Court-approved Notice Program accorded with due process requirements and Federal Rule 23. In addition, the Court recently has held that even if Settlement Class Members submitted claims as part of Historic

---

[1]/ All capitalized terms herein shall have the definitions provided in the Settlement Agreement unless otherwise indicated.

1

Payment Programs but did not receive individual mailed notice, the Final Approval Order still enjoined those Settlement Class Members from prosecuting Released Claims, as actual notice is not required to bind absent class members.

Accordingly, for these reasons, and as explained further below, the Court should enforce the Final Approval Order against the McKims and require them to dismiss their claims in the Washington Action. Further, because the hearing/trial in the Washington Action has been rescheduled for August 11, 2009 and now is only two weeks away, Nestlé Purina respectfully seeks an expedited ruling from the Court enjoining the McKims' further prosecution of that Action.

**ARGUMENT**

As detailed in Nestlé Purina's June 26, 2009 Motion for Order to Show Cause [D.E. 350], the McKims are Settlement Class Members who have not opted out of the Settlement Agreement, the claims asserted in the Washington Action are "Released Claims" as defined in paragraph 6 of the Final Approval Order, and Nestlé Purina is a "Released Entity" as defined in paragraph 8 of the Final Approval Order. In their July 16, 2009 response letter to the Court's July 6 Order to Show Cause, the McKims do not dispute any of these facts. Nor do they dispute that the Court may properly exercise its continuing jurisdiction by enforcing its Final Approval Order and Judgment and enjoining Settlement Class Members — like the McKims — from prosecuting Released Claims in other jurisdictions. Rather, the McKims seek to justify their failure to comply with the Final Approval Order on the ground that they did not receive actual notice of the Settlement prior to the opt-out date and had submitted a claim to Nestlé Purina's claims administrator as part of Nestlé Purina's Historic Payment Program. As such, the McKims persist

in refusing to dismiss the Washington Action, which is currently set for hearing/trial on August 11, 2009 (rescheduled from July 21).

On multiple occasions, however, the Court has rejected this very argument when made by similarly situated individuals who have sought to prosecute Released Claims filed in contravention of the Final Approval Order and Judgment. The Court first rejected an August 2008 challenge to notice by Robert M. Josephs, holding that because the Notice Plan provided pursuant to the Preliminary Approval Order was reasonable and adequate, Mr. Josephs was enjoined from proceeding against a Released Entity despite never having received actual notice. Order dated Sept. 18, 2008 [D.E. 233]. With regard to notice, the Court found that

> [a]nyone who engaged in a minimum amount, and not trying to be critical of you, Mr. Josephs, it seems that you are fighting hard for your case, and I'm not suggesting that you had actual knowledge, but is seems to me that a <u>relatively easy amount of research would have found information about this settlement</u> . . . And, under the circumstances feel that it's equitable for him to be in the same position as other class members whose time to opt out has expired and who had not received actual notice, but rather the notice to the world that was carefully thought out, proposed by the plaintiffs and defendants and previously approved by the Court.

Sept. 17, 2008 Hrg. Tr. at 18:3-14; 19:19-20:2. Likewise, the Court enjoined Lois Slembecker and Cynthia Dotoli, who both claimed they had not received notice, from prosecuting rival actions in the Southern District of New York and in New Jersey state court, respectively. These individuals had challenged the Court's Notice Program, but the Court held in no uncertain terms that the Notice Program satisfied due process and Federal Rule of Civil Procedure 23, and further that those plaintiffs would have received actual notice had they engaged in minimal research. <u>See</u> Apr. 3, 2009 Hrg. Tr. at 9-10 ("If you googled [co-Defendant/co-Released Entity] Iams, you would have found the existence of this case. We put it up on the Court website. It was in every major newspaper. It was on the nightly news. <u>You have to have had your head in the sand not to know about this case</u>.") (emphasis added).

3

Finally, under virtually identical circumstances, earlier this month the Court rejected a challenge to notice filed by Paul and Ava Paquette, who had attempted to prosecute Released Claims against Nestlé Purina in the Central District of California. Like the McKims, the Paquettes were Settlement Class Members who had originally contacted the legacy claims administrator for Nestlé Purina after their pet consumed a Recalled Pet Food Product, but who never received a payment under that claim. Thus, like the McKims, the Paquettes were not among those persons who received individual, mailed notice of the Settlement or Final Approval Order under the Court-approved Notice Program. As here, the Paquettes argued that the Court should not enforce the Final Approval Order against them because they never received individual, mailed notice (or, in the alternative, that they should be able to opt out of the Settlement late).

In rejecting the Paquettes' arguments, the Court found that, through numerous Orders and at oral argument, it had "repeatedly affirmed the notice procedures of the settlement to the settlement class and found that those notice procedures fully complied with Fed. R. Civ. P. 23(c)(2)(B) and due process principles." [D.E. 354 at 5.] Because notice was found to be adequate and because of the extensive publicity this case has received, the Court held that the Paquettes failed to demonstrate that they were entitled either to individual notice or to opt out late from the settlement class. Id. at 6. The Court concluded that the Paquettes could not demonstrate that "(1) the notice procedures were not reasonable simply because they were unaware of the action or settlement, (2) they were entitled to individual notice by mail because of their filing of a claim with Nestlé Purina, and (3) their failure to respond to the opt-out deadline was for good cause[.]" Id. at 7 (internal footnote omitted).

For precisely the same reasons, the McKims' Washington Action must be enjoined. First, the notice procedures were reasonable and adequate -- and thus the fact that the McKims claim

4

that they were unaware of the Settlement does not entitle them to prosecute claims that had been fully released and barred by the Settlement and Final Approval Order. Second, the McKims were not entitled to individual notice, even though they filed a claim with Nestlé Purina's claims administrator for its Historic Payment Program. Third, the McKims have failed to make a good cause showing for their failure to respond by the opt-out deadline. See Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000); In re Prudential Ins. Co. of Am. Sales Practices Litig., 177 F.R.D. 216, 237 (D.N.J. 2000) ("To establish excusable neglect, a movant must show both good faith and a reasonable basis for not acting within the specified period") (citation omitted). Accordingly, as in the Paquette action – as well as the matters involving Mr. Josephs, Ms. Slembecker, and Ms. Dotoli – the fact that the McKims did not receive actual notice of the Settlement does not relieve them of its finality, and thus they should be held to the same position as those Settlement Class Members (and all others) who missed the deadline to opt out.

## CONCLUSION

For the foregoing reasons, Nestlé Purina respectfully requests that the Court find that the McKims are prosecuting the claims in the Washington Action in violation of the Final Approval Order and Judgment, enforce its Final Approval Order against the McKims, and order that they dismiss the Washington Action or be held in contempt. Further, because the hearing/trial in the Washington Action is currently set for Tuesday, August 11, 2009, Nestlé Purina respectfully requests that the Court issue an expedited ruling enjoining the McKims' further prosecution of that Action.

Respectfully submitted,                                    Dated: July 29, 2009

/s Craig A. Hoover
Craig A. Hoover
Robert C. Troyer
Miranda L. Berge
**HOGAN & HARTSON LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910

Liaison Counsel for Defendants and
Counsel for Nestlé Purina PetCare
Company

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of July, I caused the foregoing to be filed electronically with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and to be served via Federal Express upon the following:

Yvonne and Ron McKim
11121 NE 93rd Street
Vancouver, WA 98662

s/Stephen J. DeFeo
Stephen J. DeFeo, Esquire
BROWN & CONNERY
360 Haddon Avenue
Westmont, NJ 08108
(856) 854-8900
