**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)(AMD)<br><br>**ORDER** |

   This matter having come before the Court on the expedited motion of defendants for a show cause order [350]; and

   Defendants requesting that settlement class members who have not opted out of the settlement agreement--Yvonne and Ron McKim--be enjoined from pursuing their pending litigation regarding the illness of their dog due to tainted pet food sold by defendant against Nestle Purina in the District Court of Clark County, Small Claims Department, State of Washington, in violation of this Court's Final Approval Order and Final Judgment; and

   On July 6, 2009, the Court having ordered that Yvonne and Ron McKim show cause within 14 days from the date of that Order why they should not be held in contempt for refusing to discontinue the prosecution of their pending litigation contrary to this Court's November 17, 2008 Order; and

   In response to the Court's Order, the McKims having filed a letter explaining why they believe they should be allowed to

proceed with their small claims matter [357]; and

The McKims arguing that they are not subject to this Court's jurisdiction, and are therefore not obligated to comply with the Court's Final Approval Order and Final Judgment, because they did not receive notice of the settlement until after the opt-out date; and

The McKims further representing that even though they lodged a claim with Nestle Purina in March 2007, and filed their claim to the claims administrator on June 29, 2007, they were unaware of the June 20, 2007 filing of the multi-district litigation law suit here and the ultimate settlement on November 18, 2008; and

It appearing that the McKims are arguing that they should have received individual notice by mail about the lawsuit and settlement, and because they did not, they are not bound by this Court's order; but

The Court noting that in its September 18, 2008[1], November

---

[1]The September 18, 2008 Order specifically provides,

> Adequate notice was provided to Robert M. Josephs pursuant to this Court's May 30, 2008 Order Granting Preliminary Approval of Class Action Settlement, Approval of Proposed Form of Notice, and Preliminary Certification of Class.

(Order, Docket No. 233 at 1(2).)

18, 2008[2], April 20, 2009[3], and July 1, 2009 Orders, as well as on the record at oral argument, the Court has repeatedly affirmed the notice procedures of the settlement to the settlement class and found that those notice procedures fully complied with Fed. R. Civ. P. 23(c)(2)(B) and due process principles; and

The Court further noting that it has commented on several

---

[2]The November 18, 2008 Order specifically provides,

> Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of New Jersey, Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law.

(Order, Docket No. 271 at 2.C.)

[3]The April 20, 2009 Order specifically provides,

> Valid, due and sufficient Notice of the Settlement that complied fully with the laws of the State of New Jersey, the Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law was provided to members of the Settlement Class.

(Order, Docket No. 338 at 3(11).)

occasions about the prolific publicity surrounding the case[4]; and

The Court finding that the McKims have not demonstrated that (1) the notice procedures were not reasonable simply because they were unaware of the action or settlement, (2) they were entitled to individual notice by mail because of their filing of claim with Nestle Purina, and (3) their failure to respond to the opt-out deadline was for good cause;

Therefore,

**IT IS HEREBY** on this 3rd day of August, 2009

**ORDERED** that if Yvonne and Ron McKim do not withdraw their complaint in the District Court of Clark County, Small Claims Department, State of Washington within 15 days, they will be held in contempt for refusing to discontinue the prosecution of their pending litigation contrary to this Court's November 17, 2008

---

[4]At the September 17, 2008 hearing, the Court stated, "This case received broad publicity both in print and broadcast media. There were national news reports about the preliminary settlement. For example, on October 15, 2008 (under the headline "Judge OKs $24 million for cats, dogs sickened by pet food"), the Los Angeles Times carried an article stating that pet owners had until November 24, 2008, to file claims. Anyone who engaged in a minimum amount . . . [or] a relatively easy amount of research would have found the information about this settlement." (September 17, 2008 Hrg. Tr. at 18:6-14.)

At the April 3, 2009 hearing, the Court stated, "If you googled Iams, you would have found the existence of this case. We put it up on the Court website. It was in every major newspaper. It was on the nightly news. You have to have had your head in the sand not to know about this case." (Apr. 3, 2009 Hrg. Tr. at 9-10.)

Order; and it is further

**ORDERED** that defendants shall serve copies of this Order on Yvonne and Ron McKim, and that such service shall constitute notice.

                                     s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey