UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:  PET FOOD PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1850 (All Cases)<br><br>Civil Action No. 07-2867 (NLH)<br><br>Judge Noel L. Hillman<br><br>**MOTION OF DEFENDANT THE IAMS COMPANY FOR A SHOW CAUSE ORDER** |

Pursuant to Fed. R. Civ. P. 7, Defendant The Iams Company ("Iams") moves this Court to enjoin Settlement Class Member John Lizotte from pursuing his pending litigation against Iams in violation of this Court's Order Approving Class Action Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and Awarding Attorneys' Fees and Reimbursement Expenses ("Final Approval Order") entered on November 17, 2008, and its Judgment Dismissing All Defendants With Prejudice ("Final Judgment") entered on November 19, 2008.  Iams also moves this Court to issue an order to show cause requiring Mr. Lizotte to show why he should not be held in contempt for refusing to discontinue prosecution of Released Claims against Iams in another court contrary to the Final Approval Order and Final Judgment.

This Court should grant this Motion because:  (1) Mr. Lizotte is a Settlement Class Member who has not opted out of the Settlement Agreement; and (2) the claims in his state court action are "Released Claims" as defined in paragraph 6 of the Final Approval Order.  Thus, pursuant to paragraphs 9 and 10 of the Final Approval Order, Mr. Lizotte is enjoined from prosecuting his pending litigation.

A Proposed Order is attached to this Motion.

Respectfully submitted,


s/ D. Jeffrey Ireland
D. Jeffrey Ireland (Ohio Bar No. 0010443)
*Admitted Pro Hac Vice*
Laura A. Sanom (New Jersey Bar No. 76943)
Brian D. Wright (Ohio Bar No. 0075359)
*Admitted Pro Hac Vice*
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3710
Telecopier: (937) 227-3717
Email: djireland@ficlaw.com

Liaison Counsel for Defendants and
Attorneys for Defendant
The Iams Company

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT
## THE IAMS COMPANY FOR A SHOW CAUSE ORDER

I.         <u>INTRODUCTION AND SUMMARY</u>

Defendant The Iams Company ("Iams") moves to enforce this Court's Order Approving Class Action Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and Awarding Attorneys' Fees and Reimbursement Expenses ("Final Approval Order") entered on November 17, 2008, and its Judgment Dismissing All Defendants With Prejudice ("Final Judgment") entered on November 19, 2008, by requesting that this Court enjoin Settlement Class Member John Lizotte ("Lizotte") from pursuing his pending litigation in other courts in violation of this Court's Final Approval Order and Final Judgment. Iams also moves this Court to issue an order to show cause requiring Mr. Lizotte to show why he should not be held in contempt for refusing to discontinue prosecution of Released Claims against Released Entities in lawsuits filed in other courts contrary to the Final Approval Order and Final Judgment.

As explained below, (1) Mr. Lizotte is a Settlement Class Member who has not opted out of the Settlement Agreement; and (2) the claims in his action are "Released Claims" as defined in paragraph 6 of the Final Approval Order. Pursuant to paragraphs 9 and 10 of the Final Approval Order, Mr. Lizotte is enjoined from prosecuting this pending litigation. Thus, Mr. Lizotte should be required to show cause for violating this Court's Final Approval Order and Final Judgment.

II.         <u>MR. LIZOTTE IS IN VIOLATION OF THIS COURT'S ORDER</u>

Pursuant to this Court's Final Approval Order and Final Judgment, Mr. Lizotte is enjoined from maintaining his lawsuit against Iams. As defined in this Court's Final Approval

Order, the Class consists of "[a]ll persons and entities who purchased, used or obtained, or whose pets used or consumed Recalled Pet Food Product(s), and excluding Defendants, Released Entities, and the Lum Class." Final Approval Order, ¶ 1.

> Recalled Pet Foods Product(s) is defined as:
>
> "[A]ny pet food product and/or treat products or any ingredient thereof that were recalled by any Released Entity between March 16, 2007, and the present because of allegedly contaminated wheat gluten and/or rice protein concentrate, and purchased, obtained or used by, or made available to, or intended to be purchased or obtained by Class Members in the United States or Canada, and are the subject of the Pet Food Recall Litigation." Id.

This Court ordered that each Settlement Class Member:

> "[B]e deemed to have fully released, waived, relinquished and discharged . . . all Released Claims that the Settlement Class members may have against the Released parties . . . that relate in any way, directly or indirectly, to facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised (including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation." Id. ¶¶ 5, 6 (emphasis added).

The "Released Claims" are defined as:

> "[A]ll claims, demands, actions, suits, and/or causes of action that have been brought or could have been brought, are currently pending or were pending, or are ever brought in the future, by any Settlement Class member . . . against any Defendant or Released Entity, in any forum in . . . the United States . . . whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that relate in any way, directly or indirectly, to facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised (including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation."

Id. ¶ 6.

The Final Approval Order states that all Settlement Class Members are permanently enjoined from "filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction. . . ." Id. ¶ 9. This Court approved the settlement on November 17, 2008, and entered a Final Judgment dismissing all claims against the Released Entities on November 19, 2008. Mr. Lizotte is on notice of the Settlement and this Court's Final Approval Order and Final Judgment.

On August 7, 2009, Mr. Lizotte filed an action against Iams in the Worcester Division District Court in Massachusetts, Case No. 0962CV. Declaration of Brian D. Wright ("Wright Decl."), ¶ 4 (Plaintiff's Complaint).[1] In the complaint, Mr. Lizotte alleges that his cats became ill as a result of consuming recalled pet food products. Complaint, ¶ 7. As his complaint demonstrates, Mr. Lizotte is a Settlement Class Member because his claims relate to the recall that Menu Foods initiated in March 2007. Complaint, ¶¶ 19, 22. Mr. Lizotte failed to opt out of the Settlement by the Court-ordered deadline. Final Approval Order, Exhibit 1 (identifying

---

[1] Mr. Lizotte's counsel, Christopher Uhl, contacted Iams in April 2008 about Mr. Lizotte's claims. Wright Decl., ¶ 5. At that time, counsel for Iams informed Mr. Uhl that this Court had stayed the class action litigation so that the parties could attempt mediation to resolve the dispute. Id. In addition, counsel for Iams informed Mr. Uhl that this Court ordered a status conference for May 2008. Id. Finally, counsel for Iams informed Mr. Uhl that he should contact counsel for Iams after the May 2008 status conference, if Mr. Lizotte wished to continue to pursue his claims directly against Iams. Id. While counsel for Iams had the conversation with counsel for Mr. Lizotte and Mr. Uhl had Iams' counsel's contact information, he failed to contact counsel for Iams and Iams heard nothing from Mr. Uhl until Iams received the August 2009 complaint. Id. At the same time, Mr. Uhl also contacted counsel for Menu Foods Income Fund ("Menu Foods") about Mr. Lizotte's claim for reimbursement. Declaration of Cristen Sikes Rose, ¶ 4. On April 18, 2008, Ms. Rose spoke to Mr. Uhl and told him that the New Jersey District Court had stayed the class action litigation so that the parties could attempt mediation to resolve the dispute. Id. ¶ 5. Like counsel for Iams, counsel for Menu Foods also told Mr. Uhl that the New Jersey District Court ordered a status conference for May 2008. Id. On July 14, 2009, Mr. Uhl contacted counsel for Menu Foods, acknowledged that he knew about the class action settlement, and asked about submitting claim in the settlement. Id. ¶ 6. Mr. Uhl was advised that the claims deadline had passed. Id. Despite being notified of this Court's Orders barring such suits, Mr. Uhl indicated that he would file a lawsuit (against Menu Foods). Id. Counsel for Menu Foods informed Mr. Uhl that filing any lawsuit would be a deliberate violation of this Court's Order, and Menu Foods would seek an order of contempt that sought the recovery of costs and attorneys' fees. Id.

3

individuals who timely opted out). Because the claims Mr. Lizotte seek to prosecute relate to Recalled Pet Food Products, they are Released Claims.

When served with a copy of the complaint filed by Mr. Lizotte against Iams, counsel for Iams contacted Mr. Uhl and requested that the complaint be dismissed immediately. Wright Decl., ¶ 6 (August 10, 2009 Letter to Mr. Uhl). Mr. Lizotte was informed that this Court has enjoined Settlement Class Members, like Mr. Lizotte, from "'filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as a class member or otherwise) or receiving any benefits from any lawsuit'" such as the one initiated by Mr. Lizotte. Id. Mr. Lizotte was provided with a copy of the Order Approving Class Action Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and Awarding Attorneys' Fees and Reimbursement Expenses entered on November 17, 2008. Id.

Not only was Mr. Lizotte informed that he was in violation of this Court's Order, but Mr. Lizotte was informed that this Court had already granted a motion like this one brought by P&G Pet Care and had enjoined Settlement Class Members, like Mr. Lizotte, from proceeding in similar actions in violation of the Court's Order. Id. Mr. Lizotte was provided with a copy of the Expedited Motion of Defendants Menu Foods Corporation and The Iams Company for a Show Cause Order and the Transcript from this Court's April 3, 2009 Hearing. Id. Despite being notified of this Court's Final Approval Order and Final Judgment (and this Court's enforcement of its Order on other Settlement Class Members), Mr. Lizotte has refused to dismiss his complaint.

III.     A SHOW CAUSE ORDER IS APPROPRIATE

     A.     This Court Has Jurisdiction Over Mr. Lizotte for the Purposes of
Enforcing Its Final Approval Order and Final Judgment, and for
Interpreting the Settlement Agreement

This Court has jurisdiction over the subject matter of this litigation pursuant to

28 U.S.C. § 1332, and it has jurisdiction over all parties to it, including all Settlement Class

Members. Final Approval Order, ¶ 22. In the Final Approval Order and Final Judgment, this

Court dismissed all claims against Iams, with prejudice, and expressly retained jurisdiction over

this action and all Settlement Class Members, including Mr. Lizotte, "for purposes of

supervising, administering, implementing, enforcing, and interpreting the Settlement . . . and

over enforcement of the Final Approval Order and [Final] Judgment, including but not limited to

the injunctions [prohibiting Settlement Class members from prosecuting Released Claims against

Released Entities]." Id.

     B.     This Court Has Authority to Enjoin Other Court Proceedings and to
Hold Mr. Lizotte in Contempt for Violating this Court's Orders

This Court has the authority to enjoin another court's proceedings in aid of

enforcing a class action judgment. In re Prudential Ins. Co., 232 Fed. Appx. 161, 162 (3d Cir.

2007); 28 U.S.C. § 1651 (authorizing federal courts to "issue all writs necessary or appropriate in

aid of their respective jurisdictions and agreeable to the usages and principles of law"). This

authority extends to "'actions in state court where necessary to prevent relitigation of an existing

federal judgment, notwithstanding the fact that the parties to the original action could invoke res

judicata in state courts against any subsequent suit brought on the same matters.'" In re Bolar

Pharm. Co., MDL No. 849, 1994 U.S. Dist. LEXIS 9236, at *15 (E.D. Pa. July 5, 1994) (quoting

In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.), 770 F.2d 328, 335

(2d Cir. 1985)). Moreover, a civil contempt proceeding may be used to enforce an order in a

class action enjoining related litigation. <u>Brown v. Am. Home Prods. Corp. (In re Diet Drugs</u> <u>(Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)</u>, MDL No. 1203, C.A. No. 99-20593, 2003 U.S. Dist. LEXIS 3032, at *9-11 (E.D. Pa. Jan. 29, 2003) (holding party in contempt and enjoining related litigation that was in violation of settlement agreement), <u>aff'd</u>, 85 Fed. Appx. 845 (3d Cir. 2004); <u>Georgine v. Amchem Prods.</u>, No. 93-0215, 1994 U.S. Dist. LEXIS 15287, at *24-25 (E.D. Pa. Oct. 21, 1994) (holding attorney in contempt and enjoining prosecution of related lawsuit in violation of settlement agreement).[2]

        C.     Mr. Lizotte Violated this Court's Final Approval Order and Final Judgment

Despite being notified of this Court's Final Approval Order and Final Judgment (and this Court's enforcement of its Order on other Settlement Class Members), Mr. Lizotte continues to prosecute Released Claims against Iams. In doing so, Mr. Lizotte has knowingly and intentionally violated the Final Approval Order and Final Judgment, and has flouted this Court's "exclusive and continuing jurisdiction over [the pet food recall litigation] and the Parties, including all Settlement Class members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement . . . and over enforcement of the Final Approval Order and Judgment." Final Approval Order, ¶ 22. Accordingly, Iams requests that this Court issue an order requiring Mr. Lizotte to show why he should not be held in contempt for refusing to discontinue the prosecution of Released Claims against Iams contrary to this Court's Final Approval Order and Final Judgment.

---

[2] Iams reserves the right to seek the costs associated with enforcing this Court's Final Approval Order and the Final Judgment from Mr. Lizotte, if he continues to violate the Court's Order. <u>Wedgewood Vill. Pharm., Inc. v. United States</u>, 421 F.3d 263, 268 (3d Cir. 2005) (holding that proper penalties for civil contempt include "measures that may be appropriate to compel compliance with the underlying order and to compensate the opposing party for losses sustained as a result of the noncompliance").

IV.     <u>CONCLUSION</u>

For all of the foregoing reasons, the Motion of Defendant The Iams Company for

a Show Cause Order should be granted.

Respectfully submitted,


<u>s/ D. Jeffrey Ireland</u>
D. Jeffrey Ireland (Ohio Bar No. 0010443)
*Admitted Pro Hac Vice*
Laura A. Sanom (New Jersey Bar No. 76943)
Brian D. Wright (Ohio Bar No. 0075359)
*Admitted Pro Hac Vice*
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3710
Telecopier: (937) 227-3717
Email: djireland@ficlaw.com

Liaison Counsel for Defendants and
Attorneys for Defendant
The Iams Company

## CERTIFICATE OF SERVICE

I certify that on the 26th day of August, 2009, I electronically filed the foregoing Motion of Defendant The Iams Company for a Show Cause Order with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have served such document via Federal Express upon the following:

Christopher M. Uhl, Esq.
UHLLAW, PC
5 State Street
Worcester, MA  01609

Counsel for John Lizotte

s/ Brian D. Wright
Brian D. Wright

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:  PET FOOD PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1850 (All Cases)

Civil Action No. 07-2867 (NLH)

Judge Noel L. Hillman

**[PROPOSED] ORDER**

It is ORDERED that John Lizotte show cause within 14 days from the date of this

Order why he should not be held in contempt for refusing to discontinue the prosecution of this

pending litigation contrary to this Court's November 17, 2008 Order Approving Class

Settlement, Certifying Settlement Class, Directing Entry of Final Judgment and Awarding

Attorneys' Fees and Reimbursement of Expenses.

It is FURTHER ORDERED that a copy of this ORDER shall be served on

Christopher Uhl, attorney for John Lizotte, and that such service shall constitute notice.

SO ORDERED:

Dated: _____

_____
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

**Error! Unknown document property name.Error! Unknown document property name.**